UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TASER INTERNATIONAL, INC.,   CASE No. 6:16-cv-366-Orl-40KRS

    Plaintiff,

vs.

PHAZZER ELECTRONICS, INC. and SANG
MIN INTERNATIONAL CO., LTD,

    Defendants.
_____/

**DEFENDANT PHAZZER ELECTRONICS INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS**

Defendant PHAZZER ELECTRONICS, INC. ("Phazzer"), by and through its undersigned counsel, hereby submits its initial Response in Opposition to the recent Motion proffered by the Plaintiff, TASER INTERNATIONAL, INC. ("Taser") [Doc. 174], which demands sanctions from Phazzer.

Taser's Motion for Sanctions in this case is an egregious overreach; indeed, much of what they demand is not merely unsupported by case law, it is against the established Rules of Civil Procedure. Most importantly, the terms of the Proposed Order are far in excess of what is supported in the Motion, allowed under the Federal Rules, or demanded in the Complaint. Such demands have no basis in law and only waste the time of the Court and of Phazzer's attorneys.

**FACTUAL BACKGROUND**

In Paragraph 3 of its Motion for Sanctions (Doc. 174), Taser states that Phazzer filed "unsuccessful trademark cancellation and patent reexamination[s]" with the USPTO. In truth, the trademark cancellation action was suspended

1

pending the outcome of this case; the USPTO has made no ruling on whether the trademark ought to be cancelled, and indeed directed the parties to inform the USPTO within twenty days of final determination of this matter to call up the cancellation for appropriate action. See Exhibit A. As for the reexaminations, the first reexamination resulted in modifications to the claims; a second reexamination was granted and is pending. That Taser still asserts infringement of its newly-modified claims does not make the reexamination unsuccessful; mere assertions do not establish infringement, while the file history of the patent in question clearly indicates that the claims were modified after issuance in response to newly-examined prior art raised in the first reexamination.

U.S. Patent No. 7,234,262 (the "'262 Patent") is currently under reexamination for all eighteen of its claims for substantial questions of patentability in light of three pieces of previously unconsidered prior art. Taser has minimized discussion of USPTO findings regarding patentability of the claims in suit. Phazzer has filed for a second reexamination due to USPTO failure to consider this prior art. Upon granting reexamination for all eighteen claims, Phazzer offered not to sell the allegedly infringing device or cartridges pending the outcome of the reexamination. Taser summarily rejected this offer. Phazzer, having directed its resources toward the reexamination, was ordered to depositions with little remaining of its legal funds.

Taser's intent has been to cause Phazzer to spend as much as possible on every aspect of this case. For example, while determining the claims at issue, Taser refused to stand by its earlier statements to another district court in a previous case despite judicial and collateral estoppel. Indeed, Taser dragged its heels in terms of naming parties and serving them in favor of pushing for more and more discovery, in spite of the fact that Phazzer has not even filed an Answer and in spite of the fact

that Taser was not diligent in serving Sang Min or, later, Double Dragon. Phazzer, all but exhausted of legal resources, offered to default in this matter, which Taser rejected in favor of continuing to push for more depositions and for sanctions.

### TASER'S MOTION DEMANDS INJUNCTIVE RELIEF IN EXCESS OF THAT DEMANDED IN ITS COMPLAINT WHICH CANNOT BE GRANTED UNDER THE FEDERAL RULES OF CIVIL PROCEDURE

It is black-letter law that a Plaintiff may not receive relief in excess of that demanded in its Complaint where judgment is granted by default. Fed. R. Civ. Pro. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). When a party against whom judgment is sought fails to plead or otherwise defend, the appropriate remedy is to seek default. Fed. R. Civ. Pro. 55(a). Indeed, even if this Court grants Taser's Motion for Sanctions due to the discovery violations alleged by Taser, the available remedies do not include the relief sought. Fed. R. Civ. Pro. 37(b)(2)(A)(i)-(iv). This Court may award a default judgment against Phazzer but does not have authority under these rules to award the sought declaratory relief or any injunctions in excess of those demanded under the Amended Complaint or under the sanctions available in Rule 37.

However, Taser's Proposed Order is far broader than even the harshest sanctions granting of default and the award of damages, costs, and fees enabled under Rule 37. The language of the Proposed Order is broader even that that contemplated in the Motion for Sanctions itself. Taser also includes in the Proposed Order language granting itself declaratory relief, injunctions against actions not contemplated by statute or demanded in the Amended Complaint, and against vaguely-defined nonparties in excess of those contemplated as being bound under the Federal Rules. Moreover, in doing so, Taser would have this Court deliver a

favorable ruling on the pending patent reexamination and trademark cancellation actions, in the absence of any Markman hearing or even Answer by Defendant. The unsupportable Proposed Order is vastly in excess of that relief which Taser can seek or, indeed, which it is even able to seek under the Federal Rules.

### TASER'S MOTION AND PROPOSED ORDER DEMAND INJUNCTIVE RELIEF IN EXCESS OF THAT ALLOWED BY STATUTE

In its Motion and Proposed Order (Doc. 174), Taser demands injunctive relief preventing Phazzer and other parties from making or causing to be made, using or causing to be used, offering for sale or causing to be offered for sale, selling or causing to be sold, importing or causing to be imported, or exporting or causing to be exported "the Phazzer Enforcer CAW, the Enforcer II CAW, and any other conducted electrical weapon ("CAW") or device not colorably different from the Enforcer CEW)". Such language appears to encompass any Enforcer CEW without regard to the presence of the dataport and recording features. Absent these features, a CEW cannot infringe on the '262 Patent. Phazzer has already offered to limit itself to selling Enforcer CEWs which do not have these features, but Taser has refused this offer. Unless the language of an Order clearly states that a CEW lacking these features is "colorably different" from the '262 Patent, the language would be overbroad and would prohibit sale of noninfringing goods.

Further, while the U.S. Code prohibits Phazzer from committing infringing acts under the U.S. patent act, which prohibits one without authority to "make, use, offer to sell, or sell" any patented invention, or to "import into" the United States, the Statute does not prohibit "exporting", or "causing" the listed actions from occurring. 35 U.S.C. § 271(a). The language given does not limit these actions to the jurisdiction of the United States or to the scope of the patent or the authorizing statutes. In the absence of limiting terms, this language could be read to prohibit

4

Phazzer and numerous other vaguely-defined parties from engaging in the CEW business in foreign countries where the device is not patented. The Order would thus prohibit Phazzer and other parties from conducting business that was not prohibited by statute, which would be an improper exercise of this Court's equitable power.

**AN ORDER MAY NOT BIND ALL NAMED NONPARTIES TO THE CASE**

As mentioned *supra*, Taser's proposed Order filed with its Motion for Sanctions is includes numerous vaguely-defined third parties. Item 2 in the Proposed Order would enjoin "Phazzer, its employees, officers, directors, agents, *licensees*, *assignees*, *successors*, *subsidiaries*, *affiliates*, *contractors*, *vendors*, *distributors*, and all other persons or entities acting in concert with them" from conducting various types of business with regard to CEWs. Doc. 174, Exhibit A, p. 2 (emphasis added). Item 4 contains similar language. Doc. 174, Exhibit A, p. 3. This language is overbroad because the Court cannot simply bind such a broad swath of nonparties to this case with an Order. Such nonparties would have no ability to defend themselves as they, by definition, are not parties to this case subject to notice and the opportunity to oppose such injunction. Injunctions may be issued *only* to those parties who have actual notice by personal service or otherwise. Fed. R. Civ. Pro. 65(d)(2). Even then, bound nonparties include only the parties' officers, agents, servants, employees, attorneys, and other persons in active concert or participation with such. *Id*. Taser gives no justification for the much broader language then authorized by the Federal Rules. Adding such language would be unsupportable under U.S. law.

This is not to say that nonparties may never be bound. "Broadly speaking, both [Rule 65] and the common-law doctrine contemplate two categories of nonparties potentially bound by an injunction." *ADT LLC v. Northstar Alarm*

5

*Servs., LLC*, p. 7 (11th Cir., 2017), citing *Nat'l Spiritual Assembly of Bahá'ís of the U.S. under the Hereditary Guardianship, Inc. v. Nat'l Spiritual Assembly of the Bahá'ís of the U.S.*, 628 F.3d 837, 848 (7th Cir. 2010). "The first category is comprised of parties that aid and abet the party bound by the injunction in carrying out prohibited acts." *ADT LLC v. Northstar Alarm Servs., LLC*, p. 7 (11th Cir., 2017), citing *F.T.C. v. Leshin*, 618 F.3d 1221, 1236 (11th Cir. 2010). "The second category, 'captured under the general rubric of "privity,"' includes 'nonparty successors in interest' and nonparties 'otherwise 'legally identified' with the enjoined party.'" *ADT LLC v. Northstar Alarm Servs., LLC*, p. 7 (11th Cir., 2017) (internal citations omitted).

However, Taser's much broader language here does not limit itself to issues of privity or of aiding and abetting. Rather, the language of Taser's Proposed Order is overbroad and could be read to include numerous nonparties to this case, including Sang Min and Double Dragon, in their own conduct separate from that of the actual party, Phazzer. Sang Min and Double Dragon are foreign entities, separate from Phazzer, neither of which have been served with an Amended Complaint. Sang Min was served with the original Complaint December 12, 2016 more than nine months after filing, and was never served with the Amended Complaint. Indeed, both Sang Min and Double Dragon were voluntarily dismissed from this action. Taser has ignored or otherwise delayed in its requirement to serve or otherwise notice Sang Min and Double Dragon, denying both the opportunity to defend themselves.

Granting an injunction potentially enforceable against Sang Min and Double Dragon would be particularly egregious as both are foreign entities which have not even been afforded the opportunity to determine whether this Court has jurisdiction to bind them in this matter – largely due to Taser's own failure to diligently attempt

6

service. Notably, counsel for Sang Min made a limited appearance to challenge service and jurisdiction, for which no ruling was made. To issue an order that may encompass Sang Min would invalidate the entire purpose of the special appearance, subjecting it to an Order in this case. The language of any proposed limiting Order must be narrowly crafted to avoid interpretation which prohibits foreign nonparties from engaging in permissible acts.

### THE USPTO IS BEST EQUIPPED TO DETERMINE THE VALIDITY OF THE PATENT AND TRADEMARK AT ISSUE

In its Motion and Proposed Order (Doc. 174), Taser demands declaratory judgment that U.S. Patent No. 7,234,262 (the "'262 Patent") and U.S. Trademark Registration No. 4,423,789 (the "'789 Registration") are valid and enforceable. These judgments are not in any of the prayer for relief in the original or amended Complaints (Docs. 1 and 95).

The trademark cancellation is currently suspended pending the outcome of this case, while the first reexamination ended in amendment of the '262 Patent and the second reexamination is underway for substantial questions of patentability (SQP) in light of newly-discovered and unexamined prior art. To grant declaratory judgment that both are valid and enforceable would put an end to these efforts, crippling efforts by any unrelated third parties to challenge the trademark or patent. This Court has not conducted a Markman hearing or otherwise considered the claims language, prior art, or file history of the patents; likewise, this Court has not heard argument or considered evidence as to the trademark. Phazzer has not even answered or filed counterclaims. Indeed, as Phazzer is defaulting in this matter, such relief would have no effect whatsoever on Phazzer. The Amended Complaint calls for relief in the form of "a declaration that the Phazzer Enforcer CEW is within the scope of the claims of the '262' Patent", "a permanent injunction prohibiting

7

infringement, including making, using, importing, offering for sale, and selling the Phazzer Enforcer CEW", and "a Permanent injunction prohibiting infringement, including making, using, importing offering for sale, and selling Phazzer cartridges that infringe on TASER's Trademark".  Under a default granting the relief sought in the Amended Complaint, a declaratory judgment of general validity and enforceability of the patent and trademark would have no additional effect on Phazzer, who would already be bound on infringers.  Such declaratory relief would only serve to prejudice third parties who may come into conflict with Taser in the future.  This would certainly be appropriate in a case where this Court had seen evidence and taken testimony sufficient to make such a judgment, but would be prejudicial and improper in the absence of such, particularly when the USPTO already has such evidence and, in the case of the patent, is in the process of reexamination.  Conversely, Taser would not be prejudiced by the lack of this declaratory relief, as patent claims are already presumed valid by statute. 35 U.S.C. § 282(a).

Historically, Federal Courts defer to the USPTO as to the technical issues of patent validity. *Lentek Intern., Inc. v. Sharper Image Corp.*, 169 F.Supp.2d 1360, 1363 (M.D. Fla., 2001) ("[I]n view of the complexity of the underlying issues, the Court and the parties are still better served by receiving the technical expertise provided by the PTO.") (granting stay of the case to allow reexamination).  See also *Cuozzo Speed Techs., LLC v. Lee*, 136 S. Ct. 2131, 195 L.Ed.2d 423, 119 U.S.P.Q.2d 1065 (2016) (acknowledging *Chevron* deference to the USPTO for reexamination rulemaking with regard to reexamination, 13 S.Ct. at 2144, and further acknowledging an "important congressional objective, namely, giving the Patent Office significant power to revisit and revise earlier patent grants", 136. S.Ct. at 2139-2140).  To grant declaratory relief in this case would usurp that deference,

particularly in the absence of a Markman hearing or even the filing of an Answer by Defendant.

## CONCLUSION

Taser's Motion for Sanctions and its accompanying Proposed Order are overbroad and improper, unsupportable by law, and burdened by terms which are favorable to Taser far beyond what is needed for effective relief. The Order represents a naked attempt by Taser to use the Court's judgment to its own advantage, rather than proper relief without any consideration for the proper limitation of powers.

**Wherefore**, Phazzer prays for the denial of Taser's Motion for Sanctions in its entirety, and for such other and further relief as this Court may deem just and proper.

Dated: July 10, 2017          Respectfully submitted,

WILLIAM B. PRINGLE III, P.A.

*/s/ William B. Pringle III*
William B. Pringle III, Esquire
Florida Bar No.: 0777986
Post Office Box 6340
Orlando, Florida 32802-6340
Email: wbp@pringlelaw.com
Telephone: (407) 843-3701
Facsimile: (407) 650-1800
*Attorneys for Defendant*
*Phazzer Electronic, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing on July 10, 2017 with the Clerk of the Court by using the Court's CM/ECF system, which will complete service to the following participants: Brian R. Gilchrist, Esquire, *bgilchrist@allendyer.com*, Ryan T. Santurri, Esquire, *rsanturri@allendyer.com*, Allen, Dyer, Doppelt & Gilchrist P.A., 255 South Orange Avenue, Suite 1401, Orlando, Florida 32801 and D. Lawrence Letham, Esquire, *Lletham@LethamLF.com*, Letham Law Firm LLC, 9588 E. Southern Avenue #51390, Mesa, AZ 85208.

*/s/ William B. Pringle III*
William B. Pringle II, Esquire