**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TASER INTERNATIONAL, INC.,**

   **Plaintiff,**

**v.**                     **Case No: 6:16-cv-366-Orl-40KRS**

**PHAZZER ELECTRONICS, INC.,**

   **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION: TASER'S MOTION TO DE-DESIGNATE CONFIDENTIAL DOCUMENTS OR ALTERNATIVE TO FILE PHAZZER DOCUMENTS UNDER SEAL (Doc. No. 166)**
>
> **FILED: June 23, 2017**

On June 23, 2017, Plaintiff Taser International, Inc. ("Taser"), asked the Court for leave to file certain documents in the public record even though Defendant Phazzer Electronics, Inc. ("Phazzer") had designated those documents as "Attorneys' Eyes Only" ("AEO") under the parties' confidentiality agreement. Doc. No. 166. In support of the motion, Taser argued that the documents had not been correctly designated as AEO and noted that it wished to use the documents to support is forthcoming motion for sanctions. *Id.* Alternatively, it sought leave to file the documents under seal. *Id.*

The day Taser filed its motion to de-designate, I entered an Order requiring Phazzer, in a timely filed response to Taser's motion, to identify the legal basis for the confidentiality designations and provide evidence, if necessary, and legal authority to support those designations. Doc. No.

170. I warned Phazzer that the parties' confidentiality agreement, standing alone, was insufficient to support the contention that the information at issue should not be filed in the public record. I also warned Phazzer that failure to timely respond to the motion or make the required showing might result in the motion being granted and the Court ordering counsel for Taser to file the documents previously designated as AEO in the public record. *Id.*

The time for responding to Taser's motion has passed, and, as of the writing of this Order, Phazzer has not submitted a response. Accordingly, I consider Taser's motion to be unopposed. In addition, because Phazzer has failed to establish that the documents referenced in Taser's motion were correctly identified as confidential/AEO, Taser's motion to file those documents in the public record is **GRANTED**. Its alternative request to file the documents under seal is **DENIED as moot**. It is **ORDERED** that, on or before July 13, 2017, Taser shall file the documents identified in its motion to de-designate in the public record.[1]

**DONE** and **ORDERED** in Orlando, Florida on July 11, 2017.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

---

[1] I note that Taser has expressed its intent to file those documents as Exhibit E to its motion for sanctions. *See* Doc. No. 174, at 4 n. 1. Counsel for Taser may consult with the Clerk of Court to determine how to add these documents as Exhibit E to the already filed motion.