## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

TASER INTERNATIONAL, INC.,

      *Plaintiff*,

v.

PHAZZER ELECTRONICS, INC.,

      *Defendant*.

CASE NO. 6:16-cv-00366-40KRS

_____/

## TASER'S MOTION FOR EXPEDITED CONSIDERATION OF MOTION FOR SANCTIONS IN LIGHT OF PHAZZER DUMPING INFRINGING PRODUCTS

Plaintiff TASER International, Inc. ("TASER") moves the Court for expedited consideration of the pending motion for sanctions (Doc. 174), including a permanent injunction, based on Defendant Phazzer Electronics, Inc. ("Phazzer") recent dumping of its infringing CEW product inventor on the market for free to TASER customers and potential customers, further damaging TASER.

As detailed in TASER's motion for sanctions, Phazzer has failed to appear at various Court-mandated hearings and depositions, while also engaged in bad faith discovery tactics to avoid the disclosure of critical documents as it sought to drag the case out[1]. Phazzer subsequently filed an "opposition" to the motion for sanctions. However, Phazzer's opposition did not attempt to justify its actions or even contend they did not warrant granting a default judgment against Phazzer. Instead, Phazzer focuses on the scope of the likely injunction and does not address TASER's entitlement to the relief sought. For example, Phazzer argues (incorrectly) that TASER

---

[1] Even now, Phazzer opposes the Court's expedited consideration of this motion, yet again looking to delay every phase of the case.

cannot prohibit exporting or causing infringement, when such actions are prohibited by at least 35 U.S.C. §§271(f), 271 (b-c), respectively.[2] While Phazzer improperly withheld documents related to Sang Min and Double Dragon throughout the case, it contends any injunction that precludes infringement by these entities would be "egregious."

Phazzer not only refused to provide documents evidencing its suppliers, distributors and others, but it falsely stated it did not have documents identifying specific entities and individuals involved in the design, manufacture and sale of the infringing products (and therefore subject to the proposed injunction, which is proper in scope). It is ironic that Phazzer sought to keep TASER in the dark about Double Dragon and Sang Min throughout the litigation, and now springs into action in an effort to ensure they can continue to sell the infringing products (likely on Phazzer's behalf) inside and outside the U.S. Even the limited information provided by Phazzer leaves no doubt these entities have aided and abetted the infringement of Phazzer,[3] and the proposed injunction, which prohibits Phazzer and those acting with or on behalf of Phazzer from infringing is appropriate, as even Phazzer must concede (Doc. 178, pp. 5-6).

Phazzer itself filed a declaration stating that it purchases the infringing products from Double Dragon. (Doc. 106-1.) Phazzer also represented to the Court that it submits purchase orders directly to Sang Min for the infringing products. (Doc. 104, p. 9.) TASER has submitted documents showing that Phazzer sought quotes to import the infringing units directly from Sang

---

[2] Phazzer incorrectly argues that this Court cannot issue judgment finding that the patent and trademark at issue to be valid and enforceable. To the contrary, a finding of infringement and injunctive relief cannot be issued based on invalid/unenforceable patents and trademarks. Presumably Phazzer is worried that a finding of this Court will impact related USPTO proceedings. The trademark cancellation action was stayed in favor of this action because this Court's judgment will resolve all disputes between the parties, including the separately-filed trademark action. This is the entirely proper.

[3] What little information was produced by Phazzer supports the conclusion that Phazzer and Double Dragon are the same or closely related entities.

Min (Doc. 174, Exhibit E, Phazzer 018728). [4] At least Double Dragon and Sang Min, in addition to any other employees, officers, directors, agents, licensees, assignees, successors, subsidiaries, affiliates, contractors, vendors, distributors, and all other persons or entities acting in concert with them should be precluded from infringing TASER's patent and trademark rights.

Recognizing that its days of selling the infringing products may be numbered, and with few options to further delay these proceedings, Phazzer is dumping the infringing CEWs and ammunition on the market. Phazzer's infringing sales and unfair competition damaged TASER, and dumping its infringing products continues to damage TASER and its sales opportunities. Under these circumstances, law enforcement agencies are presented the option of buying a TASER weapon for full price or receiving a Phazzer infringing device, despite its inferiority, for free.

TASER has attached a declaration of Sam Phillips, who personally spoke to customers who were offered the infringing Phazzer devices for free. (Exhibit 1.) TASER sales representatives have received reports of free Phazzer weapons and ammunition being offered to TASER customers and potential customers. For example, Phazzer has recently donated or offered to donate to multiple law enforcement agencies, as set forth in more detail in Mr. Phillips' declaration.[5] In light of Phazzer's continued efforts to damage TASER and its sales with infringing products, coupled with the failure of Phazzer to contest the entry of default judgment and a permanent injunction, TASER requests expedited consideration of its motion for sanctions.

---

[4] This document was filed at Docket Number 180 for inclusion with the motion for sanctions.

[5] See the provision of free Phazzers to police departments in Ohio (http://www.barnesville-enterprise.com/local%20news/2017/07/12/bethesda-pd-pays-it-forward) and Georgia (http://www.northwestgeorgianews.com/calhoun_times/cpd-receives-phazzer-donation/article_9e86f010-6180-11e7-a044-8bc7a6b30885.html).

## CERTIFICATION UNDER LOCAL RULE 3.01(g)

The undersigned contacted new counsel for Phazzer, William Pringle, who indicated he opposed the motion because Phazzer wants to ensure that the Court has sufficient time to consider its arguments in its opposition papers.

Respectfully submitted July 19, 2017.

/s/Ryan T. Santurri
Ryan T. Santurri, Florida Bar No. 015698
rsanturri@allendyer.com
Brian R. Gilchrist, Florida Bar No. 774065
bgilchrist@allendyer.com
Allen, Dyer, Doppelt & Gilchrist P.A.
255 South Orange Avenue, Suite 1401
Orlando, FL  32801
Telephone: (407) 841-2330
Facsimile: (407) 841-2343

D. Lawrence Letham, Esquire (pro hac vice)
Arizona Bar No. 024727
Letham Law Firm LLC
9588 E. Southern Avenue #51390
Mesa, AZ 85208
Telephone: (602) 904-5402
Facsimile: 480-905-2027
LLetham@LethamLF.com

Pamela B. Petersen, Esquire (pro hac vice)
Arizona Bar No. 011512
Axon Enterprise, Inc.
17800 N. 85th Street
Scottsdale, AZ 85255-9603
Telephone: (623) 326-6016
Facsimile: (480) 905-2027
ppetersen@axon.com
Secondary: legal@axon.com
Attorneys for TASER International, Inc.

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 19, 2017, I electronically filed the foregoing using the Management/Electronic Case Filing ("CM/ECF") system, which will send a Notice of Electronic Filing to the following CM/ECF participants:

William B. Pringle, III, Esq.
wbp@pringlelaw.com
William B. Pringle, III, P.A.
P.O. Box 6340
Orlando, FL 32802-6340
Telephone:  (407) 843-3701
Facsimile:  407-650-1800
Counsel for Phazzer Electronics, Inc.

| | |
|---|---|
| D. Lawrence Letham | Pamela B. Petersen |
| lletham@lethamlf.com | ppetersen@axon.com |
| Letham Law Firm LLC | Axon Enterprise, Inc. |
| 9588 E. Southern Avenue #51390 | 17800 N. 85th Street |
| Mesa, AZ 85208 | Scottsdale, AZ 85255-9603 |
| Telephone: (602) 904-5402 | Telephone: (623) 326-6016 |
| Facsimile: 480-905-2027 | Facsimile: (480) 905-2027 |
| Counsel for TASER International, Inc. | Counsel for TASER International, Inc. |

/s/Ryan T. Santurri
Ryan T. Santurri, FL Bar #0015698