**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**


TASER INTERNATIONAL, INC.,

      Plaintiff,

v.                                                                          Case No:  6:16-cv-366-Orl-40KRS

PHAZZER ELECTRONICS, INC.,

      Defendant.

                                         /

## <u>ORDER</u>

This cause comes before the Court on Plaintiff's, Taser International, Inc. ("Taser"), Motion for Sanctions. (Doc. 174). Defendant, Phazzer Electronics, Inc. ("Phazzer") responded in opposition to the motion. (Doc. 178). After consideration and review, the Court finds that sanctions are appropriate in this case and grants Plaintiff's Motion for Sanctions and for a Permanent Injunction.

## I.    BACKGROUND

Plaintiff Taser International, Inc. filed this action for patent and trademark infringement, false advertising, and unfair competition against Defendant Phazzer on March 2, 2016. (Doc. 1). Taser filed its Amended Complaint on February 13, 2017, asserting the same causes of action. (Doc. 95). Since the outset of this litigation, Phazzer has engaged in a pattern of bad faith conduct designed and intended to delay, stall, and increase the cost of this litigation. Defendant Phazzer has repeatedly disregarded the Orders of this Court, and no sanction short of entry of a default judgment in favor of Taser, along with an award of compensatory and treble damages, an award of reasonable attorneys' fees and costs, and injunctive relief is adequate to address these violations.

### A. Phazzer's Abusive Litigation Practices

On December 27, 2016, Taser filed a motion to compel the production of documents by Phazzer. (Doc. 72). Notwithstanding the execution of a confidentiality agreement, Phazzer refused to produce documents relevant to the design, manufacture, and sale of the allegedly infringing products. (*Id.*). Magistrate Judge Spaulding thereafter directed Phazzer to supplement its response to the motion to compel by "stating succinctly on a request-by-request basis whether it has possession, custody, or control over any documents responsive to each discovery request," and ordered Phazzer to submit a privilege log to support each privilege asserted. (Doc. 75). Taser filed a second motion to compel documents on February 20, 2017.[1] (Doc. 94). The Plaintiff asserted that the Defendant failed to produce documents reflecting sales of the allegedly infringing products, and produced a single page summary of sales along with heavily redacted invoices that made it impossible for Taser to identify customers. (*Id.*). Eight-days later, the Magistrate Judge entered an Order granting the motion to compel documents responsive to certain requests.[2] (Doc. 98).

On March 6, 2017, six-days after the Magistrate Judge entered the order granting the second motion to compel, Plaintiff filed its third motion to compel documents. (Doc. 99). Taser averred that "[a]lthough this case has been ongoing for nearly a year, TASER still has not received the most basic information regarding the details and relationships between Phazzer and its manufacturer/suppliers/distributors of the accused . . . [infringing] product." (*Id.*). Plaintiff did report, however, that Phazzer produced fifteen (15)

---

[1] The Amended Case Management and Scheduling Order established September 27, 2017, as the deadline for fact discovery. (Doc. 91, p. 3).
[2] An amended order was entered on February 20, 2017. (Doc. 112).

documents that identify a joint relationship between Phazzer, Double Dragon Development and Trading Corporation, and Sang Min. (*Id.*). The translated document was attached to the motion to compel and demonstrates a joint relationship contrary to Phazzer's prior representations about their relationship. (Doc. 99-1). Accordingly, Taser propounded requests for production designed to ascertain the extent of the relationship between Phazzer and the nonparties. (Doc. 99, pp. 3-4). The requests were served January 19, 2017, and Phazzer did not object nor did they respond to the discovery requests. (*Id.* at p. 4). The Magistrate Judge granted Plaintiff's Third Motion to Compel. (Doc. 120). This time the Court Ordered Phazzer's counsel and corporate representative to verify the discovery response. (*Id.* at pp. 2-3).

On May 19, 2017, Taser requested a discovery conference before the Court to resolve disputes as to deposition scheduling. (Doc. 135). The Plaintiff represented to the Court that "[e]very one of the handful of critical witnesses associated with Phazzer, a small, closely-held company, are represented to be on vacation, out of the country, in surgery, or convalescing." (*Id.* at p. 1). As of the filing of the motion for a discovery conference, Taser had been attempting to schedule depositions for five (5) months. (*Id.*). A discovery conference was set for May 26, 2017. (Docs. 136, 137). The Court instructed the parties to confer in advance of the discovery conference to agree upon the identity and availability of potential deponents. (Doc. 137). On June 15, 2017, the Magistrate Judge entered an Order setting dates for the deposition of Phazzer's Rule 30(b)(6) representative, and the depositions of five fact witnesses. (Doc. 152). The Court further ordered the parties and their counsel to attend the Technology Tutorial scheduled before the undersigned on June 19, 2017. (*Id.* at p. 2). The parties were cautioned that failure to

comply with that Order may result in the imposition of sanctions, including entry of default judgement against the Defendant. (*Id.*). The day the Court entered that Order, counsel for Phazzer moved to withdraw, (Doc. 153), and the Court denied the motion. (Doc. 155).

On June 19, 2017, the undersigned presided over the technology tutorial and observed that the corporate representative for Phazzer was not in attendance, in clear violation of Magistrate Judge Spaulding's Order. (Doc. 158). On June 21, 2017, counsel for Taser reported to the Court that Defendant Phazzer Electronics, Inc.'s corporate representative failed to appear at the scheduled deposition. (Doc. 161). Likewise, neither Mr. Brandon Womack nor Jason Abboud, a licensed attorney, appeared for their scheduled depositions. (*Id.*). On June 22, 2017, Magistrate Judge Spaulding scheduled a hearing to address the Renewed Motion to Withdraw as Counsel filed by Phazzer's attorney. (Doc. 164). The Court specifically ordered that a representative of Phazzer Electronics must attend the hearing, cautioning that "**[f]ailure to comply with this Order may result in imposition of sanctions, including entry of a default or default judgment against the offending party or counsel.**" (*Id.* at p. 2) (emphasis in original). No representative from Phazzer Electronics attended the hearing in clear violation of the Court's Order. (Doc. 172).

In addition to the flagrant discovery abuse and contemptuous behavior exhibited by Phazzer, the Plaintiff details in their Motion for Sanctions the numerous attempts by Phazzer to derail this litigation by repeatedly attempting to stay the proceedings, (Doc. 174, p. 3), and by filing a last minute emergency motion for a protective order. (*Id.*).

Similarly, Phazzer objected to the Plaintiff's discovery requests based on its proceedings with the USPTO, despite the Court ruling that these objections were

meritless.[3] Phazzer also objected to discovery on the basis of Local Rule 3.05(c)(2)(B), even after the Court denied this objection in its Order granting Taser's first Motion to Compel. (Doc. 98). All of this misconduct rightly caused Magistrate Judge Spaulding, in denying Defendant's motion to stay the case, to remark that "it appears that Phazzer, with the assistance of its counsel, is attempting in bad faith to further delay this litigation." The undersigned agrees with Judge Spaulding's assessment of the Defendant's intentional obstructionist behavior.

## II.    LEGAL STANDARD

Rule 37 allows district court judges broad discretion to fashion appropriate sanctions for the violation of discovery orders. *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993). This Rule allows for sanctions when a party fails to comply with a discovery order or fails to attend its own deposition. *See* Fed. R. Civ. P. 37(b)(2)(A), (d)(1)(A)(i). For both of these offenses, the Rule authorizes a variety of sanctions, such as, striking pleadings, rendering a default judgment, and holding the disobeying party in contempt of court. *Id.* at 37(b)(2)(A)(iii), (vi), (vii); 37(d)(3). *See also United States v. Certain Real Prop. Located at Route 1, Bryant*, 126 F.3d 1314, 1317 (11th Cir. 1997). Furthermore, Rule 37 provides that "the court must order the disobedient party, attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C), (d)(3); *See also Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258 (1975). The Supreme Court

---

[3] For Phazzer's motions to stay the case, see Docs. 41, 44, 57, 104, 139 and 150. For Phazzer's meritless objections to the discovery requests, see Docs. 20, 45, 57 and 104.

has also held that the intent behind Rule 37 sanctions is both "to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763–64 (1980) (quoting *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639,643 (1976) (per curiam). This deterrence is necessary because "it is not the court's function to drag a party kicking and screaming through discovery." *Telectron, Inc. v. Overhead Door Corp.*, 116 F.R.D. 107, 134 (S.D. Fla. 1987).

Specifically, the sanction of default is seen as a "last resort" but a party's "willfull or bad faith disregard" for discovery orders may call for this type of sanction especially in cases where the party failed to comply with a court order compelling discovery and warning that the failure to comply might result in a default judgment. *See Certain Real Prop. Located at Route 1*, 126 F.3d at 1317–18; *See also BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1050 (11th Cir. 1994). Bad faith may be found through "delaying or disrupting the litigation or hampering enforcement of a court order." *Eagle Hosp. Physicians, LLC V. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009). The Court finds that Defendant Phazzer engaged in the above-described misconduct with the subjective intent to abuse the judicial process. *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223-24 (11th Cir. 2017) ("The key to unlocking a court's inherent power is a finding of bad faith.").

**B.    Sanctions**

Based upon the Defendant's egregious conduct, which was undertaken in bad faith, **IT IS ORDERED AND ADJUDGED AS FOLLOWS:**

1.     The Court Strikes Phazzer's pending Motion to Dismiss the Amended Complaint (Doc. 104), filed on March 10, 2017;

2.     The Court hereby enters default in favor Taser and against Phazzer on all claims set forth in the Amended Complaint. (Doc. 95);

3.     The Court awards compensatory damages in an amount to be determined in accordance with an expedited briefing and hearing schedule;

4.     The Court will award treble damages for Defendant's willful infringement of the '262 patent and willful false advertisement once the compensatory damages have been established;[4]

5.     The Court awards Taser International, Inc. its attorneys' fees and costs pursuant to 35 U.S.C. § 285, 15 U.S.C. § 1117(a), as sanctions for Phazzer's bad faith conduct, in an amount to be determined in accordance with an expedited briefing and hearing schedule, and

6.     The Court enters an immediate permanent injunction discussed more fully below.

The Court finds the imposition of these sanctions to be necessary to adequately punish Phazzer for its wanton and repetitive disregard of this Court's orders and as a

---

[4] Taser's Amended Complaint alleges Phazzer's infringement of the '262 Patent was willful. *Halo Electronics, Inc. v. Pulse Electronics, Inc,* 136 S. Ct. 1923 (2016) (Enhanced damages under patent law "should generally be reserved for egregious cases typified by willful misconduct."). Similarly, Taser alleged that Phazzer intentionally engaged in false advertising. *Vector Products, Inc. v. Hartford Fire Ins.*, 397 F.3d 1316 (11th Cir. 2005) (Treble damages under the Lanham Act requires proof of intent or knowledge of falsity.). Plaintiff's allegations are accepted as true by virtue of the default judgment. Hence, treble damages are warranted in this case.

consequence of its willful abuse of the discovery process. The imposition of lesser

sanctions would underrepresent the seriousness of the offensive conduct.

### C.      Permanent Injunction

A party seeking a permanent injunction must demonstrate:

> (1)    that is has suffered an irreparable injury;
>
> (2)    that remedies available at law, such as monetary damages, are inadequate to compensate for that injury;
>
> (3)    that, considering the balance of hardships between plaintiff and defendant, a remedy in equity is warranted; and
>
> (4)    that the public interest would not be disserved by a permanent injunction.

*Apple Inc. v. Samsung Electrs Co.*, 809 F.3d 633, 639 (Fed. Cir. 2015). Historically, the

courts have "granted injunctive relief upon a finding of infringement in the vast majority of

patent cases." *Id.* (citing *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 395 (2006)).

In the instant case, the entry of default against Phazzer establishes the existence of an

irreparable injury; that is, the default satisfies the first *eBay* factor by showing a "causal

nexus relates the alleged harm to the alleged infringement." *Id.* (citing *Apple Inc*, 695 F.3d

at 1374). The Court finds monetary damages are inadequate to compensate for the

infringement of the Taser patent, and considering the balance of harms between Taser

and the infringing party—Phazzer—a permanent injunction is warranted. Simply put, an

infringing party has no right to continue its wrongful acts, absent a compelling public

interest which is absent in this case.

### 1.      *Scope of the Permanent Injunction: nonparties*

Generally, due process prohibits an injunction that enjoins persons who have not

participated in the suit and have acted independent of the parties of the suit. *See Additive*

*Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 96 F.3d 1390, 1394-95 (Fed. Cir. 1998) (*"Adcon I"*). Federal Rule of Civil Procedure 65(d) provides an exception to this prohibition, allowing courts to enter an injunction which binds the following:

> (A)  the parties;
>
> (B)  the parties' officers, agents, servants, employees, and attorneys; and
>
> (C)  other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B).

The plain text of subsection (d) limits its application to non-parties who either "abet the [enjoined] defendant, or are legally identified with him." *Additive Controls & Measurement Sys., Inc., v. Flowdata, Inc.*, 154 F.3d 1345, 1351 (Fed. Cir. 1998) (*"Adconir"*). When the nonparty is not in legal privity with the party subject to the permanent injunction, the court must find by clear and convincing evidence that the nonparty "acted in concert" with the party "in a scheme to allow … [the party] to continue: activities "in violation of the injunction" *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 962 (5th Cir. 1995). Therefore, Rule 65(d) provides that nonparties in can be bound by an injunction or face contempt for assisting a named party's violation of an injunction. *Adcon I*, 96 F.3d at 1395.

In *Forest Laboratories, Inc. v. Ivax Pharmaceuticals, Inc.*, 501 F.3d 1263, 1272 (Fed. Cir. 2007), the Court ruled the district court properly included a commercial manufacturer of an accused generic drug in its injunction order against the planned seller of the drug who submitted the infringing product, since by manufacturing the infringing drug with knowledge of the patent, the manufacturer would be inducing infringement of the patent. The Court reasoned that "[a]n inquiry into induced infringement focuses on the party accused of inducement as the prime mover in the chain of events leading to infringement . . . . Under the standards for inducement which we apply to 35 U.S.C.A. §

271(b), . . . it was thus not inappropriate for the district court to include [the manufacturer] within the scope of the injunction."[5] A manufacture is but one example of an entity which acts in concert with the enjoined party. While this Court lacks the authority to specifically name Double Dragon Development and Trading Corporation, Sang Min International Company, LTD, and Scott Hensler in the injunction, it is clear that nonparties who assist the enjoined party in violating the injunction may be held in contempt by this Court.

2.      *The Enjoined Conduct and Products*

Taser brought suit, in part, to address the infringement of its patent 7,234,262 ("the '262' patent"). (Doc. 95, ¶ 17). Taser averred in its Amended Complaint that the Phazzer Enforcer infringes at least claim 13 of the '262 Patent.[6] (*Id.* ¶ 27). The crux of Taser's infringement allegations is that "Phazzer's Enforcer CEWs include non-volatile memory that stores information regarding the weapon's past use. The stored information appears to record the date and time of each operation of the trigger and the duration of the stimulus signal provided by the Enforcer." (*Id.* at ¶ 29). Claim 13 of the '262 Patent states:

> An apparatus for causing involuntary contractions of skeletal muscles of a human or animal target, the apparatus comprising:
>
> A circuit having a microprocessor that is
>
> (1) programmed to track date and time;
>
> (2) programmed to initiate a high voltage pulsed current from the circuit, and
>
> (3) programmed to record tracked date and time in accordance with each initiation of the current, wherein

---

[5] In *Forest Laboratories, Inc.*, the manufacturer was a named party who had appeared in the litigation which allowed the court to name the manufacturer in the injunction.

[6] Taser further alleged "upon information and belief" that Phazzer product also infringed "other claims of the 262 Patent," without specifying the infringed claims. (Doc. 95, ¶ 27).

> the current launches a provided wire-tethered dart toward the target to conduct the current through the target and, when passing through the target, causes involuntary contractions of skeletal muscles of the target.

(Doc. 95-2, Column 8, Line 58 through Column 9, Line 13).

3.   *The Permanent Injunction*

In that a default judgment has been entered in favor of Plaintiff, the Court finds that the Phazzer Enforcer CEW violates claim 13 of the '262 patent. Therefore, **IT IS ORDERED AND ADJUDGED THAT**:

1.   Taser's U.S. Patent No. 7,234,262, titled "Electrical Weapon Having Controller for Timed Current Through Target and Date/Time Recording" issued June 26, 2007, is deemed valid, enforceable, and infringed by Phazzer. Specifically, the Phazzer Enforcer CEW violates claim 13 of the '262 patent.

2.   Phazzer and its officers, agents, servants, employees, and attorneys; and any other persons who are in active concert or participation with Phazzer or its officers, agents, servants, employees, or attorneys, are hereby enjoined from:

a.   Making or causing to be made,

b.   Using or causing to be used,

c.   Offering for sale, or causing to be offered for sale,

d.   Selling or causing to be sold,

e.   Donating or causing to be donated,

f.   distributing or causing to be distributed,

g.   Importing or causing to be imported,

h.   Exporting or causing to be exported

the Phazzer Enforcer CEW, and any other conducted electrical weapon ("CEW") or device which infringed upon claim 13 of the '262 Patent, and any device not colorably different from the Enforcer CEW. The effect of this injunction shall continue through October 14, 2019, the expiration of the '262 Patent.

### D.    Permanent Injunction Trademark – '789 Registration

Taser is the owner of a federal trademark registration. Registration No. 4,423,789, issued by the United States Patent and Trademark Office on October 29, 2013, for the non-functional shape, as show below, of cartridges used to launch darts ("Taser Trademark"). (Doc. 95, ¶ 36).



Taser averred in their Amended Complaint that Sang Min and/or Double Dragon manufacture CEW cartridges for Phazzer that bear a confusingly similar shape to the Taser Trademark. (*Id.* ¶ 38). Furthermore, Phazzer sells via E-commerce several versions of cartridges that bear a confusingly similar shape to the shape of the Taser Trademark. (*Id.* ¶ 39). Such conduct by Phazzer is likely to deceive, confuse, and mislead prospective purchasers into believing that cartridges sold by Phazzer are manufactured by, authorized by, or are associated with Taser, resulting in irreparable harm to the

goodwill symbolized by the Taser Trademark and Taser's reputation for quality. (*Id.* at ¶ 43).

Accordingly, the Court finds that a permanent injunction is warranted, because Taser has suffered irreparable injury, remedies available at law to include monetary damages are inadequate to compensate for the injury, and the balance of hardships leads the Court to conclude that a remedy in equity is warranted. The public interest would not be disserved by a permanent injunction, because law enforcement agencies are able to fulfill their need to non-lethal weapons by purchasing such devices from Taser, as opposed to being the recipient of an infringing device.

Therefore, **IT IS ORDERED AND ADJUDGED THAT:**

1.      Taser's U.S. Trademark Registration No. 4,423,789, issued on October 29, 2013, for the non-functional shape of cartridges used to launch darts, is deemed valid and enforceable, not generic, functional, or merely descriptive, and infringed by Phazzer.

2.      Phazzer and its officers, agents, servants, employees, and attorneys; and any other persons who are in active concert or participation with Phazzer or its officers, agents, servants, employees, or attorneys, are hereby enjoined from:

a.      Making or causing to be made,

b.      Using or causing to be used,

c.      Offering for sale, or causing to be offered for sale,

d.      Selling or causing to be sold,

e.      Donating or causing to be donated,

f.      distributing or causing to be distributed,

g.      Importing or causing to be imported,

        h.        Exporting or causing to be exported

Phazzer product numbers 1-DC15, 1-DC21, 1-DC25, 1-DC21-SIDT, 1-PB30, 1-PB8F, 1-PB15943, 1-RB30, 1-PA30, 1-LOWIMPT2015, or any other CEW cartridge that is confusingly similar or not more than a colorable imitation of the cartridge shown in the '789 Registration and below:



       3.      Phazzer cartridges currently marketed and sold as compatible with TASER® brand CEWs embody the protected appearance, are confusingly similar, and constitute infringing products enjoined under this Order.

       4.      Phazzer shall not challenge or continue to challenge the validity or enforceability of the '789 Registration in any manner in any forum, including the USTPO.

       5.      Phazzer is further enjoined from directing or causing any of its employees, officers, agents, servants, and attorneys, and other persons who are in active concert or participation with Phazzer's employees, officers, agents, servants, and attorneys, to perform any prohibited act set forth in paragraph 2, page 11 of this order (pertaining to the '262 Patent), paragraph 2, page 13 of this order (pertaining to the '789 Registration), or paragraph 4 above that Phazzer cannot itself perform under this injunction.

6.     This Court retains jurisdiction to enforce the injunctions set forth herein, to include the commencement of contempt proceedings if warranted.

**DONE AND ORDERED** in Orlando, Florida, on July 21, 2017.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

15