**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

TASER INTERNATIONAL, INC.,

*Plaintiff*,

v.

CASE NO. 6:16-cv-00366-40KRS

PHAZZER ELECTRONICS, INC.,

*Defendant.*

_____________________________________/

**MOTION FOR EXPEDITED ORDER TO SHOW CAUSE TO PHAZZER AND ITS REPRESENTATIVES FOR INTERFERING WITH THIRD-PARTY SUBPOENA COMPLIANCE**

On August 2, 2017, TASER International, Inc. ("TASER") requested third-party discovery in an effort to uncover data related to sales and distribution by Defendant Phazzer Electronics, Inc. ("Phazzer"). (Doc. 187.) The Court permitted third-party discovery on August 3, 2017. (Doc. 188.) Since that time, TASER has served several subpoenas on third parties believed to be involved in the use, sale, testing and distribution of the accused products (and components thereof). This Motion seeks an order to show cause why Phazzer and its officers, directors and agents should not be held in contempt for interfering with TASER's third-party subpoena efforts, including threatening these third parties with litigation instead of seeking appropriate relief, if any, from this Court.

On August 3, 2017, TASER served a subpoena for documents on Aegis Industries, LLC, a copy of which is attached hereto as Exhibit A[1]. On August 4, 2017, the undersigned

---

[1] Pursuant to Rule 45, TASER served notice of the subpoena on Phazzer's counsel. Mr. Foldyna agreed to accept service of the subpoena via email rather than by personal service.

was notified by the president of Aegis Industries, Ivo Foldyna, that Phazzer's counsel had threatened litigation if Aegis complied with the subpoena from TASER. A copy of an email from A. David Logan, an Arizona attorney who is not counsel of record but attended the mediation in this action on behalf of Phazzer, was provided by Mr. Foldyna to the undersigned and is attached hereto as Exhibit B. In the email, Mr. Logan now claims to be representing "Phazzer IP," which is an entity operated by Jason Abboud, an officer and general counsel for Phazzer Electronics.[2] Jason Abboud was, at one point in time, designated by Phazzer to be its 30(b)(6) corporate representative, and violated this Court's Order to appear for his personal deposition on June 21, 2017. (Doc. 152.)

The subpoena defined the scope to include Phazzer Electronics and any agent in active concert with Phazzer or its officers, agents, attorneys and others, tracking language from the injunction. (Ex. A, "Definitions.") The subpoena also sought, among other items, documents and correspondence with Phazzer's officers and agents, including Jason Abboud. (*Id*., Req. No. 4.) Moreover, the requests encompassed documents related to the manufacture, use, sale, offer for sale, donation, distribution, importation or exportation of the enjoined Phazzer Enforcer and cartridges. (*See id.*, generally.) Notably, many of the requests related to the Phazzer Enforcer and Phazzer cartridges did not require such documents to be from or to Phazzer, but generally related to the Phazzer Enforcer and cartridges regardless of whether from Phazzer, Phazzer IP, Leonidas IP, Phazzer Global,

[2] Attached hereto are the records from the Nebraska Secretary of State for Phazzer IP LLC. While the Phazzer website states that Phazzer IP owns the trademark rights to the mark PHAZZER and licenses it to Phazzer, the USPTO website indicates that Leonidas IP, LLC, an entity owned by Steven Abboud, is the current owner of the trademark.

or any other entity formed by Phazzer's principals (often in foreign countries to conceal ownership).

Notwithstanding the requests for documents related to the Phazzer Enforcer and cartridges, Mr. Logan (allegedly representing Phazzer IP) mischaracterized the subpoena as being limited to "Phazzer Electronic's documents." Mr. Logan further stated to the witness that "you are directed to ship us our client's property and documents, and then continue to comply with your nondisclosure obligations." (*See* Exhibit B.) In other words, rather than producing documents to TASER that are responsive to the subpoena, or identifying documents as "confidential" and allowing the Court to determine the issue, Mr. Logan directed the witness to physically move the documents to Phazzer and not retain copies for production. Notably, the NDA referred to by Mr. Logan requires "Phazzer IP [to] seek a protective order or other appropriate remedy…" (Ex. C, ¶ 7.) The undersigned subsequently emailed Mr. Logan directly and stated that if he believed the subpoena was objectionable, he could request Court intervention, but otherwise he should not threaten witnesses with litigation for compliance with a valid subpoena. No motion to quash or protective order was filed by Mr. Logan or Phazzer.

As Courts have recognized, a third party confidentiality agreement is not a basis to refuse production under subpoena. *See, e.g., Stewart v. Mitchell Transp.*, 2002 U.S. Dist. LEXIS 12958 (D. Kan. July 11, 2002) ("a party may not rely on the confidential nature of documents as a basis for refusing to produce them, because 'confidentiality does not equate to privilege.'"); *see also Federal Open Mkt. Comm. v. Merrill*, 443 U.S. 340, 362 (1979) ("there is no absolute privilege for . . . confidential information"). A private agreement between two individuals will not override the discovery rules or subpoena obligations. *See*

*In re Continental Ins. Co.*, 994 S.W.2d 423, 425-26 (App. Tex. 1999) ("Parties to a contract cannot require a litigant to raise frivolous objections as grounds for refusing to produce discoverable information. If information is otherwise discoverable, a party abuses the discovery process if the only reason they resist discovery is because they have agreed not to surrender the information without a court order."); *Griffin v. Mashariki*, 1997 WL 756914, *2 (S.D.N.Y. 1997) (noting that "the mere fact that the . . . parties agreed to maintain the confidentiality of part of the settlement, . . . cannot serve to shield that statement from discovery" and holding that counsel for the party seeking discovery could review the document sought upon the signing of a confidentiality stipulation); *Tribune Co. v. Purcigliotti*, 1996 WL 337277, *3 (S.D.N.Y. 1996) (settlement agreement containing confidentiality provision will not shield parties from discovery); *Williamson v. Superior Court*, 582 P.2d 126, 131 (Cal. 1978) (agreements to suppress evidence are void as against public policy).

As the Southern District of Florida has recognized, "[t]here is abundant authority, however, that a confidentiality agreement cannot be used as a shield against relevant discovery." *Solidda Grp., S.A. v. Sharp Elecs. Corp.*, 2013 U.S. Dist. LEXIS 200188 (S.D. Fla. Mar. 18, 2013) (citing *Kelly v. Romines*, 2012 U.S. Dist. Lexis 56930 at *7-8 (D. N.M. 2012) ("it would be problematic for private parties to enter into confidentiality agreements that prevent discovery, because then wrongdoers would essentially shield their behavior.")); *Harris v. Bd. of Governors of Fed. Reserve Sys.*, 938 F.2d 720, 723 (7th Cir. 1991) ("The rights of a party to obtain documents under judicial process are not enjoyed sufferance of third parties who have agreed between themselves to keep documents secret.").

The actions of Attorney Logan amount to overt efforts to disrupt and delay discovery, if not purposefully seeking to conceal highly relevant discovery. This is the same conduct that has deprived TASER of evidence throughout this case; the refusal to produce relevant documents and attend depositions in an effort to hinder this action. Phazzer is continuing this pattern, with the assistance of counsel, by threatening or intimidating witnesses from complying with discovery. Just today, the date on which documents were due pursuant to a subpoena issued by TASER to Kambio Corporation, the undersigned received a call from an attorney for Kambio indicating while Kambio was prepared to produce the requested information and items, it had been threatened under an alleged NDA from complying with TASER's subpoena.[3] The undersigned does not know whether such threats were from Phazzer or Mr. Logan, but the pattern is identical to the threats against Aegis. There is no doubt Phazzer has timely notice of the subpoenas, but rather than seeking relief from the Court, threats have been its preferred response. These efforts are improper for any party and particularly egregious for an officer of the Court (even if not a member of this bar).

Accordingly, TASER requests this Court issue an Order to Show Cause on an expedited basis why Phazzer and its officers and representatives, including specifically A. David Logan, should not be held in contempt for improperly threatening witnesses and otherwise seeking to obfuscate legitimate discovery sought by TASER pursuant to this Court's Order at Docket No. 188.

---

[3] Kambio's attorney did not have a copy of the NDA.

**CERTIFICATION UNDER LOCAL RULE 3.01(g)**

Phazzer has no local counsel, but the undersigned attempted to contact Robert Creager. Mr. Creager's office indicated he was unavailable and the undersigned will update this certification when able to do so.

Respectfully submitted August 18, 2017.

*/s/Ryan T. Santurri*
Ryan T. Santurri, Florida Bar No. 015698
rsanturri@allendyer.com
Brian R. Gilchrist, Florida Bar No. 774065
bgilchrist@allendyer.com
Allen, Dyer, Doppelt & Gilchrist P.A.
255 South Orange Avenue, Suite 1401
Orlando, FL 32801
Telephone: (407) 841-2330
Facsimile: (407) 841-2343

D. Lawrence Letham, Esquire (pro hac vice)
Arizona Bar No. 024727
Letham Law Firm LLC
9588 E. Southern Avenue #51390
Mesa, AZ 85208
Telephone: (602) 904-5402
Facsimile: 480-905-2027
LLetham@LethamLF.com

Pamela B. Petersen, Esquire (pro hac vice)
Arizona Bar No. 011512
Axon Enterprise, Inc.
17800 N. 85th Street
Scottsdale, AZ 85255-9603
Telephone: (623) 326-6016
Facsimile: (480) 905-2027
ppetersen@axon.com
Secondary: legal@axon.com
Attorneys for TASER International, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 18, 2017, I electronically filed the foregoing using the Management/Electronic Case Filing ("CM/ECF") system, which will send a Notice of Electronic Filing to the following CM/ECF participants:

D. Lawrence Letham
lletham@lethamlf.com
Letham Law Firm LLC
9588 E. Southern Avenue #51390
Mesa, AZ 85208
Telephone: (602) 904-5402
Facsimile: 480 905-2027
Counsel for TASER International, Inc.

Robert B. Creager
bob@acwlaw.com
Anderson, Creager & Wittstruck, P.C. LLC
1630 K Street
Lincoln, NE 68508
Tel: (402) 477-8800
Counsel for Phazzer Electronics, Inc.

Pamela B. Petersen
ppetersen@axon.com
Axon Enterprise, Inc.
17800 N. 85th Street
Scottsdale, AZ 85255-9603
Telephone: (623) 326-6016
Facsimile: (480) 905-2027
Counsel for TASER International, Inc.

*/s/Ryan T. Santurri*
Ryan T. Santurri, FL Bar #0015698