FILED

*In Propria Persona*

Steven Abboud

399 Lancaster Dr.

Davenport, FL 33897

Telephone: (402) 813 0369

Email: sabboudlegal@gmail.com

2017 OCT -3 AM 10: 04



UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

TASER INTERNATIONAL, INC.,

Plaintiff,

v.

PHAZZER ELECTRONICS, INC. *et al*,

Defendants.

Case No.: 6:16-cv-366-Orl-40KRS

### NONPARTY STEVEN ABBOUD'S RESPONSE TO PLAINTIFF'S MOTION FOR CONTEMPT

STEVEN ABBOUD, ("Abboud"), hereby files his response to this Court's Order, dated September 20, 2017 [Doc. 205], as directed.

**1**
## PHAZZER'S ALLEGED VIOLATION OF THE INJUNCTION

Taser alleges that Phazzer has willfully violated the permanent injunction through the following actions:

1. By continuing to sell and offering for sale the offending product. (Doc. 202, pp. 1–2);

2. By Mr. Abboud's directive to his employees in his capacity as Managing Director for Phazzer Global LLC that Phazzer can continue to sell its products prior to the Court's Order and by advising that only Phazzer Electronics is bound by the injunction (*Id.* at p. 3);

3. By placing information on its website designed to create market confusion by representing the USPTO found in favor of Phazzer Electronics, creating the impression this Court's Order is not binding and by representing to potential customers that the injunction is limited in its scope (*Id.*);

4. By attempting to conceal inventory of the offending products and attempting to bill customers for devices not requested subsequent to the Injunction (*Id.*); and

ARGUMENT

I adopt by reference the arguments and exhibits to this motion of contempt filed by Adam Stephenson.

I adopt by reference the arguments and exhibits to this motion of contempt filed by Phazzer Electronics, Inc.

CONTINUING SELLING OR OFFERING OFFENDING PRODUCTS

Upon receiving notice of the Injunction Order on or about July 21, 2017, I ceased all participation of manufacturing and sales of the enjoined PhaZZer products, namely the PhaZZer Ammunition and PhaZZer Enforcer w/Data Port in the United States and its' territories. There would appear to be some ambiguity as it relates to the Order however, because on or about September 28th I spoke with TASER attorney Ryan Santurri in requesting an extension and he had indicated that "All PhaZZer Enforcer" are enjoined. Since that date, I have NOT participated in any PhaZZer Enforcer sales in the United States pending clarification from this Court.

In early June 2017, Zachary Bearheels, an Oklahoma man, died after being shocked repeatedly with a TASER by and Omaha PD officer. This Officer, a five-year sworn officer faces second-degree assault charges for shocking Bearheels for a total of 68 seconds. Most medical studies including TASERs Website warnings recommend not to exceed 15 second shock exposures in a 24 hour period. The TASER X26 weapons do not have any regulator to limit the overexposure of its' circuit as the shock circuit when the trigger is held will fire continuously. The PhaZZer has a 15 second auto shutdown feature which requires the user to recycle the safety in order to apply additional force. And intermittently even with the trigger depressed will auto shut off every 5 seconds as can be seen in the news stories that resulted from the Nebraska PhaZZer Demonstration. But, in addition, it provides a mental awareness to the user of the weapon that he has reached the AAEM recommended maximum exposure and now must make a decision to recycle and apply additional force which becomes a voluntary act which transfers the liability primarily to the operator of the weapon rather than the Manufacturer or the Law Enforcement Department. This awareness of this safety feature is in the best interests of the public and should save lives over time due to limitations which prevent overexposure of the circuit into the human body.

Mr. French after hearing of this incident, coordinated with several Nebraska Agencies an introduction of PhaZZer. He requested that I assist him with a Demonstration of the PhaZZer Enforcer (WITHOUT DATA PORT) time/date/duration log. The date was set for September 8, 2017. There were also some news media outlets in attendance. Both he and I were advised by PhaZZer Electronics Attorney, Mr. Rapake that the PhaZZer Enforcer without Data Port was

not in violation of Claim 13. And reading the Order on its face and intended meaning while somewhat unclear states,

"Selling or causing to be sold, the Phazzer Enforcer CEW, and any other conducted electrical weapon ("CEW") or device which infringed upon claim 13 of the '262 Patent, and any device not

colorably different from the Enforcer CEW. The effect of this injunction shall continue through October 14, 2019, the expiration of the '262 Patent."

The focus again of our demonstration was to emphasize the safety features and effectiveness of our PhaZZer Enforcer without data port, PhaZZer Holsters, PhaZZer Enforcer Rail Mount Camera System, PhaZZer DVR Eyewear, PhaZZer Static Guard and the NMI effects of the PhaZZer Enforcer without Data Port; all of which in good faith, I do not believe infringe and particularly as it relates to the CEW on Claim 13 of the TASER 262 patent as it is NOT an "ELECTRICAL WEAPON HAVING CONTROLLER FOR TIMED CURRENT THROUGH TARGET AND DATE/TIME RECORDING" as it is described in the title of the 262 patent. **TASER 262 PATENT EXHIBIT IN STEPHENSON RESPONSE.** It should be noted that the safety shut off technology designed within the PhaZZer Enforcer models, is included in both the infringing PhaZZer Enforcer with Data Port and Non-Infringing PhaZZer Enforcer without Data Port and the only differentiating feature of the PhaZZer Enforcer Model is the data port circuit. The PhaZZer Enforcer with DATA PORT and the PhaZZer Enforcer without data Port are distinguishably identifiable in that the Enforcer with Data Port uses the letters "DP" in the SKU number (1-SEBLK-DP), has a product description using "w/Data Port" (PhaZZer Enforcer Basic Set w/Data Port - Black), and has approximately a cost differential of an additional $80/set if the internal data port circuit or PhaZZer Enforcer w/Data Port is being purchased. At no time during this demonstration was the PhaZZer Enforcer w/Data Port or Ammunition offered for sale in violation of this court order and in fact we notified participants that these items were NOT available for sale pending any reversal of the current injunction. So in good faith and when interpreting the injunctive order, in good faith, neither I nor PhaZZer have violated this court order and willfully infringed on Claim 13 of the 262 patent. The demonstration for the NMI effectiveness was demonstrated by a live deployment into the Assistant Chief of Police.

**Mr. Abboud's directive to his employees in his capacity as Managing Director for Phazzer Global LLC that Phazzer can continue to sell its products prior to the Court's Order and by advising that only Phazzer Electronics is bound by the injunction.**

My understanding of an injunction is that you are not enjoined until the order is issued. Furthermore, it is my understanding that once an order is issued it would only apply to named parties in the Order of the Court. I do not claim to be a lawyer, and almost always get legal

interpretation of an order if I am unclear and will normally recommend that to any non-party to a case that is concerned about how it may or may not affect them.

PhaZZer Global LLC is a validly existing company not domiciled in the USA nor its' territories. I have been managing director for PhaZZer Global, LLC, the international exclusive licensee of the PhaZZer® Brand products since June of 2015 which is licensed for all international distribution, sales, development and production coordination outside of the United State and its territories.  PhaZZer Global has not done any business in the United States related to the Manufacture, Sale, Distribution, and does not transact business in the United States of PhaZZer Brand products.  PhaZZer Global has not purchased inventory, nor received free inventory from PhaZZer Electronics, Inc., nor from any of its' related parties.  All PhaZZer Global inventory and assets are located outside of the United States.  PhaZZer Global does have a Website which clearly markets the enjoined products, however, in good faith believes that the jurisdiction of this Court order of Injunction is limited to the USA and it's territories.  PhaZZer Global refuses any and all orders which may have entered through the Website www.phazzerglobal.com and additionally cannot take any form of payment from a USA domiciled entity or person as can be evidenced by the attempted order of Thomas Mysinger S.O. 133909 which indicated "local pickup" and was answered by a rejection email.  **INCLUDE EXHIBIT PG SO 133909.**  Although, this order should NOT have even passed the Address Block, which has been reviewed by NetOnePlus and bugs corrected for future prevention of registrations; this was a web error from an independent contractor which is operated by Mike Coyne. Nonetheless, Mr. Coyne dealt with it decisively and also an auto email was sent out to Mr. Mysinger notifying him that the order was cancelled due to his location within the USA. **INCLUDE EMAIL NOTIFICATION OF ORDER CANCELLATION.**  Additionally, the Website www.phazzerglobal.com qualifies the restricted territories on the bottom of each page making it very clear which states:

Phazzer Global is the exclusive international licensee of the PhaZZer® brand intellectual property, excluding the United States and its territories. Phaser® is a registered trademark of CBS Studios inc. This website and our merchandise is not endorsed, sponsored by or affiliated with CBS Studios or the STAR TREK franchise. PhaZZer® is a registered trademark of PhaZZer IP, LLC. TASER® is a registered trademark of Axon Enterprise, Inc. Any information mentioned on this website is for reference purposes only and not sponsored by or affiliated with the TASER® brand.

Copyright 2017 PhaZZer Global, LLC. All Rights Reserved. eCommerce Software by 3dcart.

**By placing information on its website designed to create market confusion by representing the USPTO found in favor of Phazzer Electronics, creating the impression this Court's Order is not binding and by representing to potential customers that the injunction is limited in its scope**

In good faith I believe that accurate dissemination of News is paramount to the establishment of any industry. The USPTO findings in the Second Reexamination was requested to our Web guys to be linked to the Websites but not with any marketing title which seems to have been put up under the direction or authority of someone other than me. I advised the Web company and IT guys of the Court Order when it was issued and all product was requested to be removed which was interpreted to be in violation.

**Attempting to conceal inventory of the offending products and attempting to bill customers for devices not requested subsequent to the Injunction**

TASER claims that PhaZZer Electronics and I are dumping inventory to avoid this injunction when that could not be farther from the truth. When a company is financially short of operating capital and technically insolvent due to constricted revenues and high litigation expenses this affects its' ability to pay the financial obligations and requires adaptive efforts to survive. Kambio Colombia, after winning the Contract to supply the Colombian National Police provided the executed contract to the financial recipient parent company Kambio USA run by Mark Von Reictenstein. During the six months of negotiations, and after reviewing the Master Agreement, Mark requested that until there was a signed deal with Colombia that he did not want to execute the Master Agreement. Once the Colombian contract was signed, Mark and his father Bern refused to sign the Master Agreement as they were holding out to renegotiate the terms, which was never previously discussed. Further, they were unwilling proceed forward with transparency and refused to provide the complete, translated copy of the procurement and put up the 50% required deposit. This deal was to have been split between PhaZZer Global whom would be delivering the PhaZZer Enforcer Data Port units, DP Receivers, Gun Case, Battery Sys and AC Adaptor and PhaZZer Electronics for the Warranty and 25' Dart Cartridges which were manufactured in the USA. As a result of this breach and in the interests of our commitments and the effects on other innocent parties involved, I attempted to negotiate and pair-down some of the requirements called for in the Master Agreement in the interest of honoring the Colombian procurement. Mark confirmed that Kambio USA would not honor the terms of 50% wire transfer at the time of Order to PhaZZer Global and balance in full before shipment and thus he agreed to purchase from PhaZZer Electronics, SO#133861 on June 22nd in the amount of $162,551.46. Payment was not made until proof of shipping via UPS was confirmed but payment by wire to Phazzer Electronics was short by $30,978.00. We attempted to collect the difference but never received payment on the balance. USA production of the Ammunition portion and Holsters for the Colombian Procurement were completed, but prior to Kambio obtaining their US DOC export permit this order of Injunction was issued thereby causing enjoinment of the Ammunition earmarked for the Colombian procurement. We attempted to renegotiate a final settlement but all negotiations ceased upon notice of the Contempt and secreted deposition of Mark Von Reictenstein. The order with Phazzer Global SO#133907 from Kambio Colombia is still work in process, however due to the limited time available to deliver is unlikely to complete and no payment has been made for this order to date due to the inability to back out of the original order with PhaZZer Electronics. EXHIBIT_PHAZZER GLOBAL SO 133907

In addition to this information, we received numerous call from Vendors, Suppliers, Manufacturers, Distributors, etc... that had notified us that they had received "Cease and Desist" Letters which appeared to be misrepresenting the Order of this Court by overreaching and confusing the market as it related to the enjoined products which did NOT include the Data Port Timing Circuit.  This would appear to be intentional and in bad faith as these letters were being sent out by TASER Counsel Ryan Santurri whom had clearly known of the differences between the PhaZZer Enforcer Model and PhaZZer Enforcer Model with DATA PORT. This is evidenced by the Order Placed in January at www.phazzerstore.com by Mr. Santurri attached hereto as (EXHIBIT Sales Order IN JAN. FROM SANTURRI) )

**CONCLUSION**

Therefore Steven Abboud a Non-Party to this Case respectfully requests this Court to Deny TASERs Motion for Contempt based on a lack of evidence to show Clear and Convincing Evidence.

_____