UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TASER INTERNATIONAL, INC.,

CASE NO.: 6:16-cv-366-Orl-40KRS

Plaintiff / Judgment Creditor,

v.

PHAZZER ELECTRONICS, INC.,

Defendant.
_____/

**JUDGMENT CREDITOR'S MOTION SEEKING ISSUANCE OF WRIT OF EXECUTION AND COMBINED MEMORANDUM OF LAW**

Judgment Creditor TASER INTERNATIONAL, INC. N/K/A AXON ENTERPRISE, INC. ("TASER"), by and through its undersigned attorney hereby requests the Court direct the Clerk of Court to issue the attached writ of execution and as ground states:

1. These proceedings are post-judgment. This Court entered final judgment on May 11, 2018 in the principal sum of $7,869,578.74. The judgment is unsatisfied. An appeal has been filed but no supersedeas bond posted.

2. Federal Rule of civil Procedure 69(a)(1) provides that enforcement of the judgment shall be by "writ of execution" and provides that the procedure for the enforcement of same shall be governed by Florida State law.

3. Florida Statute 56.021 authorizes the issuance of a writ of execution. Additionally, TASER wishes to initiate a proceeding supplemental to judgment in accordance with Florida Statute 56.29. Florida Statute 56.29(1) requires that as a precondition to initiating same, "an execution must be valid and outstanding."

WHEREFORE, Judgment Creditor respectfully requests the court enter an order directing the clerk to issue the attached writ of execution.

DATED: August 1, 2018.

Respectfully submitted,

/s/: Jon Marshall Oden
JON MARSHALL ODEN, ESQ.
Florida Bar No. 0038172

(5133-0002) - 00269765 v1

WILLIS ODEN, PL
2121 S. Hiawassee Road, Suite 116
Orlando, FL 32835-8762
Phone: (407) 903-9939
Primary Email: joden@willisoden.com
Secondary Email: ddrake@willisoden.com
Attorney for Plaintiff/Judgment Creditor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 1, 2018, I electronically filed the foregoing document with the Clerk of the Court by using CM/ECF, which will send an electronic notice to all counsel of record.

DC 1 1
Rev. 1/09

# WRIT OF EXECUTION

| United States District Court | Middle District of Florida |
|---|---|

TO THE MARSHAL OF: Middle District of Florida, Orlando Division

YOU ARE HEREBY COMMANDED, that of the goods and chattels, lands and tenements in your district belonging to:

NAME

PHAZZER ELECTRONICS, INC.
808 N. HOAGLAND BOULEVARD
KISSIMMEE, FL 34741

you cause to be made and levied as well a certain debt of:

| DOLLAR AMOUNT | | DOLLAR AMOUNT |
|---|---|---|
| 7,869,578 | AND | 74/100 |

in the United States District Court for the _____ Middle District of Florida, before the Judge of the said Court by the consideration of the same Judge lately recovered against the said,

Case No.: 6:16-cv-366-Orl-40KRS
TASER INTERNATIONAL, INC. v. PHAZZER ELECTRONICS, INC.

and also the costs that may accrue under this writ.
And that you have above listed moneys that the place and date listed below; and that you bring this writ with you.

| PLACE | DISTRICT |
|---|---|
| Marshal's Office | Middle District-Orlando Division |
| Orlando | DATE |

Witness the Honorable _____
United States Judge

| DATE | CLERK OF COURT |
|---|---|
| | District Court Clerk |

(5133-0002) - 00269528 v1

| | (BY) DEPUTY CLERK |
|---|---|
| | |

| RETURN | |
|---|---|
| DATE RECEIVED | DATE OF EXECUTION OF WRIT |
| This writ was received and executed. | |
| U.S. MARSHAL | (BY) DEPUTY MARSHAL |

(5133-0002) - 00269528 v1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TASER INTERNATIONAL, INC.,

Plaintiff,

v.                                                                Case No: 6:16-cv-366-Orl-40KRS

PHAZZER ELECTRONICS, INC.,

Defendant.

## DEFAULT JUDGMENT IN A CIVIL CASE

Decision by Court.  This action came before the Court and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED**

that Default Judgment is hereby entered in favor of Plaintiff Taser International, Inc. and against Defendant Phazzer Electronics, Inc. in the amount of $7,869,578.74, for which sum let execution issue.

Date: May 11, 2018

ELIZABETH M. WARREN,
CLERK

s/RO, Deputy Clerk

I CERTIFY THE FOREGOING TO BE A TRUE
AND CORRECT COPY OF THE ORIGINAL
CLERK OF COURT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
BY:
DEPUTY CLERK

## CIVIL APPEALS JURISDICTION CHECKLIST

1. **Appealable Orders**: Courts of Appeals have jurisdiction conferred and strictly limited by statute:

   (a) Appeals from final orders pursuant to 28 U.S.C. Section 1291: Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C. Section 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. V. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. Section 636(c).

   (b) In cases involving multiple parties or multiple claims, a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b), Williams v. Bishop, 732 F.2d 885, 885-86 (11th Cir. 1984). A judgment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 201, 108 S. Ct. 1717, 1721-22, 100 L.Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

   (c) Appeals pursuant to 28 U.S.C. Section 1292(a): Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions..." and from "[i]nterlocutory decrees...determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

   (d) Appeals pursuant to 28 U.S.C. Section 1292(b) and Fed.R.App.P.5: The certification specified in 28 U.S.C. Section 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

   (e) Appeals pursuant to judicially created exceptions to the finality rule: Limited exceptions are discussed in cases including, but not limited to: Cohen V. Beneficial Indus. Loan Corp., 337 U.S. 541,546,69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F. 2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S. Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2. **Time for Filing:** The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P.4(a) and (c) set the following time limits:

   (a) Fed.R.App.P. 4(a)(1): A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD** - no additional days are provided for mailing. Special filing provisions for inmates are discussed below.

   (b) Fed.R.App.P. 4(a)(3): "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) Fed.R.App.P.4(a)(4): If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) Fed.R.App.P.4(a)(5) and 4(a)(6): Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) Fed.R.App.P.4(c): If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. Section 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal**: Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal**: A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TASER INTERNATIONAL, INC.,

   *Plaintiff,*

v.

PHAZZER ELECTRONICS, INC.,

   *Defendant.*

CASE NO. 6:16-cv-00366-40KRS

_____/

**AFFIDAVIT PURSUANT TO SECTION 55.505, *FLORIDA STATUTES***

STATE OF FLORIDA

COUNTY OF ORANGE

   BEFORE ME, the undersigned authority, personally appeared Ryan T. Santurri, who being first duly sworn, deposes and says:

   1.   I make this affidavit on my personal knowledge, except as to any matters alleged upon information and belief, and as to any such matters, I believe them to be true.

   2.   I am an attorney at law, duly licensed to practice in the State of Florida with the firm of Allen, Dyer, Doppelt & Gilchrist, P.A., attorneys for judgment creditor, Taser International, Inc. with respect to the above referenced action and as such, I am familiar with the facts and circumstances set forth herein.

   3.   I make this affidavit pursuant to Section 55.505, *Florida Statutes*, and in support of the recordation of the Judgment in a Civil Case against Defendant Phazzer Electronics, Inc. (the "Judgment").

   4.   The Judgment is in the amount of Seven Million Eight Hundred Sixty-Nine

Thousand Five Hundred Seventy Eight and 74/100 Dollars ($7,869,578.74) bearing U.S. District Court, Middle District of Florida Case No. 6:16-cv-366-Orl-40KRS, and was filed electronically by the Clerk of the District Court on May 11, 2018.

5. The name and address of the judgment debtor is:

    Phazzer Electronics, Inc. – EIN No. 80-0437883
    808 N. Hoagland Boulevard
    Kissimmee, FL 34741

6. The name and address of the judgment creditor is:

    Axon Enterprise, Inc., f/k/a TASER International, Inc.
    17800 N. 85TH Street
    Scottsdale, Arizona 85255

7. The name and address of the judgment creditor's attorney in the state is:

    Ryan T. Santurri, Esq.
    Allen, Dyer, Doppelt & Gilchrist, P.A.
    255 S. Orange Avenue, Suite 1401
    Orlando, FL 32801

8. No payments have been made towards the judgment and the judgment remains in full force and effect for the entire balance.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Ryan T. Santurri, Esq.

SWORN AND SUBSCRIBED TO before me this 1st day of May, 2018 by Ryan T. Santurri, who is **personally known to me**.

My Commission Expires:

SHELLEY HOTZ
Commission # GG 089166
Expires July 26, 2021
Bonded Thru Troy Fain Insurance 800-385-7019

Notary Public

Shelley Hotz
Typed, Printed or Stamped Name of Notary Public

2