# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

TASER INTERNATIONAL, INC.,

      Plaintiff,

v.                                                     Case No:   6:16-cv-366-PGB-LHP

PHAZZER ELECTRONICS, INC.,
STEVEN ABBOUD,
PHAZZER GLOBAL LLC,
PHAZZER IP, LLC and
PHAZZER LLC

      Defendants.

---

## ORDER

This cause came on for consideration without oral argument on the following

motion filed herein:

> **MOTION:   PHAZZER GLOBAL, LLC's MOTION TO DISMISS COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND REQUEST FOR IMMEDIATE STAY OF DISCOVERY PENDING DISMISSAL (Doc. No. 518)**
>
> **FILED:   March 17, 2022**
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

During a discovery hearing concerning proceedings supplementary in this case, an issue arose as to the Court's jurisdiction over the claims raised in the Supplemental Complaint, *see* Doc. No. 400, which is the operative pleading.   Doc. No. 507.   After the hearing, therefore, the Court issued an Order to Show Cause directing Plaintiff Taser International, Inc. to file supplemental briefing and/or record evidence, on or before March 23, 2022, demonstrating that the Court has subject matter jurisdiction over the Supplemental Complaint.   Doc. No. 513.

On March 18, 2022, Impleaded Party Phazzer Global LLC ("Phazzer Global") filed the above-styled motion to dismiss, seeking dismissal of the Supplemental Complaint for lack of subject matter jurisdiction based on the Order to Show Cause. Doc. No. 518.   Notably, Phazzer Global does not argue that Plaintiff will be unable to establish subject matter jurisdiction over the Supplemental Complaint, but instead appears to be arguing that Plaintiff should be precluded the opportunity for doing so through further discovery or otherwise.   *See id.*

Upon consideration, Phazzer Global's motion (Doc. No. 518) will be **DENIED without prejudice as premature**, given that the Court has permitted Plaintiff through March 23, 2022 to supplement the record as to the Court's subject matter jurisdiction.   To the extent that Phazzer Global is arguing that "jurisdictional discovery" in the interim would be improper, the Court notes that discovery is fully open in this case, rendering those arguments unpersuasive.   Thus, Phazzer Global

may not rely upon this Order or the filing of its motion to dismiss to delay any discovery in this case.   In other words, the Court's rulings in the March 9, 2022 Orders (Doc. Nos. 511–13), and all deadlines and requirements stated therein, remain in full force and effect.

     **DONE** and **ORDERED** in Orlando, Florida on March 18, 2022.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties