**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

TASER INTERNATIONAL, INC.,

        Plaintiff,

v.                                         Case No:   6:16-cv-366-PGB-LHP

PHAZZER ELECTRONICS, INC.,
STEVEN ABBOUD, PHAZZER
GLOBAL LLC, PHAZZER IP, LLC
and PHAZZER LLC,

        Defendants

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

      This cause came on for consideration without oral argument on the following

motions filed herein:

| | |
|---|---|
| **MOTION:** | **TASER'S MOTION TO STRIKE STEVEN ABBOUD'S COUNTERCLAIMS (Doc. No. 555)** |
| **FILED:** | **September 29, 2022** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

| | |
|---|---|
| **MOTION:** | **TASER'S MOTION TO DISMISS STEVEN ABBOUD'S COUNTERCLAIMS (Doc. No. 556)** |

| | |
|---|---|
| **FILED:** | **October 6, 2022** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED as moot**.

| | |
|---|---|
| **MOTION:** | **TASER'S MOTION TO STRIKE INFLAMMATORY MATERIAL FROM ABBOUD OPPOSITION (Doc. No. 566)** |
| **FILED:** | **October 31, 2022** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

| | |
|---|---|
| **MOTION:** | **IMPLEADED DEFENDANT STEVEN ABBOUD'S MOTION FOR COURT TO GRANT JUDGMENT IN HIS FAVOR ON THE PLEADINGS AS PLAINTIFF AXON ENTERPRISES, INC.'S DOC. 544 COMPLAINT DOES NOT STATE ANY LEGALLY COGNIZABLE CLAIM AGAINST HIM (Doc. No. 570)** |
| **FILED:** | **November 3, 2022** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

## I.    BACKGROUND.

The lengthy and tortured history of the case has been more fully discussed elsewhere in the record, *see* Doc. Nos. 183, 271, 299, 441, 462, and in an effort of brevity, the undersigned discusses said history in detail only as relevant to

resolving the above-styled motions.   In sum, Plaintiff Taser International, Inc. ("Taser") [1] instituted this action in March 2016 against Defendant Phazzer Electronics, Inc. ("Phazzer"), asserting claims of patent and trademark infringement, false advertising, and unfair competition.   Doc. No. 1.   Ultimately, default judgment was entered against Phazzer as a sanction.   Doc. No. 183.   *See also* Doc. Nos. 192, 267, 272–73, 300–01.   Since then, Taser has engaged in post-judgment collection efforts, the Court instituted proceedings supplementary, and Taser filed an authorized supplemental complaint impleading third parties Steven Abboud (Phazzer's alleged principal) ("Abboud"), and two other entities, Phazzer Global, LLC ("Phazzer Global") and Phazzer IP, LLC ("Phazzer IP"), into these proceedings.   *See* Doc. Nos. 289, 293, 296, 297, 317, 320, 333, 376, 400.

In the supplemental complaint, Taser alleged the following:   Count I – piercing the corporate veil and/or alter ego liability against Abboud; Count II – Phazzer Global as a mere continuation of Phazzer; and Count III – fraudulent transfers to Phazzer Global and Phazzer IP in violation of the Florida Uniform Fraudulent Transfer Act ("FUFTA"), Fla. Stat. §§ 726.105 and 726.106.   Doc. No. 400.   The impleaded parties all moved to dismiss the supplemental complaint, but the Court denied each motion.   Doc. Nos. 423–425, 441, 462.

---

[1]  Taser is now known as Axon Enterprise, Inc., however for purposes of continuity, the Court continues to utilize Taser.

Since that time, proceedings supplemental and post-judgment discovery have been ongoing, with the supplemental proceedings discovery period currently set to close on April 14, 2023.   *See* Doc. No. 585.   On September 1, 2022, Taser, with leave of Court and without opposition from the impleaded parties, filed an amended supplemental complaint.   Doc. No. 543; *see also* Doc. Nos. 539–40.   The purpose of the amended supplemental complaint was to clarify the citizenship of the impleaded defendants, and to allege additional fraudulent transfers revealed during the course of discovery.   *See* Doc. Nos. 539–40.

Each of the impleaded parties have filed answers and affirmative defenses to the amended supplemental complaint, and for his part, Abboud, for the first time, raises several counterclaims of tortious interference with advantageous business relationships.   *See* Doc. No. 546 (Abboud), Doc. No. 547 (Phazzer Global), Doc. No. 549 (Phazzer IP).   More specifically, in his counterclaims, Abboud alleges that Taser tortiously interfered with his business relationships with four non-parties to this litigation, by filing a patent infringement suit on September 4, 2019 against both Abboud and those non-parties, *Axon Enterprises, Inc. v. Phazzer Electronics, Inc. et al.*, 6:19-cv-1721-PGB-DCI.   Doc. No. 546, at 27–36.

A flurry of motions followed the amended supplemental complaint.   *See* Doc. Nos. 544, 555, 556, 566, 570, 575.   Pertinent to the proceedings supplemental pleadings, and as addressed herein, before the Court are the following:

- Taser's Motion to Strike Abboud's Counterclaims (Doc. No. 555); and Abboud's response in opposition (Doc. No. 557)

- Taser's Motion to Dismiss Abboud's Counterclaims (Doc. No. 556); and Abboud's response in opposition (Doc. No. 562)

- Taser's Motion to Strike Inflammatory Material from Abboud's Opposition (Doc. No. 566); and Abboud's response in opposition (Doc. No. 577)

- Abboud's Motion for Judgment on the Pleadings (Doc. No. 570); and Taser's response in opposition (Doc. No. 581)

Each of these motions has been referred to the undersigned. Upon consideration, given that these matters all relate to adjudication of the amended supplemental complaint (Doc. No. 543) and Abboud's answer and counterclaims related thereto (Doc. No. 546), I issue this omnibus Report and Recommendation to address each of these motions. For the reasons discussed below, I will recommend that Taser's motion to strike Abboud's counterclaims be granted and the counterclaims stricken, that Taser's motion to dismiss the counterclaims be denied as moot, that Taser's request to strike Abboud's response to the motion to dismiss be denied, and that Abboud's motion for judgment on the pleadings be denied.

## II.   ANALYSIS.

### A.   Motions Directed to Abboud's Counterclaims.

Taser's requests for relief overlap in the first two motions at issue, in that Taser takes issue with Abboud asserting counterclaims for the first time in his

response to the amended supplemental complaint.   Doc. Nos. 555, 556.   Thus, I will address these motions collectively.

First, Taser moves to strike Abboud's counterclaims as improper and untimely because Abboud never obtained leave of Court to assert counterclaims or amend his pleading in that regard, Abboud otherwise fails to sufficiently explain why he waited so long to assert the counterclaims, and the counterclaims are not related to this litigation.   Doc. No. 555.   Second, Taser moves to dismiss the "wholly unrelated counterclaims involving four non-parties" on the grounds that the counterclaims are barred by Florida's litigation privilege.   Doc. No. 556.   In the motion to dismiss, Taser also reiterates the same arguments made in the motion to strike that the assertion of counterclaims in response to the amended supplemental complaint, without Court leave or Taser's consent, was improper and untimely.   *Id.* at 5–10.   Abboud opposes both motions.   Doc. Nos. 557, 562.

Upon review, as an initial matter, I agree with Taser that Abboud's counterclaims are untimely.   Generally speaking, "[a]lthough, under the Federal Rules of Civil Procedure, an amended complaint supersedes the initial complaint and becomes the operative pleading in the case . . . the filing of an amended complaint does not automatically revive all defenses or objections that the defendant may have waived in response to the initial complaint."   *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011) (citations and internal

quotation marks omitted).   It is only when the "amended complaint . . . changes the theory or scope of the case" that "the defendant will be allowed to plead anew in response to an amended complaint." *Id.*

In that vein, and as to the precise issue presented here—whether a new counterclaim may be pleaded in response to an amended complaint as a matter of right as Abboud contends—a review of persuasive authority demonstrates that there have been three general approaches taken by courts in resolving the issue, coined the "narrow, moderate, and permissive" approaches.[2]   *See, e.g., UDAP Indus., Inc. v. Bushwacker Backpack & Supply Co.*, No. CV 16-27-BU-JCL, 2017 WL 1653260, at *2 (D. Mont. May 2, 2017) (collecting authority).   Under the "narrow" approach, "counterclaims as of right are permissible 'only if they directly relate to the changes in the amended complaint.'"   *Id.* (quoting *Port–A–Pour, Inc. v. Peak Innovations, Inc.*, No. 13-cv-01511-WYD-BNB, 2016 WL 1258552, at *2 (D. Colo. March 31, 2016)).   Under the "permissive" approach, "once a plaintiff amends a complaint, the defendant always has a right to amend to bring new counterclaims, without regard to the scope of the amendments."   *Id.* (quoting *Elite Ent., Inc. v.*

---

[2] It does not appear that the Eleventh Circuit has directly spoken on this issue.   I also note that the cases cited by Taser do not really address this issue, as those cases either concern establishing good cause for amendment of scheduling order deadlines, *see, e.g., Sosa v. Airprint Sys. Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002), or untimely counterclaims that were not filed in response to an amended pleading, *see, e.g., Supermedia, LLC v. W.S. Mktg., Inc.*, No. 8:11-cv-296-T-33TBM, 2011 WL 6318023, at *3 (M.D. Fla. Dec. 16, 2011).

*Khela Brothers Ent.*, 227 F.R.D. 444, 446 (E.D. Va. 2005)).   Under the "moderate"

approach, counterclaims are permitted in response to an amended complaint

without leave of court "only when the amended complaint changes the theory or

scope of the case, and then, the breadth of the changes in the amended response

must reflect the breadth of the changes in the amended complaint."   *Id.* at *3

(quoting *Bern Unlimited, Inc. v. Burton Corp.*, 25 F. Supp. 3d 170 (D. Mass. 2014)).

*See also Bibb Cty. Sch. Dist. v. Dallemand*, No. 5:16-CV-549 (MTT), 2019 WL 1519299,

at *3 & n.6 (M.D. Ga. Apr. 8, 2019) (discussing approaches); *CMI Roadbuilding, Inc.*

*v. Iowa Parts, Inc.*, No. 16-CV-33-LRR, 2017 WL 9440803, at *4 (N.D. Iowa June 8,

2017), *report and recommendation adopted*, 2017 WL 2829623 (N.D. Iowa June 30, 2017)

(same); *Buffalo Wild Wings, Inc. v. Buffalo Wings & Rings, LLC*, No. 09-CV-1426

(JRT/SER), 2011 WL 2261298, at *3–4 (D. Minn. Mar. 21, 2011) (same); *Uniroyal*

*Chem. Co. v. Syngenta Crop Prot., Inc.*, No. 3:02CV02253 (AHN), 2005 WL 677806, at

*2 (D. Conn. Mar. 23, 2005) (same).

Upon review of these cases, it appears that a majority follow the "moderate"

approach.   *See Dallemand*, 2019 WL 1519299, at *3 (collecting cases).[3]   And, I will

---

[3] I note that some courts have rejected all three approaches, finding that "the better approach is to simply apply the Rule 15 standard equally to amended complaints and amended (or new) counterclaims."   *See Bern Unlimited*, 25 F. Supp. 3d at 179.   *See also Dallemand*, 2019 WL 1519299, at *4; *Setai Hotel Acquisition, LLC v. Miami Beach Luxury Rentals, Inc.*, No. 16-21296-Civ-Scola, 2017 WL 4868638, at *1 (S.D. Fla. June 1, 2017).   Given that Abboud requests, in the alternative, that if the Court finds the counterclaims untimely, he be given leave of Court to include them in his answer to the amended supplemental

respectfully recommend that the Court adopt such approach here, as it appears to be the most in line with the guidance from the Eleventh Circuit in *Krinsk*. *See Krinsk*, 654 F.3d at 1202 (stating that "the defendant will be allowed to plead anew in response to an amended complaint, as if it were the initial complaint, when the amended complaint . . . changes the theory or scope of the case." (citations and internal quotation marks omitted)). Indeed, "[i]f every amendment, no matter how minor or substantive, allowed defendants to assert counterclaims or defenses as of right, claims that would otherwise be barred or precluded could be revived without cause. This would deprive the Court of its ability to effectively manage the litigation." *Regions Bank v. Commonwealth Land Title Ins. Co.*, No. 11-23257-CIV, 2012 WL 5410948, at *3 (S.D. Fla. Nov. 6, 2012) (quoting *E.E.O.C. v. Morgan Stanley & Co.*, 211 F.R.D. 225, 227 (S.D.N.Y. 2002)).

Based on the foregoing, I will respectfully recommend that the Court reject Abboud's contention that given Taser's filing of an amended supplemental complaint, Abboud was entitled to file counterclaims as a matter of right in response. *See* Doc. No. 557. [4]   Neither party really addresses whether the

---

complaint, Doc. No. 557, at 8, I will address leave to amend under Rule 15 herein. Under either this approach or the moderate approach, I will recommend that the Court decline to permit leave to assert the counterclaims at this stage of the litigation.

[4] For the same reasons, I find Abboud's reliance on *Berrada v. Cohen*, No. 16-574 (SDW) (LDW), 2017 WL 6513954 (D.N.J. Dec. 20, 2017) unpersuasive, to the extent that the court held otherwise.

amended supplemental complaint changed the theory or scope of the case, such that Abboud's counterclaims would be responsive to the change in scope or theory, and thus proper. *See* Doc. No. 555, 557. Abboud makes a singular statement that Taser "expand[ed] claims," but he only points to six paragraphs of the amended supplemental complaint. Doc. No. 557, at 4 & n.2. Those paragraphs, though, do not appear to significantly expand the scope of this case, *see* Doc. No. 543 ¶¶ 39, 42, 43, 44, 57, 58,[5] nor does Abboud otherwise explain how they do. *See id.* Nor does

---

[5] The paragraphs at issue state as follows:

39. Abboud and Robinson both had signatory authority on Phazzer Electronics and Phazzer IP's Wells Fargo bank accounts. At the time of the transfer, Abboud was listed on Phazzer IP's checking account as its "Manager" and as a "Key Executive with Control of the Entity."

42. Separately, Phazzer IP diverted funds from Phazzer Electronics' customer Indonusa Megantara Prima into its own account, including $9,262 on April 17, 2017, which was then paid to Abboud days later in this exact amount.

43. The second Phazzer IP invoice also dated June 13, 2017 covers a 41-month period from January 2014 through May 2017 claiming $185,553.16 in alleged royalties and administrative fees, and notating payments from Phazzer Electronics of $159,213.62 and $5,000.

44. Wells Fargo bank records reflect an additional $5,000 check written by Robinson on Phazzer Electronics' account and deposited by Robinson into Phazzer IP's account on June 19, 2017.

57. At Abboud's direction virtually all of Phazzer Electronics' customer accounts, contracts, and law enforcement contacts were "copied over" to Phazzer Global in or after 2017 in response to the Injunction. Phazzer Electronics' entire web-based customer list was moved to Phazzer Global's website: https://phazzerglobal.com/wp-content/uploads/wc-customers-report-export-16244353464365.csv.

58. Also transferred from Phazzer Electronics to Phazzer Global was a list of 225 law enforcement agencies then using Phazzer Enforcer CEWs in United States: https://phazzerglobal.com/wp-content/uploads/2020/08/LE-

Abboud explain how his counterclaims for tortious interference with business relationships with non-parties, which relate to Taser bringing a separate patent infringement lawsuit, are responsive to such allegations. *See, e.g.*, *CMI Roadbuilding*, 2017 WL 9440803, at *5–6, *report and recommendation adopted*, 2017 WL 2829623 (rejecting new counterclaim added in response to amended complaint where the defendant failed to demonstrate same). And it appears that the information at issue in the counterclaims, *i.e.*, the lawsuit in *Axon Enterprises, Inc. v. Phazzer Electronics, Inc. et al.*, 6:19-cv-1721-PGB-DCI, was available to Abboud prior to filing his initial answer. *See* Doc. No. 469. Thus, applying the moderate approach, Abboud was required to seek leave of Court to amend his answer to add counterclaims. *See, e.g.*, *CMI Roadbuilding*, 2017 WL 9440803, at *5, *report and recommendation adopted*, 2017 WL 2829623. Given that he did not, his counterclaims are due to be stricken. *See, e.g.*, *Tinnus Enters., LLC v. Telebrands Corp.*, No. 6:16-CV-00033-RWS, 2017 WL 11630433, at *2 (E.D. Tex. July 11, 2017); *CMI Roadbuilding*, 2017 WL 9440803, at *5–6, *report and recommendation adopted*, 2017 WL 2829623; *Elite Ent.*, 227 F.R.D. at 448.

Abboud requests that, should his counterclaims be deemed untimely, the Court treat his answer as a motion to amend to allow counterclaims, and permit

_____

Agencies-Using-the-Phazzer-Enforcer-2019.xlsx.

him leave to amend his answer to assert same. Doc. No. 557, at 8. However, besides reiterating his argument that the counterclaims were properly filed, and a confusing argument that he could not move for leave to assert counterclaims prior to Taser filing the amended supplemental complaint, Abboud fails to support this argument. *See id.* at 8–11. Given the history of this litigation, that the deadline for amending pleadings expired on July 29, 2022, *see* Doc. No. 512, that the counterclaims were not filed until September 15, 2022, *see* Doc. No. 546, that these counterclaims do not appear responsive to *any* allegations of the amended supplemental complaint, *see* Doc. No. 543, that the counterclaims appear to relate to information available to Abboud well before the time of filing his initial answer, *see* Doc. No. 469; *Axon Enterprises, Inc. v. Phazzer Electronics, Inc. et al.*, 6:19-cv-1721-PGB-DCI, and that Abboud himself acknowledges that he could file these claims independent of this litigation, *see* Doc. No. 557, at 10, I will respectfully recommend that the Court deny the request for leave to amend to assert the counterclaims. *See, e.g.*, *Tinnus Enters.*, 2017 WL 11630433, at *2 (finding leave to amend counterclaims in response to amended complaint should not be permitted where the counterclaims were not responsive to the amended complaint, were based on information available to the defendant at the time of filing its initial answer, and there was lengthy delay); *Elite Ent.*, 227 F.R.D. at 447 (denying alternative request

for leave to amend to assert counterclaims due to undue delay and prejudice to the plaintiff).[6]

For these reasons, I will respectfully recommend that Taser's motion to strike the counterclaims (Doc. No. 555) be granted, and that the Court strike Abboud's counterclaims from his answer to the amended supplemental complaint.  *See* Doc. No. 546.  *See also Commonwealth Land Title Ins. Co.*, 2012 WL 5410948, at *2 ("Striking is appropriate where, for example, a party fails to seek leave of court before filing an unauthorized pleading.").  Given that the counterclaims should be stricken, I will further recommend that Taser's motion to dismiss the counterclaims (Doc. No. 556) be denied as moot.[7]

---

[6] Abboud also makes a conclusory argument that striking his counterclaims would deny him due process and equal protection of the law because it could result in his default.  Doc. No. 557, at 11.  Not so, given that the undersigned recommends only that the counterclaims be stricken and that the remainder of Abboud's answer stand.  Moreover, Abboud acknowledges that these counterclaims are permissive, and that he would not be precluded from asserting same in separate litigation.  *See id.* at 10.

[7] Even if this Court disagreed and found the counterclaims timely filed in response to the amended supplemental complaint, and thus the motion to dismiss is not moot, Taser's arguments in the motion to dismiss that Abboud's counterclaims are precluded by the litigation privilege are well taken.  *See* Doc. No. 556, at 3–5.  The litigation privilege may be addressed at the motion to dismiss stage where "the complaint affirmatively and clearly shows the conclusive applicability of the defense to bar the action."  *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1277 (11th Cir. 2004) (citations and internal quotation marks omitted).  Here, Abboud's counterclaims for tortious interference with business relationships are premised solely on Taser's filing of the patent infringement lawsuit in *Axon Enterprises, Inc. v. Phazzer Electronics, Inc. et al.*, 6:19-cv-1721-PGB-DCI.  Doc. No. 546.  Upon review, it appears that the litigation privilege bars such claims.  *See, e.g.*, *Wyndham Vacation Ownership, Inc. v. Montgomery L. Firm, LLC*, No. 8:19-cv-1895-T-36CPT, 2020 WL 2128498, at *7 (M.D. Fla. May 5, 2020) ("To the extent that Defendants' counterclaims are

B.      Motion to Strike Abboud's Response.

Next, Taser moves to strike from Abboud's response to the motion to dismiss (Doc. No. 562) several allegedly "scandalous, inflammatory, and irrelevant materials" pursuant to Federal Rule of Civil Procedure 12(f).   Doc. No. 566.   Upon consideration, I will respectfully recommend that this request be denied as procedurally improper.

"The plain language of Rule 12(f) is limited to striking *pleadings*, which include complaints, answers, and court-ordered replies to answers.   Thus, a motion to strike is not the proper vehicle for challenging matters not contained in pleadings."   *Pyzynski v. Thomas & Betts Corp.*, No. 6:16-cv-1998-Orl-40DCI, 2017 WL 9510591, at *1 (M.D. Fla. Nov. 16, 2017) (emphasis in original) (citing Fed. R. Civ. P. 7(a)).   "A response in  opposition  to  a motion to dismiss  is  not  considered  a

---

based on the filing of lawsuits, the Court agrees that the litigation privilege bars such claims." (citing *Pace v. Bank of N.Y. Mellon Tr. Co. Nat'l Ass'n*, 224 So. 3d 342, 345 (Fla. 5th Dist. Ct. App. 2017) ("In the context of a tortious interference with business relationships claim, the act of filing the complaint is subject to absolute immunity under the litigation privilege."))); *Palaxar Grp., LLC v. Williams*, No. 6:14-cv-758-Orl-28GJK, 2014 WL 5059286, at *10 (M.D. Fla. Oct. 2, 2014) (finding litigation privilege "clearly barred" claims for tortious interference premised on allegation that filing of separate litigation caused damages).   And I find Abboud's reliance on *Debrincat v. Fischer*, 217 So. 3d 68 (Fla. 2017) to argue otherwise unpersuasive, as that case concerned claims of malicious prosecution. Abboud's reliance on *Sun Life Assurance Co. of Canada v. Imperial Premium Fin., LLC*, 904 F.3d 1197, 1219 (11th Cir. 2018) is also misplaced, as that case holds only that "Florida's litigation privilege would [not] immunize a defendant from a breach of contract claim where the act that allegedly breached the contract was the filing of a lawsuit."

Thus, I will alternatively recommend that the Court grant Taser's motion to dismiss the counterclaims (Doc. No. 556) on this basis.

pleading." *Kornagay v. Diedeman*, No. 3:17-cv-795-J-34MCR, 2018 WL 4333543, at *8 (M.D. Fla. Sept. 11, 2018).   Accordingly, the motion to strike Abboud's response to the motion to dismiss should be denied as procedurally improper.   *See id.   See also Halbig v. Lake Cty., Fla.*, No. 5:22-cv-106-JA-PRL, 2022 WL 17542867, at *4 (M.D. Fla. Sept. 13, 2022), *report and recommendation adopted*, 2022 WL 17542904 (M.D. Fla. Oct. 4, 2022) ("Motions, briefs or memoranda, objections, or affidavits may not be attacked by [a] motion to strike." (quoting *Eubanks v. Henry Cty., Ga*, No. 1:11-cv-3969-AJB, 2014 WL 1309338, *2 (N.D. Ga. March 31, 2014))); *Pyzynski*, 2017 WL 9510591, at *1 (collecting authority for proposition that "Rule 12(f) motions to strike other filings (such as other motions, responses, or exhibits) are routinely denied as improper.").

C.   <u>Motion for Judgment on the Pleadings</u>.

Finally, Abboud moves for judgment on the pleadings, arguing that Count I of the amended supplemental complaint (the only claim against him) fails to state a claim upon which relief can be granted, and relatedly, fails to provide constitutionally sufficient notice of the claim pursuant to Federal Rule of Civil Procedure 8(a).   Doc. No. 570.   Taser opposes.   Doc. No. 581.   Each of Abboud's arguments, and Taser's response in opposition, will be addressed in turn.

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings after the pleadings are closed.   "Federal district courts have

applied a fairly restrictive standard in ruling on motions for judgment on the pleadings." *Doe v. Mann*, No. 6:05-cv-259-Orl-31DAB, 2006 WL 3060036, at \*1 (M.D. Fla. Oct. 26, 2006) (citation and quotation marks omitted). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001) (citing *Mergens v. Dreyfoos*, 166 F.3d 1114, 1117 (11th Cir. 1999)). "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) (citing *Stanton v. Larsh*, 239 F.2d 104, 106 (5th Cir. 1956)). "In determining whether a party is entitled to judgment on the pleadings, [courts] accept as true all material facts alleged in the non-moving party's pleading, and [courts] view those facts in the light most favorable to the non-moving party." *Id.* (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir.1998)). Generally, "[a] motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6)." *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018) (citing *Hawthorne*, 140 F.3d at 1370).

Here, in Count I of the amended supplemental complaint, Taser alleges a claim of "veil piercing/alter ego liability" against Abboud. Doc. No. 543, at 19. Taser claims that Abboud so dominated and controlled Phazzer that he was its alter

ego and used Phazzer for improper purposes, including the siphoning of Phazzer's assets for his own personal use.   *Id.* ¶¶ 70–77.   As such, Taser seeks to pierce Phazzer's corporate veil and hold Abboud jointly and severally liable for the entire judgment.   *Id*. ¶ 77 & at pp. 26 ¶¶ A, C.   These allegations mirror those asserted against Abboud in the initial supplemental complaint.   *See* Doc. No. 400 ¶¶ 53–60. As discussed above, the Court previously rejected Abboud's request to dismiss the initial supplemental complaint against him for failure to state a claim.   *See* Doc. No. 462.   *See also* Doc. No. 441.

In the present motion, Abboud first argues that Taser fails to adequately allege a claim of veil piercing/alter ego liability because Taser fails to allege any injury by Abboud's allegedly fraudulent or improper use of Phazzer's corporate form.   Doc. No. 570, at 4–5.   As Taser argues in response, however, Taser alleges injury by Abboud's actions in the amended supplemental complaint.   *See* Doc. No. 543 ¶ 76 (alleging that Abboud's transfers of Phazzer's assets to other entities within his control prevented Taser "from satisfying the Judgment to its further detriment"); *id.* ¶¶ 25–69 (specifying alleged fraudulent transfers).   *See also id.* ¶ 83 (alleging Taser has been harmed and unable to satisfy the Judgment due to fraudulent transfers by Abboud on behalf of Phazzer).   Accordingly, I will recommend that the Court reject Abboud's argument that Taser has failed to adequately allege injury and/or causation.   *See, e.g.*, *Reel Deal Yachts, Inc. v. Smith*,

No. 1:22-CV-20092-JLK, 2022 WL 579500, at *3 (S.D. Fla. Feb. 25, 2022) (denying motion to dismiss claim to pierce the corporate veil where the complaint alleged that after a debt became due to the plaintiff, the defendants sold property and transferred funds away from the entity defendant to the individual defendant, making it impossible for the plaintiff to collect from the entity defendant). *See also Bodenhamer Bldg. Corp. v. Architectural Rsch. Corp.*, 873 F.2d 109, 112 (6th Cir. 1989) (affirming judgment piercing corporate veil based on a "fraudulent shell game" preventing the plaintiff from collecting on its judgment).

Next, Abboud argues that "under Florida law the corporate veil can only be pierced as to shareholding owners," and thus, because Taser does not allege that Abboud owns shares of Phazzer, and the evidence demonstrates he did not, Taser does not state a claim for veil piercing/alter ego liability. Doc. No. 570, at 6–8. Taser disagrees, contending that a corporate veil may be pierced as to non-shareholders, and arguing that Abboud is the true owner of Phazzer, Abboud installed his cousin Deirdra French and her spouse Kirk French as the sham owners of the company, and thus based on the familial relationship, Abboud is subject to alter ego liability. Doc. No. 581, at 9–12.

On review, I agree with Taser that it has pleaded sufficient facts to withstand Abboud's motion. *See* Doc. No. 543 ¶¶ 9–19, 71 (alleging that Abboud designated the Frenches as fictitious owners and officers of Phazzer to conceal his own control,

assets, and ownership interests in the company).   *See, e.g., Kremer v. Lysich*, No. 3:19-cv-887-BJD-JBT, 2021 WL 6125467, at *7 (M.D. Fla. Oct. 26, 2021), *report and recommendation adopted by* No. 3:19-cv-887-BJD-JBT, Doc. No. 226 (M.D. Fla. Feb. 18, 2022) (denying summary judgment on corporate veil piercing claim where "although it is not clear exactly when a non-shareholder can be liable under corporate veil piercing in Florida, the situation in the present case, in which Petr as the patriarch is alleged to control and dominate companies owned by his sons and nephew, may fit within the line of cases permitting such liability"); *SE Prop. Holdings, LLC v. Phillips*, No. 3:15CV554/MCR/EMT, 2016 WL 11529614, at *4 (N.D. Fla. May 4, 2016) ("The Complaint and attached documents are replete with references to Phillips's improper use, or disregard, of the corporate entities, as outlined above, which he was allegedly able to accomplish because of his 'owner' status, and therefore, the fact that he allegedly took pains to ensure that he personally does not appear as a 'shareholder' of HCB or Phillips Capital, should not bar relief as a matter of law.").[8]

---

[8] I note Abboud's reliance on *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1351 (11th Cir. 2011), in which the Court predicted that the Florida Supreme Court would decide that Florida law "does not permit a plaintiff to pierce the corporate veil against a non-shareholder director."   In *Molinos*, however, the Court distinguished the situation as one involving a subsidiary corporation, and from cases in which there was a familial relationship between the defendant and the shareholder of the corporation.   633 F.3d at 1350.   Based on the allegations in this case, as well as its procedural posture, I find *Molinos* distinguishable, and will recommend that the Court reject Abboud's invitation to enter judgment in his favor on the veil piercing/alter ego claim at this stage of the litigation

Abboud also argues that "not a single fraudulent or preferential conveyance to Abboud is alleged anywhere" in the amended supplemental complaint sufficient to satisfy Fla. Stat. §§ 725.01, 726.105, 726.106, 726.109, and that the amended supplemental complaint "avers only a number of speciosities."   Doc. No. 570, at 8–10.   As Taser argues in response, *see* Doc. No. 581, at 12, given that Taser does not assert a statutory fraudulent transfer claim against Abboud, Abboud's argument itself is specious. [9]   Relatedly, Abboud's confusingly written but apparent argument that such claims of fraudulent transfer are time-barred appears to be irrelevant.   *See* Doc. No. 570, at 9–10. [10]

---

based on his status as a non-shareholder alone.   *See, e.g.*, *Kremer*, 2021 WL 6125467, at *7 (permitting veil piercing claim to proceed past summary judgment even where the defendant was not a shareholder of the entities at issue, where the defendant's wife and son were the shareholders of the group, distinguishing *Molinos*); *Phillips*, 2016 WL 11529614, at *4 (distinguishing *Molinos* in denying motion to dismiss on arguments similar to those raised by Abboud); *NetJets Aviation, Inc. v. Peter Sleiman Dev. Grp., LLC*, No. 3:10-cv-483-J-32MCR, 2011 WL 11552881, at *1 (M.D. Fla. Sept. 27, 2011) ("[T]he undersigned finds it to be a close question as to whether a non-shareholder can serve as an alter-ego under Florida law.   However, at the pleadings stage, the Court is unprepared to adopt [such a] broad reading of [*Molinos*], which would foreclose further consideration of whether the 'family unit' exception or any others are applicable here.").

[9] As Taser points out, the allegations Abboud attacks, *see* Doc. No. 570, at 9–12, relate to Taser's argument that Abboud exercised control over Phazzer and misused Phazzer's corporate form, and thus the corporate veil should be pierced, not that any fraudulent conveyances to Abboud should be undone.

[10] Abboud also refers to allegations that certain real estate was purchased by Kirk French and sold to Abboud, stating that the allegations related thereto fail to provide sufficient notice under Rule 8(a) because Taser does not allege when mortgage payments related to that real estate were made, Taser has failed to implead French as a defendant, and Abboud lacks sufficient facts to know whether to implead French or to otherwise defend against this claim.   *See* Doc. No. 570, at 10.   Abboud's point is not entirely clear, and the argument does not appear to be relevant to the veil piercing/alter ego claim,

Finally, as to Abboud's general argument that Taser fails to adequately state a claim of veil piercing/alter ego liability, or that the veil piercing/alter ego liability claim as set forth in the amended supplemental complaint fails to provide adequate notice under Rule 8(a), I will respectfully recommend that the Court reject such contentions for the same reasons it denied Abboud's motion to dismiss the initial supplemental complaint.   *See* Doc. No. 462, at 5 (adopting Report and Recommendation regarding Abboud's motion to dismiss after Abboud did not object), Doc. No. 441, at 18–21 (Report and Recommendation detailing why the allegations of the initial supplemental complaint as to the veil piercing/alter ego liability claim, which are substantially similar to those of the amended supplemental complaint, are sufficient under Rule 8(a)).

For these reasons, I will respectfully recommend that the Court deny Abboud's motion for judgment on the pleadings (Doc. No. 570).

---

instead again relating to Abboud's arguments that Taser has failed to properly plead fraudulent conveyances.  As discussed herein, Taser does not raise such a claim against Abboud.  Thus, the argument has not been given further consideration in that regard. And to the extent that Abboud is arguing that French is a necessary party to these proceedings, I will respectfully recommend that the Court reject such argument, as Abboud has been aware of the allegations related to the Frenches since the filing of Taser's initial complaint, *see* Doc. No. 400, has not moved to include the Frenches in this proceeding, and the deadline for adding parties expired on July 29, 2022, *see* Doc. No. 512.

## III.   RECOMMENDATION.

For the reasons discussed herein, it is respectfully **RECOMMENDED** that the Court:

1.   **GRANT** Taser's Motion to Strike Abboud's Counterclaims (Doc. No. 555), and **STRIKE** Abboud's counterclaims from his September 15, 2022 answer (Doc. No. 546);

2.   **DENY as moot** Taser's Motion to Dismiss Abboud's Counterclaims (Doc. No. 556);

3.   **DENY** Taser's Motion to Strike Inflammatory Material from Abboud's Opposition (Doc. No. 566); and

4.   **DENY** Abboud's Motion for Judgment on the Pleadings (Doc. No. 570).

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   11th Cir. R. 3-1.

Recommended in Orlando, Florida on January 27, 2023.

_Leslie Hoffman Price_

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy