**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

TASER INTERNATIONAL, INC.,

    Plaintiff,

v.                                                    Case No:   6:16-cv-366-PGB-LHP

PHAZZER ELECTRONICS, INC.,
STEVEN ABBOUD, PHAZZER
GLOBAL LLC, PHAZZER IP, LLC
and PHAZZER LLC,

    Defendants

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** TASER'S MOTION TO COMPEL ABBOUD'S INTERROGATORY RESPONSES (Doc. No. 569)
>
> **FILED:** November 2, 2022
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

By the present motion, judgment creditor Taser International, Inc., n/k/a Axon Enterprise, Inc. ("Taser") moves to compel impleaded defendant, Steven Abboud's ("Abboud") answers to Taser's First Set of Interrogatories, specifically

Interrogatories 5 and 8.  Doc. No. 569.  *See also* Doc. No. 569-1 (Abboud's verified answers to the interrogatories).  Taser also requests sanctions.  Doc. No. 569, at 4.  Abboud opposes.  Doc. No. 573.[1]  For the reasons set forth herein, the motion will be granted.

The interrogatories at issue and Abboud's answers thereto provide as follows:

**INTERROGATORY #5:**

Identify all managers, members, employees, and owners of Phazzer Global LLC, Phazzer IP LLC, Phazzer LLC, dba Phazzer Electronics Taiwan, and Leonidas IP LLC from inception to the present, specifying for each their entity affiliation, title or role, ownership percentage, and affiliation timeframe.

**ANSWER:** Subject to and without waiving the forgoing or following objections, ABBOUD testifies that he has obtained the consent of the other members of Phazzer, LLC to reveal and only to reveal that he owns a 39% pro rata minority interest in the company and that he is a manager there.  Subject to and without waiving the forgoing or following objections, ABBOUD testifies that he owns no current right, title, or interest whatsoever in or to Phazzer Global LLC, Phazzer IP LLC, Double Dragon Development and Trading Corporation, or Leonidas IP LLC.  ABBOUD objects that he has no possession, custody, or control of nor the legal right to divulge information or any other information, especially, financial information of Phazzer Global, LLC, Phazzer IP, LLC, Phazzer, LLC, nor Leonidas IP, LLC, or Double Dragon Development and Trading Corporation.  Again, per Fla. Stat. 812.081, ABBOUD would be committing a felony if he did so furnish

---

[1] In response, Abboud suggests that Taser's motion relates to Interrogatories 5, 7, and 8.  Doc. No. 573.  However, given that Taser's motion addresses only Interrogatories 5 and 8, this Order and the rulings made herein pertain to Interrogatories 5 and 8 alone.

such information to AXON.  AXON's discovery would be best directed to the Party or non-party whose information it seeks via Rule 33 or a Rule 45 subpoena *duces tecum*.  Subject to and without waiving the forgoing or following objections, ABBOUD testifies further solely on information and belief that Phazzer Electronics Taiwan is a dba of Double Dragon Development and Trading Corporation.  Subject to and without waiving the forgoing or following objections, ABBOUD also testifies that he has no knowledge of Double Dragon Development and Trading Corporation's managers, members, employees, and owners, except those persons that he may have contacted in relation to purchases of its products and on behalf of one or more companies where ABBOUD works or worked.   Reiterating the above objection on same bases, ABBOUD responds that he has no possession, custody, or control of nor the legal right to divulge any other information sought and which he has not already testified hereto.

**INTERROGATORY #8:**

Describe in detail Your ownership history of Phazzer Intellectual Property from initial application through any and all assignments to or from any Third Party, including your present ownership interest through Leonidas IP or any other entity.  Identify all payments or other compensation made to or from You in consideration of any assignment or transfer of Phazzer Intellectual Property, and Identify all Documents and Communications concerning such assignments or transfers.

**ANSWER:** Subject to and without waiving the forgoing or following objections, ABBOUD testifies that he owns no Phazzer Intellectual Property or interest therein "through" Leonidas IP, LLC or any other entity.  Subject to and without waiving the forgoing or following objections, ABBOUD testifies that he currently owns no Phazzer Intellectual Property.  Subject to and without waiving the forgoing or following objections, ABBOUD testifies that his ownership history of Phazzer Intellectual Property is as stated in his response to Interrogatory No. 7 and as detailed in public records of the United States Patent and Trademark Office available at:

>   1)   [https://patft.uspto.gov/netacgi/nph-Parser?Sect1=PTO2&Sect2=HITOFF&u=%2Fnetahtml%2FPTO%2Fsearchadv.htm&r=0&p=1&f=S&l=50&Query=in%2Fabboud-steven%0D%0A&d=PTXT](https://patft.uspto.gov/netacgi/nph-Parser?Sect1=PTO2&Sect2=HITOFF&u=%2Fnetahtml%2FPTO%2Fsearchadv.htm&r=0&p=1&f=S&l=50&Query=in%2Fabboud-steven%0D%0A&d=PTXT),
>
>   2)   [https://assignment.uspto.gov/patent/index.html#/patent/search/resultAssignee?assigneeName=PHAZZER%20IP,%20LLC](https://assignment.uspto.gov/patent/index.html#/patent/search/resultAssignee?assigneeName=PHAZZER%20IP,%20LLC), and
>
>   3)   [https://assignment.uspto.gov/patent/index.html#/patent/search/result?id=Steven%20Abboud&type=patAssignorName](https://assignment.uspto.gov/patent/index.html#/patent/search/result?id=Steven%20Abboud&type=patAssignorName),

which ABBOUD testifies in confirmation are accurate.  Subject to and without waiving the forgoing or following objections, ABBOUD testifies that on patents coinvented with his long-term friend and business associate Chi Myin Chang, they had an oral understanding between them that ABBOUD would assign any of his contributions to inventions of primary interest to Chang to the entity Chang designated and without compensation, and Chang would assign any of his contributions to inventions of primary interest to ABBOUD to the entity ABBOUD designated and without compensation.  Subject to and without waiving the forgoing or following objections, ABBOUD testifies on information and belief, Chang was obligated to assign his here pertinent patents to Leonidas IP, LLC and that ABBOUD accepted Chang's representation that Leonidas IP, LLC was agreeable to the exchange.  Subject to and without waiving the forgoing or following objections, ABBOUD testifies that he holds a 39% equity interest in Phazzer, LLC, which information of its and only which information of its, the other members of the LLC have consented to his releasing, and that he has contributed some of his inventions to the corporation solely in hopes of increasing the company's profitability and growth.  Subject to and without waiving the forgoing or following objections, ABBOUD testifies that Phazzer, LLC may have paid related legal expenses and other costs of the transfers and applying for patent protection.  ABBOUD, finally, objects to responding further because he has no possession, custody, or control of nor the legal right to divulge additionally responsive information which belongs to other Party(s) in this case besides himself, other "Third Parties", or is

- 4 -

> otherwise owned by others. Again, per Fla. Stat. 812.081, ABBOUD would be committing a felony if he did so furnish the information to AXON. AXON's further discovery on issue would be best directed to the involved Party or non-party who the USPTO records or other responses indicate actually possess the information it seeks, via Rule 33 or a Rule 45 subpoena *duces tecum*.

Doc. No. 569-1, at 6–7, 12–14.

In its motion, Taser argues that Abboud's answers to the interrogatories are deficient, as they merely state that Abboud "currently" owns no Phazzer Intellectual Property, or that he has not "current right, title, or interest" in the subject entities, and improperly claims that Abboud cannot provide responsive information belonging to third parties. Doc. No. 569.

The Court agrees. Plainly, based on a review of Abboud's answers to the interrogatories, Abboud does not answer the questions asked.

In response to the motion to compel, Abboud makes four arguments: (1) Taser is seeking to "forestall" the close of discovery, and Taser could have just asked Abboud about his interrogatory answers during deposition; (2) the discovery is redundant, as Taser has discovered all of the requested information from other parties, and the motion was calculated to annoy, harass, and oppress Abboud; (3) the Court must presume as true Abboud's response that documents are not within his current possession, custody, or control; and (4) the information sought by Interrogatory 8 is irrelevant because the supplemental complaint (Doc. No. 543)

- 5 -

does not allege that the judgment debtor ever owned or conveyed Phazzer Intellectual Property, nor does the supplemental complaint seek to recover intellectual property from impleaded defendants.  Doc. No. 573.

Upon review, the Court agrees with Taser in toto.  To begin, Abboud's response itself is due to be stricken for failure to comply with my Standing Order on Discovery Motions.  *See* Doc. No. 508, ¶ 2 (stating that no motion to compel or response shall exceed 500 words); *id.*, at 2 (stating that the Court may impose appropriate sanctions for failure to comply with this Order).  Accordingly, the Court would be well within its authority to strike the response and treat Taser's motion to compel as unopposed.  *See Gaudreau v. My Pillow, Inc.*, No. 6:21-cv-1899-CEM-DAB, 2022 WL 17416653, at *1 (M.D. Fla. Oct. 24, 2022) (striking response to motion to compel both for late filing and for exceeding 500 word requirement in similar standing discovery order); *Nuvasive, Inc. v. Absolute Med., LLC*, No. 6:17-cv-2206-CEM-GJK, 2021 WL 7186136, at *1 (M.D. Fla. Aug. 20, 2021), *reconsideration denied*, 2021 WL 7186135 (M.D. Fla. Aug. 27, 2021) (same).

But even considering the merits of Abboud's response, the Court finds each of Abboud's arguments wholly unpersuasive.  First, as to any contention by Abboud that Taser was seeking to "forestall" the December 15, 2022 close of discovery, any argument in that regard appears to be moot, given that the Court has extended the discovery deadline through April 14, 2023.  *See* Doc. No. 585, at

2. And the Court finds Abboud's argument that Taser could just ask Abboud about the interrogatory responses at deposition unpersuasive. *See, e.g., Beijing Choice Elec. Tech. Co. v. Contec Med. Sys. USA Inc.*, No. 18 C 0825, 2020 WL 1701861, at *6 (N.D. Ill. Apr. 8, 2020) ("Contec cannot refuse to substantively respond to an interrogatory simply because the interrogatory seeks information that has been provided elsewhere in the case through other discovery methods, such as a deposition. 'It is long standing and well-settled that methods of discovery are complementary, rather than alternative or exclusive.'" (quoting *Yater v. Powderhorn Ski Co.*, No. 17-cv-01298-LTB-NYW, 2018 WL 776361, at *7 (D. Colo. Feb. 8, 2018))); *Meltzer/Austin Rest. Corp. v. Benihana Nat'l Corp.*, No. A-11-CV-542-LY, 2013 WL 2607589, at *4 n.5 (W.D. Tex. June 10, 2013) (finding that even if deposition provided satisfactory answers, "it would not obviate the need . . . to provide interrogatory answers in accordance with the Federal Rules of Civil Procedure.").

Second, even if Abboud were correct in his argument that Taser could have or has obtained the information sought by the interrogatories from third parties, this does not relieve Abboud of his obligation to fully answer the interrogatories. *See Beijing Choice Elec. Tech.*, 2020 WL 1701861, at *6 ("A party is not prevented from obtaining an interrogatory response just because the information requested by the interrogatory is similar to other discovery already obtained.").

Third, as to Abboud's objection to responding to the interrogatories for lack of "current right, title, or interest whatsoever" in the various entities, or because "he has no possession, custody, or control" of the information, the Court overrules the objection to the extent that the interrogatories seek historical information or information currently available to Abboud. *See* Doc. No. 569-1, at 6–7, 13–14. For example, Interrogatory 5 seeks in part identification of "managers, members, employees, and owners" of the listed entities "from *inception*," and Interrogatory 8 seeks in part "ownership *history* of Phazzer Intellectual Property," payments related to past assignments or transfer of Phazzer Intellectual Property, and past communications regarding the assignments or transfers. *Id.* So, Abboud's *current* interest in the various entities, and Abboud's *current* possession, custody, or control of the various entities' information, does not appear to be relevant to this historical data sought by the interrogatories.[2] And given the record in this case, Abboud would be hard pressed to convince the Court that he would not have available to him any responsive information to these interrogatories. *See, e.g.*, Doc. No. 505-3 (Phazzer Global LLC's initial disclosures identifying Abboud as "manager during any possible, relevant period and, therefore, the only person of which GLOBAL is

---

[2] Not to mention that at issue are interrogatories, rather than requests for production. *Compare* Fed. R. Civ. P. 33, *with* Fed. R. Civ. P. 34.

aware who might have discoverable testimony"); Doc. No. 533-4 (signed by Abboud as chairman of Phazzer Global LLC); Doc. No. 533-14 (Leonidas IP, LLC operating agreement signed by Abboud as "Member"); Doc. No. 544-27 (identifying Abboud as the manager of Phazzer IP, LLC); Doc. No. 487-1 (stating that Abboud is the "Chief Managing Executive of Phazzer, LLC").

Fourth, Abboud attempts to argue now in response to the motion to compel that the information sought by Interrogatory 8 is irrelevant. Doc. No. 573, at 3–4. The problem for Abboud, however, is that he did not raise a relevancy objection in his answer to Interrogatory 8. *See* Doc. No. 569-1, at 12–14. Thus, the relevancy objection has been waived. Fed. R. Civ. P. 33(b)(4). *See also Abruscato v. GEICO Gen. Ins. Co.*, No. 3:13-cv-962-J-39JBT, 2014 WL 12617735, at *1 (M.D. Fla. May 7, 2014) (citation omitted) ("In general, objections not made in responses to discovery requests are normally waived."). Even if not waived, the objection lacks merit, as the supplemental complaint contains allegations about the improper transfer of Phazzer Intellectual Property. *See, e.g.*, Doc. No. 543 ¶¶ 30–48.

Fifth, in his answers to the interrogatories, Abboud asserts that he "would be committing a felony" if he furnished information to Taser in response to the interrogatories, citing Fla. Stat. § 812.081. Doc. No. 569-1, at 6–7, 14. However, outside of a one sentence reiteration of this objection, *see* Doc. No. 573, at 2, Abboud fails to support this objection in his response to the motion to compel, and thus it is

also deemed waived.  *See, e.g.*, *Jackson v. Geometrica, Inc.*, No. 3:04-cv-640-J-20HTS, 2006 WL 213860, at *1 (M.D. Fla. Jan. 27, 2006) (objections not addressed in response to a motion to compel are generally deemed abandoned).  Moreover, the Court fails to see how the information at issue constitutes trade secrets, or why it would not otherwise be subject to the Protective Order entered by the Court.  *See* Doc. No. 517.

Finally, according to Taser, Abboud has failed to comply with the Court's prior Order requiring supplementation of discovery responses.  Doc. No. 569, at 3. *See* Doc. No. 512, at 4–5 (March 9, 2022 Order).  Abboud does not respond to this argument.  Doc. No. 573.  Given that this motion to compel will be granted, Abboud's amended answers to the interrogatories **must** comply with both the March 9, 2022 Order and the requirements set forth herein.

Taser also requests sanctions, although Taser does not specify the relief it seeks.  Federal Rule of Civil Procedure 37 provides that when, as here, a motion to compel is granted, "the court *must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).  While the rule permits the Court to decline to award sanctions under certain circumstances, Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii), the Court finds no such

circumstances exist here. Rather, Abboud's objections and arguments were either waived, were not supported by any applicable law, or were clearly contrary to prior filings. Moreover, Abboud nowhere addresses Taser's request for sanctions in his response. Accordingly, the request for sanctions is also well taken.

For these reasons, Taser's Motion to Compel Abboud's Interrogatory Responses (Doc. No. 569) is **GRANTED**. On or before **February 10, 2023**, Abboud shall serve on Taser sworn, amended answers to Interrogatories 5 and 8. *See* Doc. No. 569-1. Abboud's amended answers must specifically answer the questions posed by Interrogatories 5 and 8 insofar as the information is available to him. *See Essex Builders Grp., Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005) ("If an appropriate interrogatory is propounded, the answering party will be required to give the information available to him, if any, through his attorney, investigators employed by him or on his behalf or other agents or representative whether personally known to the answering party or not. . . ." (quoting *Cont'l Illinois Nat'l Bank & Trust Co. v. Caton*, 136 F.R.D. 682, 684 (D. Kan. 1991))). **Absent a showing of truly exigent circumstances – which must be supported by admissible evidence – this deadline will not be extended.**

On or before **February 10, 2023**, counsel for Taser and counsel for Abboud shall meet and confer in good faith to determine an amount of reasonable fees and expenses that should be awarded to Taser for the filing of the present motion. The

parties shall file a joint notice of the amount agreed upon by **5:00 p.m. on February 13, 2023**. If the parties are unable to reach an agreement by that time, counsel for Taser shall file a motion, supported by appropriate documentation, for reasonable fees and expenses incurred in filing the present motion. That motion shall be filed by **February 21, 2023.**

**Failure to comply with any aspects of this Order may result in sanctions.** *See* **Fed. R. Civ. P. 37(b)(2).**

A final note. According to Taser's motion as well as email evidence in support, counsel for Abboud—Joelle Bordeaux, Esq.—failed to respond to multiple meet and confer requests regarding this motion. Doc. No. 569, at 5; Doc. No. 569-2; Doc. No. 574-1. Attorney Bordeaux does not address Taser's representations or emails in Abboud's response, and her silence is telling. Such refusal to engage in meet and confers is not well taken. Attorney Bordeaux is reminded of her obligation to "respond promptly to inquiries and communication from opposing counsel." Middle District Discovery (2021) § (I)(B)(2). **Attorney Bordeaux is further cautioned that purposeful evasion of communications under Local Rule 3.01(g) may result in sanctions.** *See* **Local Rule 3.01(g)(3).**

**DONE** and **ORDERED** in Orlando, Florida on January 27, 2023.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties