**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

TASER INTERNATIONAL, INC.,

    Plaintiff,

v.                                                Case No:   6:16-cv-366-PGB-LHP

PHAZZER ELECTRONICS, INC.,
STEVEN ABBOUD, PHAZZER
GLOBAL LLC, PHAZZER IP, LLC
and PHAZZER LLC,

    Defendants

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **TASER'S MOTION TO COMPEL PHAZZER GLOBAL LLC'S PRODUCTION OF DOCUMENTS (Doc. No. 529)**
>
> **FILED:**  **June 16, 2022**
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

In these post-judgment proceedings, on June 16, 2022, judgment creditor Taser International, Inc., n/k/a Axon Enterprise, Inc. ("Taser") filed a motion to

compel related to certain requests for production ("RFPs") served on impleaded defendant, Phazzer Global, LLC ("Phazzer Global").  Doc. No. 529.  In sum, the RFPs seek a variety of documents from Phazzer Global, including tax returns; formation and incorporation documents; documents identifying employees/officers/directors/principals/etc.; financial and ownership interest documents; banking information; real property documents; inventory documents; certain communications; and documents showing asset transfers, among other things.  Doc. 529-1.

Taser's motion generally raises three issues with Phazzer Global's responses to the RFPs:  (1) although in the RFP responses and via testimony from its 30(b)(6) representative, Gustavo Vaca, Phazzer Global has disclaimed any current custody, possession, or control over responsive materials, both the RFPs and Vaca have pointed to a third-party, Michael Coyne, to state that Coyne may have responsive materials, and impleaded Defendant Steven Abboud[1] has since restricted Coyne's access to that information; (2) Vaca was wholly unprepared for his 30(b)(6) deposition, and unable to truly answer the question of whether responsive

---

[1] Steven Abboud has previously identified himself as Phazzer Global's "managing director" or "president."  *See United States v. Phazzer Electronics et al.*, No. 6:20-cr-57-PGB-LHP, Doc. No. 107, at 10 n.8 (M.D. Fla. Dec. 27, 2021).  *See also* Doc. No. 533-3, at 3; Doc. No. 533-4, at 3, 5; Doc. No. 546 ¶ 50.

- 2 -

documents exist; and (3) Abboud clearly has control over the documents at issue, but is improperly disclaiming any current custody, possession, or control over responsive materials because he has no ownership interest in Phazzer Global.   Doc. No. 529.

Phazzer Global opposes the motion.   Doc. No. 530.   Phazzer Global contends that:   (1) it is a "dormant, if not defunct" company, and that its records no longer exist and/or are lost, an assertion that the Court must presume to be true; (2) Taser is seeking documents belonging to a different entity—Phazzer Global, *Inc.* (rather than Phazzer Global *LLC*); and (3) Abboud has never had any ownership interest in Phazzer Global, so he never had possession, custody, or control over any responsive documents.   *Id.*

Upon consideration of the motion and response, the Court issued an order requiring supplemental briefing on the following topics[2]:

- The extent of Phazzer Global's possession, custody, control over the requested documents

- The extent of Coyne's relationship with Phazzer Global, and why

---

[2] To the extent that Phazzer Global argued that Abboud was in prison, and thus, unable to produce documents or conduct the Phazzer entities, *see, e.g.*, Doc. No. 530, at 3; Doc. No. 534, at 6, and the Court required supplemental briefing on this issue, *see* Doc. No. 532, at 2, that issue appears to be moot given that Abboud was sentenced to a five-month prison term on March 24, 2022.   *See United States v. Phazzer Electronics et al.*, No. 6:20-cr-57-PGB-LHP, Doc. Nos. 137, 152, 156 (M.D. Fla.).   Thus, that issue is not further addressed herein.

- 3 -

      he would have the responsive documents

- The extent of Abboud's relationship with Phazzer Global, and whether he has control over the documents

- The extent of Abboud's control over Coyne and ability to prevent him from producing responsive documents

- Whether the discovery is actually directed to a third-party: Phazzer Global Inc.

Doc. No. 532.

Both Taser and Phazzer Global have filed their supplemental briefing, supported by additional evidence. Doc. Nos. 533, 534. With supplemental briefing complete, the matter is ripe for review. Upon consideration, based on the papers,[3] Taser's motion is due to be granted.

As initial matter, it is necessary for the Court to set forth the scope of this discovery dispute, given the arguments made by the parties. Taser's motion is a motion to compel related to *Phazzer Global LLC* alone, and *Phazzer Global LLC's* alleged failure to adequately respond to RFPs. Doc. No. 529. This is not a motion

---

[3] Taser requested a hearing on the matter to address Phazzer Global's "heretofore undisclosed position that . . . Phazzer Global, Inc. . . . owns all Global documents on Phazzer servers." Doc. No. 531. Not only was this request filed before the supplemental briefing order, *see* Doc. No. 532, but the Court finds a hearing unnecessary to address the issue regarding Phazzer Global, Inc., for, as discussed herein, the motion to compel is directed to *Phazzer Global LLC* alone, and the Court compels production by *Phazzer Global LLC* alone. Relatedly, Phazzer Global and Abboud's assertions about Abboud's resignation as Phazzer Global, Inc.'s managing member will not be further addressed.

- 4 -

to compel directed to Steven Abboud. *See id.* Nor is it a discovery motion directed to Phazzer Global, *Inc.*, or to Michael Coyne directly. *See id.* And importantly, it is not a motion for sanctions for Vaca's failure to be adequately prepared for his 30(b)(6) deposition. *See id.* Nor is it a spoliation motion. *See id.* Thus, this Court addresses solely whether *Phazzer Global LLC* has complied with its discovery obligations with respect to responding to the RFPs.

Based on the parties' submissions, the issue boils down to whether documents responsive to the RFPs even exist. And even more narrowly, as sought by Taser, *see* Doc. Nos. 529, 533, the issue is whether any responsive documents exist on servers that may or may not house Phazzer Global's records and information.

In this regard, Taser contends that in response to the RFPs, Phazzer Global produced a single document—an August 26, 2015 Trademark License Agreement between Leonidas IP, LLC ("Leonidas") and Phazzer Global. Doc. No. 529, at 2. Phazzer Global does not appear to dispute this. *See* Doc. Nos. 530, 534. But according to Taser, although Phazzer Global otherwise has disclaimed custody, possession, or control over any of its own records, *see* Doc. No. 529-1, Vaca, Phazzer Global's 30(b)(6) representative, failed to research or search even his own emails for responsive information, *see* Doc. No. 529-2, at 25–26, and although Phazzer Global's RFP responses state that Coyne may have responsive materials, Phazzer Global did

nothing to facilitate or authorize the production of any such responsive materials by Coyne, *see* Doc. No. 529-2, at 27–28.   Doc. Nos. 529, 533.   Same goes for Michelle Chang.   *See id.*   And according to Taser, Abboud has since restricted Coyne's access to the servers at issue.   Doc. No. 529, at 2; Doc. No. 533, at 10.

The evidence Taser submits supports its arguments.   As it relates to the RFPs themselves, Phazzer Global, through Vaca, responded to most of the discovery requests with a version of the following statements:

> **Response**:   GLOBAL has no documents that are in its possession, custody, or control and is not aware of any documents that exist that are responsive to this Request.
>
> ***Efforts undertaken to determine whether responsive documents exist as to this discovery request***:   Mr. Vaca searched his email.   Further, Mr. Vaca understands Kevin Chang had a daughter, Michelle Chang. He has obtained her email address and is working on getting additional contact information in order to get in touch with her to determine whether documents exist in response to this Request.
>
> ***Person who would have custody, possession, or control of the documents at issue, or who would otherwise have the authority to provide documents in response to this Request***:   If documents exist, then Michelle Chang or Michael Coyne would have custody, possession, or control of same.   Global even indicated that it had no objection to Mr. Coyne providing any documents he had in his possession related to Phazzer Global, LLC to AXON.

Doc. No. 529-1 (responses to requests 2 through 19).[4]

---

[4] As discussed above, in response to requests 7 and 8, Phazzer Global produced a single August 26, 2015 Trademark License Agreement between Leonidas and Phazzer

- 6 -

But contrary to his responses to the RFPs on behalf of Phazzer Global, in which Vaca states that he "searched his email" *see* Doc. No. 529-1, at his deposition, Vaca stated that he only searched his email address Gusvac@gmail.com, *see* Doc. No. 529-2, at 25, 35, did not search his Phazzer Global-related emails via a gustavo@phazzerglobal.com email address, *see* Doc. No. 529-2, at 25, and did not do any further research "after Mr. Chang passed away," *see* Doc. No. 529-2, at 35, *see also* Doc. No. 533-5, at 5. When asked whether emails from the phazzerglobal.com email address would exist on a server, Vaca said he "didn't know" where the server was located, that it "could be" in Arizona or New Mexico, and that he "didn't know" whether the Phazzer Global emails might still exist. Doc. No. 529-2, at 26. Vaca further stated that Coyne, "a technician that used to manage the software," might have responsive information, Vaca "doesn't know what he has," and Vaca did not reach out to Coyne to find out whether he has any Phazzer Global responsive materials. *Id.* at 27–28, 42. Nor did Vaca authorize Coyne to access Phazzer Global's documents existing on any servers to which

---

Global. *See* Doc. No. 529-1, at 13–15.

According to Phazzer Global, Vaca, as the owner of Liposerv, purchased a majority interest in Phazzer Global in 2016, 2017, or 2018, from Kevin Chang, the managing member of Phazzer Global at the time. Doc. No. 529-2, at 33; Doc. No. 530-1, at 4. Chang remained the director of Phazzer Global after the sale. Doc. No. 530-1, at 4. Mr. Chang has since passed away. *Id.* at 5. Michelle Chang is Mr. Chang's daughter. Doc. No. 529-2, at 33.

Coyne has access. *Id.* at 28. Notably, Vaca testified that he "didn't know" who was making litigation decisions for Phazzer Global. Doc. No. 533-5, at 7.

During an exchange between counsel, Taser explained that it was seeking someone to authorize Barbara Robinson[5] to give Coyne necessary credentials to log into the servers and search for responsive Phazzer Global materials, to the extent they exist, given that Coyne's access to the servers has been "cut off." Doc. No. 529-2, at 29–32. After the deposition, however, Phazzer Global, through counsel, stated that "Mr. Vaca does not know anything about a password for a server nor is Barbara an employee of Phazzer Global, LLC," so Vaca was "not comfortable appointing an agent to do something for Phazzer Global, LLC that he knows nothing about." Doc. No. 529-2, at 44. *See also* Doc. No. 529-2, at 8–9 ¶ 12.

As it relates to contacting Ms. Chang, also identified in the RFPs as potentially having responsive information, Vaca first testified that he emailed Ms. Chang in 2019, but never heard back, and that he did not contact her specifically with regard to the RFPs. Doc. No. 529-2, at 34–35. Later, at a continuation of his deposition, however, he said that he emailed Ms. Chang "last week," at

---

[5] Diana Barbara Robinson was employed by Phazzer Electronics from at least 2014 through 2018. *See* Doc. No. 357-1, at 22–23. *See also United States v. Phazzer Electronics et al.*, No. 6:20-cr-57-PGB-LHP, Doc. No. 107, at 7, 8 (M.D. Fla. Dec. 27, 2021). She is also a representative of Phazzer IP, and its single member. *See* Doc. No. 405-2; Doc. No. 407-1, at 2; Doc. No. 457, at 6 & n.1; Doc. No. 543 ¶ 7.

Michelle@PhaZZerGlobal.com, and she responded that she does not have anything responsive. Doc. No. 529-2, at 38–40. Taser, however, requested documentation to verify this email exchange, both Vaca and Phazzer Global, LLC's counsel agreed to produce it, but never did. Doc. No. 529-2, at 41. *See also* Doc. No. 529-2, at 10 ¶ 15.

For his part, Coyne testified at deposition that his agreement with Abboud regarding his contract with Phazzer Electronics operated "as a blanket for all of the Phazzer entities." Doc. No. 533-8, at 8, 10. *See also* Doc. No. 504-1, at 4. Coyne testified that he had "God Mode" privileges for webmaster positions with Phazzer entities, and previously had access to email servers, web servers, and databases. Doc. No. 533-8, at 9–10. Coyne further testified that the websites, databases, and emails all live on the "main server," and he clarified that databases for phazzerus and phazzerglobal all "live together on the same server." *Id.* at 14.[6] As of his deposition, Coyne still had global access to two websites: phazzerus and phazzerglobal. *Id.* at 10. But beyond access to the websites, the other IT aspects of his access had "been pulled." *Id.* More specifically, Coyne testified that on or

---

[6] Robinson also testified that there is "a lot of cross-over" in use of Phazzer-entity email addresses, and that she herself used a Phazzer Global email address. Doc. No. 533-15, at 8.

about September 16 or 17, 2021, after he complied with a subpoena in this case, his access to the servers was revoked by Abboud. *Id.* at 11–13. Since Coyne informed Abboud and Robinson that he had attempted to comply with the subpoena, Robinson now manages his access to both the email and main servers, which requires Coyne to ask Robinson for a password for limited access to the servers. *Id.* at 13–14.

Phazzer Global does not actually dispute that Phazzer Global documents may exist on the servers at issue. *See* Doc. Nos. 530, 534. Notably absent from Phazzer Global's papers or evidence is anything suggesting that Phazzer Global's information or records are not contained on the servers, which, as discussed above, Coyne has testified contain Phazzer Global's information or database. *See id.* Nor does Phazzer Global otherwise actually dispute that its documents may be comingled on said servers with the documents of other Phazzer-related entities. *See id.* Instead, based on Vaca's testimony, Phazzer Global urges the Court to accept as true its statement that no responsive documents exist. *See id.*

But the problem for Phazzer Global is two-fold. First, Vaca simply "didn't know" whether there were responsive documents, and contrary to the RFP responses, never testified that none exist. Indeed, Vaca acknowledged that, despite the RFP responses, he did no research to respond to the RFPs or prepare for deposition, he did not reach out to Coyne to determine whether Coyne had

responsive materials, and he did not, until his continued deposition, reach out to Michelle Chang to determine if she had responsive documents. And to the extent that Vaca reached out to Michelle Chang, it appears that Phazzer Global has failed to provide evidence of that communication to Taser.

Second, Phazzer Global and Vaca have repeatedly pointed to Coyne to say that he may be in possession of materials responsive to the RFPs. To argue that Phazzer Global simply does not have authority over Coyne, given the RFP responses and Coyne's testimony, appears to be disingenuous. And given that Coyne testified that Phazzer Global documents may exist together on the same server as other Phazzer entities, which server he had access to until a subpoena in this case, and that Phazzer Global submits no evidence to the contrary, the Court simply finds it unwarranted to accept as true Phazzer Global's blanket assertion that no responsive documents exist. *Cf. Country Inns & Suites By Carlson, Inc. v. Interstate Props., LLC*, No. 6:07-cv-104-Orl-28DAB, 2010 WL 11508976, at *3 (M.D. Fla. Sept. 17, 2010) ("The Court cannot compel a different response than that given absent any *evidence* that Defendants response was not truthful." (emphasis in original*)); see also Deutsch v. Arrow Fin. Servs., LLC*, No. 8:08-cv-1469-T-17MAP, 2009 WL 10670785, at *5 (M.D. Fla. May 1, 2009) ("The Court will not assume Counsel has made false representations and will give deference to the responses and presume them true unless given reason to assume otherwise.").

- 11 -

Finally, the Court notes that Phazzer Global's argument that it is a "dormant if not defunct" company appears to be a new one. Phazzer Global itself has stated that it has maintained the web address of www.phazzerglobal.com, which still appears operational. *See* Doc. No. 423, at 9. And Phazzer Global for its part has submitted no evidence substantiating its assertion that the company no longer exists. *See* Doc. Nos. 530, 534. *See also* Doc. No. 547 ¶ 8 (admitting that Phazzer Global is an LLC organized in Nevis on June 3, 2015).

In sum, based on the documentation by both sides, the Court is confronted with evidence that responsive documents to the Phazzer Global RFPs may exist on servers to which Coyne had access, and Phazzer Global has repeatedly and at least impliedly conceded control over Coyne.[7] And given that Abboud apparently disclaims any custody, possession, or control over the responsive materials, *see* Doc. No. 530, at 3; Doc. No. 534, at 6, disclaims that he has any authority to produce documents with regard to Phazzer Global, *see id.*; *see also* Doc. No. 569-1, disclaims that he has any authority over Coyne with respect to Phazzer Global, *see* Doc. No.

---

[7] Although Phazzer Global continues to assert that it "has no authority over" Coyne, Phazzer Global also acknowledges that it has "has repeatedly authorized . . . Coyne to produce" responsive Phazzer Global materials "to which Coyne has even mere access." Doc. No. 534, at 5. Thus, coupled with the undisputed sworn deposition testimony of Coyne that he performed services for numerous Phazzer entities, including Phazzer Global, *see* Doc. No. 529-2, at 14-21, the Court finds that Phazzer Global has waived any argument that it lacks authority over Coyne to produce responsive materials.

534, at 8, and/or disclaims that he is currently restricting Coyne's access to the servers on behalf of Phazzer Global, Inc., *see id.*, the Court will order Phazzer Global, through its 30(b)(6) representative Vaca, to permit and/or require Coyne to search the servers for any responsive materials to the RFPs. *See, e.g.*, *Steel Supplements, Inc. v. Blitz NV, LLC*, No. 8:22-cv-444-WJF-CPT, 2022 WL 3646137, at *2 (M.D. Fla. Mar. 23, 2022) (compelling, among other things, search of server and other online databases for responsive documents after 30(b)(6) appeared unprepared for deposition, and the party did not conduct a search of those materials for production, noting that there was an element of a "corporate shell game" to avoid discovery obligations). And to the extent that Vaca disclaims the authority to permit Coyne access to the servers, through an agent of Phazzer Global or otherwise, he shall serve on Taser and file with the Court an affidavit under penalty of perjury as set forth below.

Accordingly, and for these reasons, Taser's Motion (Doc. No. 529) is **GRANTED**, and it is **ORDERED** as follows:

1. Within **seven (7) days** of the date of this Order, Phazzer Global shall permit and/or require Coyne access to the servers at issue to obtain any Phazzer Global information responsive to the RFPs. Phazzer Global is directed to take all lawful and reasonable efforts to effectuate providing Coyne access to the servers at issue – this may include

communications with Abboud. Responsive documents from that search must be produced to Taser on or before **February 13, 2023**. If Phazzer Global contends that it lacks authority to provide Coyne permission to access the servers, on or before **February 13, 2023**, Phazzer Global shall serve on Taser and file with the Court an affidavit through Gustavo Vaca, under penalty of perjury, stating why he lacks authority to permit Coyne to access the servers, particularly in light of Coyne's testimony that the servers may house Phazzer Global information. Said affidavit must include an attestation as to the *current* efforts undertaken to determine the existence of the servers, location of the servers, control over the servers, and any determination as to whether the servers contain Phazzer Global responsive information. A response that Vaca "does not know" will not suffice.

2. On or before **February 13, 2023**, Vaca, on behalf of Phazzer Global LLC, must file amended responses to the RFPs (Doc. No. 529-1), which must fully comply with the Court's Order regarding supplemented discovery responses. *See* Doc. No. 512, at 4–5. Prior to responding, Vaca must conduct a full and complete search of all documents in the possession, custody, and control of Phazzer Global, to include a search of the email address gustavo@phazzerglobal.com, and must produce

to Taser any responsive information obtained from that search with the amended responses to the RFPs.

3. On or before **February 13, 2023**, Phazzer Global shall produce to Taser a copy of the email communication between Gustavo Vaca and Michelle Chang at the Michelle@PhaZZerGlobal.com email address, in which Ms. Chang disclaimed possession of any responsive Phazzer Global documents.   *See* Doc. No. 529-2, at 38–41.

4. **Failure to fully comply with this Order will result in the imposition of sanctions against Phazzer Global and/or its counsel, as the Court deems appropriate.   *See* Fed. R. Civ. P. 37(b).**

**DONE** and **ORDERED** in Orlando, Florida on January 30, 2023.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties