**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

AXON ENTERPRISE
INCORPORATED,

          Plaintiff,

v.                                  Case No:   6:22-mc-36-PGB-LHP

VENJURIS PC,

          Defendant

_____

**ORDER**
(And Direction to Clerk of Court)

    This cause came on for consideration without oral argument on the following

motion filed herein:

| |
|---|
| **MOTION:**  **MOTION TO COMPEL VENJURIS, P.C.'S PRODUCTION OF DOCUMENTS (Doc. No. 1)** |
| **FILED:**  **September 14, 2022** |
| |
| **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**. |

## I.   BACKGROUND.

    The above-styled motion stems from an underlying dispute in which

judgment creditor Taser International, Inc., n/k/a Axon Enterprise, Inc. ("Taser")

is engaged in post-judgment discovery efforts to collect on an underlying judgment. *See Taser Int'l, Inc. v. Phazzer Electronics, Inc.*, No. 6:16-cv-366-PGB-LHP (hereinafter "16-cv-366 Case").[1]   In sum, Taser instituted the underlying action in March 2016 against Defendant Phazzer Electronics, Inc. ("Phazzer Electronics"), asserting claims of patent and trademark infringement, false advertising, and unfair competition.   *See id.*, Doc. No. 1.   Ultimately, default judgment was entered against Phazzer Electronics as a sanction.   *See id.*, Doc. No. 183.   *See also id.*, Doc. Nos. 192, 267, 272–73, 300–01.   Since then, Taser has engaged in post-judgment collection efforts, the Court instituted proceedings supplementary, and Taser filed a supplemental complaint impleading third parties Steven Abboud (Phazzer Electronic's alleged principal) ("Abboud"), and two other entities, Phazzer Global, LLC ("Phazzer Global") and Phazzer IP, LLC ("Phazzer IP"), into these proceedings.   *See id.* Doc. Nos. 289, 293, 296, 297, 317, 320, 333, 376, 400.

The present motion is an attempt by Taser to obtain discovery from third party Venjuris P.C. ("Venjuris") pursuant to a Rule 45 subpoena issued to Venjuris on August 2, 2022.   Doc. Nos. 1, 1-1.   Venjuris, a non-party to the underlying litigation, is an Arizona law firm that apparently previously represented Phazzer

---

[1] This matter has been consolidated with Case No. 6:16-cv-366-PGB-LHP.   Doc. No. 23.

Electronics and/or Phazzer IP.   *See* Doc. No. 8-1 ¶ 1.   Pursuant to Rule 45, Taser

filed a motion to compel Venjuris's compliance with the subpoena in the District of

Arizona, but the Arizona court transferred the matter here pursuant to Rule 45(f).

Doc. Nos. 1, 1-1, 13–15.   Prior to transfer, Venjuris responded to the motion (Doc.

No. 8), and Taser filed a reply (Doc. No. 12).   Thus, the matter is ripe for review.

Taser asks that the Court compel Venjuris's immediate production of the

documents requested in the subpoena, to include a production of non-privileged

materials and a privilege log for any documents over which Venjuris claims

privilege.   Doc. No. 1, at 1–2 & n.2.   The requested documents include:

- Corporate records for any Leonidas entity formed, managed, owned, or controlled by Abboud, including Leonidas IP, LLC, Leonidas IP, Inc., Leonidas Holdings, LLC, and Leonidas Research Corporation (collectively, "Leonidas Entities") from January 1, 2015 to present, such as:
  a. Formation documents including articles of incorporation, operating agreements, management agreements, licenses;
  b. Ownership and membership documents including any changes in the same;
  c. Intellectual property agreements regarding ownership, transfer, assignment, licensing, royalties;
  d. Financial records including tax, loans, capital accounts, assets, royalties, commissions, payroll;
  e. Termination documents including government delinquency notices, license cancellations, dissolution, liquidation, bankruptcy.   (Doc. No. 1-1, at 5 ¶ 1) ("**Request 1**").

- Corporate records for Phazzer entities formed, managed, owned or controlled by Abboud, to include Phazzer Electronics, Inc., Phazzer IP, LLC, Phazzer Global, LLC, Phazzer Global, Inc., and Phazzer LLC

(collectively "Phazzer Entities") from January 1, 2013 to present, such as:

    a. Formation documents including articles of incorporation, operating agreements, management agreements, licenses;

    b. Ownership and membership documents including any changes in the same;

    c. Intellectual property agreements regarding ownership, transfer, assignment, licensing, royalties;

    d. Financial records including tax, loans, capital accounts, assets, royalties, commissions, payroll;

    e. Termination documents including government delinquency notices, license cancellations, dissolution, liquidation, bankruptcy.   (Doc. No. 1-1, at 5 ¶ 2) ("**Request 2**").

- Documents evidencing any ownership or financial interest by any attorney or other member/employee of Venjuris in any Phazzer Entity from January 1, 2016 to present (Doc. No. 1-1, at 5 ¶ 3) ("**Request 3**").

- Documents evidencing any ownership or financial interest by any attorney or other member/employee of Venjuris in any Leonidas Entity from January 1, 2015 to present (Doc. No. 1-1, 6 ¶ 4) ("**Request 4**").

- Engagement and/or fee agreements, invoices, alternative financing arrangements, and payment records regarding Abboud, Diana Robinson, Kevin or Michelle Chang, Gustavo Vaca, Double Dragon, or any Phazzer Entity or Leonidas Entity from January 1, 2016 to present (Doc. No. 1-1, at 6 ¶ 5) ("**Request 5**").

- Any joint defense or common interest agreements involving Abboud, Robinson, Kevin or Michelle Chang, Vaca, or any Phazzer Entity or Leonidas Entity from January 1, 2016 to present (Doc. No. 1-1, at 6 ¶ 6) ("**Request 6**").

- Documents, bill and payment records, and communications from January 1, 2018 to present relating to Taser's Trademark Reg. No. 4,423,789, including pre- and post-filing communications with several individuals and entities (Doc. No. 1-1, at 6 ¶ 7) ("**Request 7**").

Doc. No. 1-1.

According to Taser's motion, Venjuris essentially agreed to comply with the subpoena but said that it needed a court order to do so pursuant to certain ethical rules applicable to Arizona attorneys.   Doc. No. 1, at 2, 6 (citing Arizona Ethical Rule 1.6 ("ER 1.6")).

In response, Venjuris maintains its responsive objection to producing client information pursuant to ER 1.6, without a judicial order.   Doc. No. 8, at 6–7. However, Venjuris also raises a host of other arguments, including that the motion to compel is premature and that Taser has failed to demonstrate relevancy of the requested documents to the underlying litigation.   *Id.* at 1–15.   Venjuris also argues in the alternative that the subpoena should be quashed entirely or substantially limited because it is overbroad, unduly burdensome, and seeks materials which are protected by privilege, attorney work product, or are otherwise confidential.   *Id.* at 1.

In reply, Taser contends that the parties previously resolved the relevance, overbreadth, and burdensome objections during their meet and confer.   Doc. No. 12, at 2.   And Taser disputes the merits of Venjuris's objections.   *Id.* at 8–18.

Upon review, Taser's motion (Doc. No. 1) will be granted in part and denied in part, for the reasons set forth herein.

## II.    LEGAL STANDARDS.

A party may subpoena documents, ESI, or tangible things in a non-party's possession pursuant to Federal Rule of Civil Procedure 45.    Fed. R. Civ. P. 45(a)(1)(A)(iii).    "The scope of discovery under Rule 45 is the same as the scope of discovery under Federal Rule of Civil Procedure 26."    *Digital Assur. Certification, LLC v. Pendolino*, 6:17-cv-72-Orl-41TBS, 2017 WL 4342316, at *8 (M.D. Fla. Sept. 29, 2017).    "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."    Fed. R. Civ. P. 26(b)(1).    The party seeking to enforce a subpoena has the burden of demonstrating the information sought is relevant.    *Fadalla v. Life Auto. Prods, Inc.*, 258 F.R.D. 501, 504 (M.D. Fla. 2007).    However, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."    Fed. R. Civ. P. 45(d)(1).

The party opposing a subpoena has the burden of demonstrating that compliance with the subpoena presents an undue burden or that it requires the disclosure of privileged or protected information.    *Fadalla*, 258 F.R.D. at 504. Written objections may be served by the non-party, but the objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.    Fed. R. Civ. P. 45(d)(2)(B).    "Typically, failure to serve written

objections to a subpoena in the time provided by [Rule 45] waives any objections that party may have." *Cadle v. GEICO Gen. Ins. Co.*, No. 6:13-cv-1591-Orl-31GJK, 2014 WL 12639859, at *3 (M.D. Fla. Aug. 29, 2014); *see Gulati v. Ormond Beach Hosp., LLC*, No. 6:18-cv-920-Orl-37TBS, 2018 WL 7372080, at *2 (M.D. Fla. Dec. 17, 2018) ("When a party fails to respond to discovery, or provides untimely responses, whatever objections it might otherwise have had are generally deemed waived.").

**III.    ANALYSIS.**

    A.    <u>ER 1.6.</u>

ER 1.6 provides, in relevant part, that "[a] lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted or required . . . to comply with . . . a final order of a court . . . directing the lawyer to disclose such information."    Ariz. R. Sup. Ct. ER 1.6. Thus, "ER 1.6 is a valid objection to a production request, but not a defense to compulsion by a court order."    *Corbin v. Unifund CCR Partners*, No. CV 06-402-TUC-RCC, 2007 WL 9724726, at *2 (D. Ariz. Oct. 19, 2007).

Here, "any concerns . . . with complying with Ethical Rule 1.6, which requires lawyers to maintain confidentiality unless authorized to disclose by their client, law or court order, will be resolved by the instructions in this order."    *Chartis Specialty Ins. Co. v. Scott Homes Multifamily Inc.*, No. CV-13-00601-PHX-ROS, 2015 WL

13566919, at *2 n.2 (D. Ariz. Feb. 23, 2015) (citing Ariz. R. Sup. Ct. ER 1.6 (d)(5)). Moreover, given Taser's concession that it is only seeking non-privileged information accompanied by a privilege log as to any information over which Venjuris claims privilege, *see* Doc. No. 1, at 2 n.2, and Venjuris's apparent acquiescence to production of a privilege log, *see* Doc. No. 8, at 2, as set forth herein, the Court is only ordering production of non-privileged materials, along with a privilege log, at this time.   *See, e.g.*, *United States v. Davidson*, No. MC-12-47-PHX-ROS, 2013 WL 7019211, at *1 (D. Ariz. Feb. 26, 2013) (compelling production of non-privileged information over ER 1.6 objection); *Corbin*, 2007 WL 9724726, at *2 (similar).

   B.   <u>Request 1 and Request 2.</u>

   As set forth above, Requests 1 and 2 seek various types of corporate records regarding the Phazzer Entities and Leonidas Entities.   Doc. No. 1-1, at 5 ¶¶ 1–2. Venjuris contends that the Requests are overbroad as they seek all "corporate records," a term which is both vague and ambiguous.   Doc. No. 8, at 10.   Venjuris also argues that Taser fails to establish relevancy as to these Requests.   *Id.* Venjuris further asserts that the enumerated corporate records sought are publicly available and more conveniently sought from another source.   *Id.* at 11. Alternatively, Venjuris asks that Requests 1 and 2 be limited in scope to the corporate records specifically enumerated in the subpoena.   *Id.* at 12.

Upon consideration of Venjuris's objections (Doc. No. 8), and Taser's reply (Doc. No. 12), to the extent that the relevancy objection was not resolved during the parties' conferral efforts, the objection is overruled.   *See* 16-cv-366 Case, Doc. No. 498, at 8–9 (overruling relevancy objection to documents concerning "ownership, management, property, rights, finances, contracts, and relationships," and noting that the rules governing discovery in post-judgment proceedings are "quite permissive" (citing *Republic of Argentina v. NML Capital, Ltd.*, 573 U.S. 134, 138 (2014))); *Am. Home Assurance Co., v. Weaver Aggregate Transp., Inc.*, No. 5:10-cv-329-Oc-10PRL, 2017 WL 2721510, at *4–6 (M.D. Fla. June 23, 2017) (allowing discovery of financial and corporate structure information in proceedings supplementary). *See also In re Taylor, Bean & Whitaker Mortg. Corp.*, 620 B.R. 165, 168 (Bankr. M.D. Fla. 2019) ("The presumption is in favor of full discovery of any matters arguably related to the creditor's efforts to trace the debtor's assets and otherwise to enforce its judgment." (quoting *E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 286 F.R.D. 288, 291 (E.D. Va. 2012))).

However, the Court will limit Venjuris's obligation to production of only those specific documents enumerated in Requests 1 and 2, as Taser fails to explain what other types of information it seeks by Requests 1 and 2, and instead states that the scope is "explicitly clear."   *See* Doc. No. 1; Doc. No. 12, at 8.   Thus, Venjuris's

vagueness and ambiguity arguments are rendered moot, and the Court will limit Requests 1 and 2 to the following categories of documents:

      a. Formation documents including articles of incorporation, operating agreements, management agreements, licenses;

      b. Ownership and membership documents including any changes in the same;

      c. Intellectual property agreements regarding ownership, transfer, assignment, licensing, royalties;

      d. Financial records including tax, loans, capital accounts, assets, royalties, commissions, payroll.

      e. Termination documents including government delinquency notices, license cancellations, dissolution, liquidation, bankruptcy.

To the extent that Venjuris argues that the documents are publicly available, or that Taser could obtain them from a different source, Taser details the efforts it has made to obtain related discovery from the parties to the underlying litigation, to no avail. *See* Doc. No. 1, at 4; Doc. No. 12-1 ¶¶ 6–7. And it is not evident that all of the information sought by Requests 1 and 2 would be publicly available. *See* Doc. No. 1-1. Accordingly, the Court overrules this objection.

Finally, given that Taser states that it does not seek privileged information by these Requests or any communications related to these documents, *see* Doc. No. 1, at 2 n.2, Doc. No. 12, at 8; Doc. No. 12-1 ¶ 20, and Venjuris's acknowledgement that with limitation of the request to the categories of documents specifically enumerated in the subpoena that production of privileged materials would not be required,[2] the Court does not further address Venjuris's privilege objection with regard to Requests 1 and 2.[3]

Accordingly, the motion to compel as to Requests 1 and 2 will be **GRANTED in part**, as more fully set forth below.

C.      Request 3 and Request 4.

In response to the subpoena, Venjuris informed Taser that it has no documents responsive to Requests 3 and 4.   Doc. No. 8-1, at 2.   Taser does not dispute this assertion in its papers.   Doc. Nos. 1, 12.   Accordingly, to the extent the

---

[2] *See* Doc. No. 8, at 12 ("If Requests 1 and 2 are not struck in their entirety, the Court should limit their scope to clarify that the 'corporate records' sought are only those specifically enumerated, and therefore does not implicate any privileged, work-product, or confidential materials.").

[3] If, however, Venjuris asserts privilege over any responsive information in Request 1 and 2, to the extent such argument has not been waived, Venjuris must produce a privilege log to Taser.   *See* Fed. R. Civ. P. 45(e)(2).   *See also In re Standing Order Regarding Privilege Logs*, No. 6:19-mc-32-LHP, Doc. No. 1 (June 17, 2019), *available at* https://www.flmd.uscourts.gov/standing-order-judge-hoffman-price-regarding-privilege-logs.

motion to compel is directed to Requests 3 and 4, it is **DENIED**.   *See Gartrell v. J.J. Marshall & Assocs., Inc*, No. 3:19-cv-442-J-32JBT, 2020 WL 9171961, at *2 (M.D. Fla. June 18, 2020) ("[T]he Court cannot compel a party to provide information . . . that it does not have in its possession, custody, or control." (citation and quotation marks omitted)); *Country Inns & Suites By Carlson, Inc. v. Interstate Props., LLC*, No. 6:07-cv-104-Orl-28DAB, 2010 WL 11508976, at *1 (M.D. Fla. Sept. 17, 2010) (the Court "cannot compel the disclosure of something which [the party] affirmatively states does not exist").

   D.   <u>Request 5</u>.

   Request 5 seeks production of engagement and/or fee agreements, invoices, alternative financing agreements, and payment records regarding Abboud, Robinson, Kevin or Michelle Chang, Vaca, Double Dragon, and/or any Phazzer Entity or Leonidas entity.   Doc. No. 1-1, at 6 ¶ 5.   Venjuris states that Taser fails to demonstrate relevancy, Doc. No. 8, at 12–13, while Taser contends that Venjuris waived the relevancy objection for the most part by failing to raise a relevancy objection in response to the subpoena, outside of the objection to invoices, Doc. No. 12, at 7, 12.

   On review, Taser is correct.   *See* Doc. No. 8-1, at 3 ¶ 4 (objecting to Request 5 based on attorney-client privilege and work product doctrine, and objecting to invoices only for lack of relevance).   Accordingly, Venjuris's relevancy objection to

production of engagement and/or fee agreements, alternative financing agreements, and payment records is overruled.  *See generally Universal City Dev. Partners, Ltd. v. Ride & Show Eng'g, Inc.*, 230 F.R.D. 688, 697 (M.D. Fla. 2005) ("Failure to serve written objection to a subpoena within the time specified by Fed. R. Civ. P. 45 typically waives any objections the party may have.").  *See also Williams v. Big Picture Loans, LLC*, No. 3:17-cv-461, 2019 WL 8107922, at *2 (E.D. Va. May 28, 2019) (relevance objection waived by failure to assert it in response to subpoena).

As it relates to the invoices, Taser fails to address or establish relevancy of the invoices in its motion or reply.  *See* Doc. Nos. 1, 12.  Accordingly, the relevancy objection to invoices will be sustained.  *Fadalla*, 258 F.R.D. at 504 (party seeking to enforce a subpoena has the burden of demonstrating relevancy).

However, to the extent that Venjuris is claiming that any of the remaining information sought by Request 5 is privileged, it must produce a privilege log in response.  *See* Fed. R. Civ. P. 45(e)(2).  *See also In re Standing Order Regarding Privilege Logs*, No. 6:19-mc-32-LHP, Doc. No. 1 (June 17, 2019), *available at* https://www.flmd.uscourts.gov/standing-order-judge-hoffman-price-regarding-privilege-logs.  *But see United States v. Leventhal*, 961 F.2d 936, 940 (11th Cir. 1992) ("We have held on numerous occasions that [t]he identity of a client or matters involving the receipt of fees from a client are not normally within the [attorney-

client] privilege." (internal quotations and citation omitted)); *Clarke v. Am. Com. Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992) ("[T]he identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege.").

Accordingly, the motion to compel as to Request 5 will be **GRANTED in part**, as more fully set forth below.

E.      Request 6.

Request 6 seeks joint defense or common interest agreements involving several players in the underlying litigation, and any Phazzer Entity or Leonidas Entity.   Doc. No. 1-1, at 6 ¶ 6.   Venjuris again asserts a relevancy objection.   Doc. No. 8, at 12–13.   But, as Taser argues in reply, Doc. No. 12, at 7, Venjuris did not raise a relevancy objection to Request 6.   *See* Doc. No. 8-1.   Indeed, besides the general objection to producing privileged documents, Venjuris did not specifically address Request 6 in its response letter to the subpoena.   *See id.*   Thus, Venjuris waived the relevancy objection.   *See generally Universal City Dev. Partners, Ltd. v*, 230 F.R.D. at 697 ("Failure to serve written objection to a subpoena within the time specified by Fed. R. Civ. P. 45 typically waives any objections the party may have.").   *See also Williams*, 2019 WL 8107922, at *2 (relevance objection waived by failure to assert it in response to subpoena).

As to the privilege objection, Venjuris's position may be well taken, however. *See, e.g., ADP, LLC v. Ultimate Software Grp., Inc.*, No. 17-CV-61274, 2017 WL 7794226, at *2 (S.D. Fla. Dec. 15, 2017) (denying motion to compel production of common interest agreement as protected by work product doctrine).   Thus, to the extent that Venjuris maintains its privilege objection to Request 6, it must produce a privilege log in response.   *See* Fed. R. Civ. P. 45(e)(2).   *See also In re Standing Order Regarding Privilege Logs*, No. 6:19-mc-32-LHP, Doc. No. 1 (June 17, 2019), *available at* https://www.flmd.uscourts.gov/standing-order-judge-hoffman-price-regarding-privilege-logs.[4]

Accordingly, the motion to compel as to Request 6 will be **GRANTED**, as more fully set forth below.

F.    Request 7.

Request 7 seeks documents, bill and payment records, and communications relating to Taser's Trademark Registration No. 4,423,789, including pre- and post-filing communications.   Doc. No. 1-1, at 6 ¶ 7.

In its papers, Taser explicitly states that Request 7 seeks information directed towards conduct alleged in its Motion for Order to Show Cause filed in the 16-cv-

---

[4] The Court is not making a finding regarding privilege at this time, but is merely requiring Venjuris to produce a privilege log to the extent that it withholds responsive documents to Request 6 based on privilege.

366 Case.   Doc. No. 12, at 15.   *See* 16-cv-366 Case, Doc. No. 544.   The problem for Taser, however, is that discovery is open in the 16-cv-366 Case as it relates to post-judgment proceedings supplementary and the amended supplemental complaint. *See id.*, Doc. No. 585.   Taser nowhere argues that Request 7 seeks information targeted to the proceedings supplementary.   *See* Doc. Nos. 1, 12.   Nor does Taser otherwise point to an Order permitting additional discovery specifically related to its Motion for Order to Show Cause.   *See id.*[5]   Accordingly, the motion as it relates to Request 7 is **DENIED**, rendering it unnecessary for the Court to address Venjuris's arguments regarding undue burden.

## IV.   CONCLUSION.

For the reasons set forth herein, Taser's Motion to Compel Venjuris P.C.'s Production of Documents (Doc. No. 1) is **GRANTED in part and DENIED in part**. It is **ORDERED** as follows:

1.       Within **thirty (30) days** of this Order, Venjuris shall produce to Taser all documents in its current possession, custody, or control responsive to Requests 1 and 2, subject to the limitation that Venjuris must produce

---

[5] The Court further notes that the Order to Show Cause as it pertains to Venjuris Attorney David Logan has been settled and Attorney Logan has been terminated from this litigation.   Doc. Nos. 587, 590, 591, 603.

responsive information only as to the enumerated categories of documents, which include:

      a. Formation documents including articles of incorporation, operating agreements, management agreements, licenses;

      b. Ownership and membership documents including any changes in the same;

      c. Intellectual property agreements regarding ownership, transfer, assignment, licensing, royalties;

      d. Financial records including tax, loans, capital accounts, assets, royalties, commissions, payroll.

      e. Termination documents including government delinquency notices, license cancellations, dissolution, liquidation, bankruptcy.

2.     Within **thirty (30) days** of this Order, Venjuris shall produce to Taser all non-privileged documents in its current possession, custody, or control responsive to Request 5, with the exclusion of invoices.   To the extent that Venjuris is claiming privilege over any responsive materials, it must produce a privilege log in response.   *See* Fed. R. Civ. P. 45(e)(2).   *See also In re Standing Order Regarding Privilege Logs*, No. 6:19-mc-32-LHP, Doc. No. 1 (June 17,

2019), *available at* https://www.flmd.uscourts.gov/standing-order-judge-hoffman-price-regarding-privilege-logs.

3.      Within **thirty (30) days** of this Order, Venjuris shall produce to Taser all non-privileged documents in its current possession, custody, or control responsive to Request 6.   To the extent that Venjuris is claiming privilege over any responsive materials, it must produce a privilege log in response. *See* Fed. R. Civ. P. 45(e)(2).   *See also In re Standing Order Regarding Privilege Logs*, No. 6:19-mc-32-LHP, Doc. No. 1 (June 17, 2019), *available at* https://www.flmd.uscourts.gov/standing-order-judge-hoffman-price-regarding-privilege-logs.

4.      Taser's Motion (Doc. No. 1) as to Requests 3, 4, and 7 is **DENIED**, and to the extent not otherwise addressed herein, Taser's motion is **DENIED in all other respects**.

**5.      Failure to comply with this Order may result in the imposition of sanctions, up to and including institution of contempt proceedings.   *See* Fed. R. Civ. P. 45(g).**

6.      The **Clerk of Court** is **DIRECTED** to terminate all pending motions in Case No. 6:22-mc-00036-PGB-LHP, and ensure that all parties to Case No. 6:22-mc-00036-PGB-LHP receive a copy of this Order by electronic means.

**DONE** and **ORDERED** in Orlando, Florida on February 7, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties