**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ADAM R. STEPHENSON, ADAM R
STEPHENSON LIMITED and ATOM
ENTERPRISES LLC,

      Plaintiffs,

v.                                                                            Case No:   6:22-mc-41-PGB-LHP

TASER INTERNATIONAL,
INCORPORATED and AXON
ENTERPRISE INCORPORATED,

      Defendants

**ORDER**
(And Direction to Clerk of Court)

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **NON-PARTY RESPONDENTS, ADAM STEPHENSON'S AND ADAM STEPHENSON LLC'S MOTION TO QUASH SUBPOENA PURSUANT TO FED. R. CIV. P. 45(d)(3)(iii) (Doc. No. 1)**
>
> **FILED:** **September 12, 2022**
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

**I. BACKGROUND.**

The above-styled motion stems from an underlying dispute in which judgment creditor Taser International, Inc., n/k/a Axon Enterprise, Inc. ("Taser") is engaged in post-judgment discovery efforts to collect on an underlying judgment. *See Taser Int'l, Inc. v. Phazzer Electronics, Inc.*, No. 6:16-cv-366-PGB-LHP[1] (hereinafter "16-cv-366 Case"). In sum, Taser instituted the underlying action in March 2016 against Defendant Phazzer Electronics, Inc. ("Phazzer Electronics"), asserting claims of patent and trademark infringement, false advertising, and unfair competition. *See id.*, Doc. No. 1. Ultimately, default judgment was entered against Phazzer Electronics as a sanction. *See id.*, Doc. No. 183. *See also id.*, Doc. Nos. 192, 267, 272–73, 300–01. Since then, Taser has engaged in post-judgment collection efforts, the Court instituted proceedings supplementary, and Taser filed a supplemental complaint impleading third parties Steven Abboud (Phazzer Electronic's alleged principal) ("Abboud"), and two other entities, Phazzer Global, LLC ("Phazzer Global") and Phazzer IP, LLC ("Phazzer IP"), into these proceedings. *See id.* Doc. Nos. 289, 293, 296, 297, 317, 320, 333, 376, 400.

---

[1] This matter has been consolidated with Case No. 6:16-cv-366-PGB-LHP. Doc. No. 21.

The present motion arises from an attempt by Taser to obtain discovery from a third party—which appears to be either Adam Stephenson LLC or Adam R. Stephenson LTD.  Doc. Nos. 1, 4.   Pursuant to Federal Rule of Civil Procedure 45, Taser issued the subpoena to produce documents to "Adam R. Stephenson, LTD c/o Atom Enterprises LLC."  Doc. No. 1-1.  "Adam Stephenson" and "Adam Stephenson LLC," through counsel, filed a motion to quash the subpoena in the District of Arizona.  Doc. No. 1.  According to the motion, "Adam R. Stephenson LTD, is an Arizona corporation that has a membership interest in Adam Stephenson, LLC, which is the actual legal entity that operates the Arizona Law Firm currently doing business as Adam R. Stephenson, LTD.  Adam R. Stephenson, LTD is a separate company that is not engaged in the practice of law."  *Id.* at 1 n.1.  *See also* Doc. No. 9, at 1 n.1   Adam Stephenson is an attorney with the law firm Adam Stephenson LLC.  Doc. No. 1 ¶ 3.  In response, Taser appears to dispute the characterization of the entities, but states that it is "happy to accept all responsive documents from Adam Stephenson, LTD and/or LLC."  Doc. No. 4, at 2 n.3.[2]

---

[2] Given the acknowledgement in the motion to quash that Adam Stephenson LLC was the proper party to subpoena, that the naming of the incorrect party is not a basis for the motion to quash, and Taser's acquiescence to production of documents by Adam Stephenson LLC, the Court considers the subpoena as if directed to Adam Stephenson LLC.  *See, e.g.*, *Classic Soft Trim, Inc. v. Albert*, No. 6:18-cv-1237-Orl-78GJK, 2020 WL

In the District of Arizona, Mr. Stephenson and Adam Stephenson LLC filed the motion to quash (Doc. No. 1), Taser filed a response to the motion, which includes an embedded motion to compel (Doc. No. 4), Mr. Stephenson and Adam Stephenson LLC filed a reply (Doc. No. 9), and Taser also filed a reply (Doc. No. 11). Taser also filed a motion to transfer consideration of the motion to quash to this Court. Doc. No. 5. On that motion, the Arizona court transferred the matter here pursuant to Rule 45(f). Doc. No. 13. The matter is ripe for review.

The subpoena at issue seeks the following categories of information:

- Corporate records for any Leonidas entity formed, managed, owned, or controlled by Abboud, including Leonidas IP, LLC, Leonidas IP, Inc., Leonidas Holdings, LLC, and Leonidas Research Corporation (collectively, "Leonidas Entities") from January 1, 2015 to present, such as:
    a. Formation documents including articles of incorporation, operating agreements, management agreements, licenses;
    b. Ownership and membership documents including any changes in the same;
    c. Intellectual property agreements regarding ownership, transfer, assignment, licensing, royalties;
    d. Financial records including tax, loans, capital accounts, assets, royalties, commissions, payroll;
    e. Termination documents including government delinquency notices, license cancellations, dissolution, liquidation, bankruptcy. (Doc. No. 1-1, at 5 ¶ 1) ("**Request 1**").

---

6730978, at *4 (M.D. Fla. Oct. 8, 2020) (declining to find subpoena defective merely due to mistake in subpoenaed party's name where there was no confusion on intended recipient or prejudice).

- Corporate records for Phazzer entities formed, managed, owned or controlled by Abboud, to include Phazzer Electronics, Inc., Phazzer IP, LLC, Phazzer Global, LLC, Phazzer Global, Inc., and Phazzer LLC (collectively "Phazzer Entities") from January 1, 2013 to present, such as:
    a. Formation documents including articles of incorporation, operating agreements, management agreements, licenses;
    b. Ownership and membership documents including any changes in the same;
    c. Intellectual property agreements regarding ownership, transfer, assignment, licensing, royalties;
    d. Financial records including tax, loans, capital accounts, assets, royalties, commissions, payroll;
    e. Termination documents including government delinquency notices, license cancellations, dissolution, liquidation, bankruptcy. (Doc. No. 1-1, at 5 ¶ 2) ("**Request 2**").

- Documents evidencing any ownership or financial interest by any attorney or other member/employee of Adam R. Stephenson, LTD (*i.e.*, Adam Stephenson LLC) in any Phazzer Entity from January 1, 2016 to present (Doc. No. 1-1, at 5 ¶ 3) ("**Request 3**").

- Documents evidencing any ownership or financial interest by any attorney or other member/employee of Adam R. Stephenson, LTD (*i.e.*, Adam Stephenson LLC) in any Leonidas Entity from January 1, 2015 to present (Doc. No. 1-1, 6 ¶ 4) ("**Request 4**").

- Engagement and/or fee agreements, invoices, alternative financing arrangements, and payment records regarding Abboud, Diana Robinson, Kevin or Michelle Chang, Gustavo Vaca, Double Dragon, or any Phazzer Entity or Leonidas Entity from January 1, 2016 to present (Doc. No. 1-1, at 6 ¶ 5) ("**Request 5**").

- Any joint defense or common interest agreements involving Abboud, Robinson, Kevin or Michelle Chang, Vaca, or any Phazzer Entity or Leonidas Entity from January 1, 2016 to present (Doc. No. 1-1, at 6 ¶ 6) ("**Request 6**").

- Documents, bill and payment records, and communications from January 1, 2018 to present relating to Taser's Trademark Reg. No. 4,423,789, including pre- and post-filing communications with several individuals and entities (Doc. No. 1-1, at 6 ¶ 7) ("**Request 7**").

Doc. No. 1-1.

Upon review, Mr. Stephenson and Adam Stephenson LLC's motion to quash (Doc. No. 1) will be denied, and Taser's motion to compel (Doc. No. 4) granted in part.

## II. LEGAL STANDARDS.

A party may subpoena documents, ESI, or tangible things in a non-party's possession pursuant to Federal Rule of Civil Procedure 45. Fed. R. Civ. P. 45(a)(1)(A)(iii). "The scope of discovery under Rule 45 is the same as the scope of discovery under Federal Rule of Civil Procedure 26." *Digital Assur. Certification, LLC v. Pendolino*, 6:17-cv-72-Orl-41TBS, 2017 WL 4342316, at *8 (M.D. Fla. Sept. 29, 2017). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). The party seeking to enforce a subpoena has the burden of demonstrating the information sought is relevant. *Fadalla v. Life Auto. Prods, Inc.*, 258 F.R.D. 501, 504 (M.D. Fla. 2007). "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing

undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).

The party opposing a subpoena has the burden of demonstrating that compliance with the subpoena presents an undue burden or that it requires the disclosure of privileged or protected information. *Fadalla*, 258 F.R.D. at 504. Written objections may be served by the non-party, but the objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. Fed. R. Civ. P. 45(d)(2)(B). "Typically, failure to serve written objections to a subpoena in the time provided by [Rule 45] waives any objections that party may have." *Cadle v. GEICO Gen. Ins. Co.*, No. 6:13-cv-1591-Orl-31GJK, 2014 WL 12639859, at *3 (M.D. Fla. Aug. 29, 2014); *see Gulati v. Ormond Beach Hosp., LLC*, No. 6:18-cv-920-Orl-37TBS, 2018 WL 7372080, at *2 (M.D. Fla. Dec. 17, 2018) ("When a party fails to respond to discovery, or provides untimely responses, whatever objections it might otherwise have had are generally deemed waived.").

### III. ANALYSIS.

Mr. Stephenson and Adam Stephenson LLC have moved to quash the subpoena, arguing that the information sought is protected from disclosure under Arizona Rule of Professional Conduct 1.6(a), Texas Disciplinary Rule of Professional Conduct 1.05(b)(1), and/or the attorney-client privilege. Doc. No. 1. In the motion to quash, Mr. Stephenson and Adam Stephenson LLC never identify

which person and/or entities at issue they purportedly represent/represented, relying solely on what Taser alleges, but the motion at points implies representation of the Leonidas Entities. *See id.* at 3–4 n.2 ("[A]ll documents/information sought in Category 1 are protected under the attorney-client privilege when the Leonidas entities specifically sought Respondents' legal advice for the documents/information listed therein.").

Taser opposes the motion to quash, stating that Mr. Stephenson and Adam Stephenson LLC "overread[] the restrictions" imposed by the ethical rules, and have failed to produce a privilege log as required by Fed. R. Civ. P. 45(e)(2). Doc. No. 4. So, Taser seeks an order compelling the immediate production of documents responsive to the subpoena. *Id.* at 2.

In reply, Mr. Stephenson and Adam Stephenson LLC in essence argue that resolution of their ability to produce documents under the ethical rules is a threshold issue that the Court must resolve before proceeding to their objections regarding attorney-client privilege. Doc. No. 9. In its reply, Taser concedes as much, stating that the basis for the motion to compel is the necessity for a Court Order. Doc. No. 11, at 2.

Arizona Ethical Rule 1.6 ("ER 1.6") provides, in relevant part, that "[a] lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out

the representation or the disclosure is permitted or required . . . to comply with . . . a final order of a court . . . directing the lawyer to disclose such information." Ariz. R. Sup. Ct. ER 1.6. Thus, "ER 1.6 is a valid objection to a production request, but not a defense to compulsion by a court order." *Corbin v. Unifund CCR Partners*, No. CV 06-402-TUC-RCC, 2007 WL 9724726, at *2 (D. Ariz. Oct. 19, 2007).

Texas Disciplinary Rule of Professional Conduct 1.05 similarly provides that "a lawyer shall not knowingly . . . "[r]eveal confidential information of a client or a former client," except that a lawyer may "reveal confidential information . . . [w]hen the lawyer has reason to believe it is necessary to do so in order to comply with a court order."

Here, any concerns with complying the Arizona or Texas ethical rules are resolved by issuance of this Order. *See, e.g.*, *Chartis Specialty Ins. Co. v. Scott Homes Multifamily Inc.*, No. CV-13-00601-PHX-ROS, 2015 WL 13566919, at *2 n.2 (D. Ariz. Feb. 23, 2015) (citing Ariz. R. Sup. Ct. ER 1.6 (d)(5)).

Accordingly, because, outside of the issue of attorney-client privilege, the sole basis for the motion to quash is the Arizona and Texas ethical rules, the motion to quash will be **DENIED**, and Adam Stephenson LLC will be ordered to comply with the subpoena by producing non-privileged responsive documents, as set forth in this Order. *See, e.g.*, *United States v. Davidson*, No. MC-12-47-PHX-ROS, 2013 WL 7019211, at *1 (D. Ariz. Feb. 26, 2013) (compelling production of non-privileged

information over ER 1.6 objection); *Corbin*, 2007 WL 9724726, at *2 (similar); *Sec. & Exch. Comm'n v. Whittemore*, No. CV 05-869 (RMC), 2006 WL 8462457, at *1 (D.D.C. Oct. 24, 2006) (granting motion to compel non-privileged information over objection based on Texas Disciplinary Rule of Professional Conduct 1.05).

In its response/motion to compel, Taser represents that it is only seeking non-privileged information accompanied by a privilege log. Doc. No. 4, at 2 n.4. Thus, at this point, the Court is only ordering production of non-privileged materials responsive to the subpoena, along with a privilege log. And given that, besides the attorney-client privilege, Adam R. Stephenson, LTD, or Mr. Stephenson and Adam Stephenson LLC on its behalf, have raised no further objections to the subpoena, the Court will not entertain any objections outside of privilege objections in response to the subpoena. *See Manhattan Constr. Co. v. Phillips*, No. 1:09-CV-1917-WSD-AJB, 2011 WL 13214355, at *13 (N.D. Ga. May 11, 2011) ("Rule 45's requirement to file objections includes the dictate that all objections be raised." (citing *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998) ("We believe that Rule 45(c)(2)(B) does require the recipient of a subpoena to raise all objections at once, rather than in staggered batches, so that discovery does not become a 'game.'"))).

Thus, with one exception, the Court will order responsive production of all non-privileged information in Adam Stephenson LLC's current possession,

custody, or control responsive to the subpoena, specifically with respect to Requests 1–6. *See* Doc. No. 1-1. As set forth in a recent Order pertaining to a similar subpoena issued to third party Venjuris P.C., *see* 16-cv-366 Case, Doc. No. 605, the Court finds that the information sought by Request 7 does not fall within the scope of proceedings supplementary discovery in the 16-cv-366 Case, and thus, the Court declines to compel production of materials responsive to that request.

## IV. CONCLUSION.

For the reasons set forth herein, it is **ORDERED** as follows:

1. Non-Party Respondents, Adam Stephenson's and Adam Stephenson LLC's Motion to Quash Subpoena Pursuant to Fed. R. Civ. P. 45(d)(3)(iii) (Doc. No. 1) is **DENIED**.

2. Taser's request to compel compliance with the subpoena (Doc. No. 4) is **GRANTED in part**.

3. Within **thirty (30) days** of this Order Adam Stephenson LLC shall produce to Taser all non-privileged documents in its current possession, custody, and control responsive to Requests 1 through 6 of the subpoena. To the extent that Adam Stephenson LLC intends to assert a privilege objection as to any responsive materials, it must produce a privilege log in response by this same deadline. *See* Fed. R. Civ. P. 45(e)(2). *See also In re Standing Order Regarding Privilege Logs*, No. 6:19-mc-32-LHP, Doc. No. 1 (June 17, 2019),

*available at* https://www.flmd.uscourts.gov/standing-order-judge-hoffman-price-regarding-privilege-logs.

4. Taser's request (Doc. No. 4) is **DENIED in all other respects**.

**5. Failure to comply with this Order may result in the imposition of sanctions, up to and including institution of contempt proceedings.** *See* **Fed. R. Civ. P. 45(g).**

6. The **Clerk of Court** is **DIRECTED** to terminate all pending motions in Case No. 6:22-mc-00041-PGB-LHP, and ensure that all parties to Case No. 6:22-mc-00041-PGB-LHP receive a copy of this Order by electronic means.

**DONE** and **ORDERED** in Orlando, Florida on February 8, 2023.

*[signature]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties