## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**TASER INTERNATIONAL, INC.,**
 **n/k/a AXON ENTERPRISE,**
**INC., a Delaware corporation,**

     **Judgment Creditor,**

**v.**                                                    **Case No: 6:16-cv-366-PGB-LHP**

**PHAZZER ELECTRONICS, INC.,**
**A Delaware corporation,**

     **Judgment Debtor,**

**and**

**STEVEN ABBOUD, a Florida**
**resident; PHAZZER GLOBAL,**
**LLC, a Nevis limited liability**
**company; and PHAZZER IP,**
**LLC, a Nebraska limited liability**
**company,**

     **Impleaded Defendants**
_____/

## <u>ORDER</u>

This cause is before the Court on the following filings:

1.     Taser's Motion to Strike Steven Abboud's Counterclaims (Doc. 555),

     and Abboud's Response in Opposition (Doc. 557);

2.     Taser's Motion to Dismiss Steven Abboud's Counterclaims (Doc. 556),

     and Abboud's Response in Opposition (Doc. 562);

3.  Taser's Motion to Strike Inflammatory Material from Abboud's Response in Opposition to Motion to Dismiss (Doc. 566), and Abboud's Response in Opposition (Doc. 577);

4.  Impleaded Defendant Steven Abboud's Motion for Court to Grant Judgment in his Favor on the Pleadings (Doc. 570), and Taser's Response in Opposition (Doc. 581); and

5.  Magistrate Judge Leslie Hoffman Price's Report and Recommendation as to these filings (Doc. 596 (the "**Report**")), Abboud's Objection to the Magistrate Judge's Report to the extent it recommends denying Abboud's motion for judgment on the pleadings (Doc. 611), and Taser's response to Abboud's Objection (Doc. 622).

Taser did not object to the Magistrate Judge's Report, and Abboud only objects to the recommendation that his Motion for Judgment on the Pleadings be denied. Upon due consideration, Abboud's objection is overruled, and the Report is adopted in its entirety.

## I.   BACKGROUND

The Court agrees in full with the procedural and factual background as set forth in the Report, and as such, it is hereby adopted and made a part of this Order. (*See* Doc. 596, pp. 2–5).

## II.   STANDARD OF REVIEW

When a party objects to a magistrate judge's findings, the district court must "make a *de novo* determination of those portions of the report . . . to which

objection is made." 28 U.S.C. § 636(b)(1). However, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (citation omitted). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues independent of the magistrate judge's report, as *de novo* review is essential to the constitutionality of § 636. *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

## III.   DISCUSSION

Defendant Abboud objects to the Magistrate Judge's recommendation that Abboud is not entitled to judgment on the pleadings. (Doc. 611, p. 2). The thrust of the Defendant's objection is that Taser fails to allege that he is or has been a shareholder of Phazzer Electronics, Inc., or that his spouse owns shares of the corporation and as such alter ego liability has not been properly pled.[1] (*Id.*). Abboud relies on *Molinos Valle Del Cibao v. Lama*, 633 F.3d 1330, 1349 (11th Cir. 2011), for the proposition that alter ego liability applies only where the shareholder's actions so dominate the corporation as to render the shareholder the alter ego of the corporation. (*Id.*). Defendant Abboud further avers that *Molinos* acknowledges one exception to this rule where a corporate officer's spouse owns shares of the corporation. (*Id.* at p. 3). The Magistrate Judge does not construe the

---

[1]   Abboud does not object to the Magistrate Judge's recommendation to the extent that the Court rejects Abboud's argument that Taser failed to adequately allege injury and/or causation. (Doc. 596, p. 17).

predicate for piercing the corporate veil so narrowly (Doc. 596, pp. 16–17), and neither does this Court.

The Magistrate Judge's Report recounts Taser's allegations that "Abboud so dominated and controlled Phazzer that he was its alter ego and used Phazzer for improper purposes, including the siphoning of Phazzer's assets for his own personal use." (*Id.*). The Magistrate Judge next considered the Eleventh Circuit's opinion in *Molinos* and agreed with Taser that the holding in *Molinos* does not rule out piercing the corporate veil based on the conduct of non-shareholders. (*Id.* at p. 18). Since the Florida Supreme Court had not spoken definitively on whether non-shareholder conduct may qualify to pierce the corporate veil, the Eleventh Circuit was required to predict how the highest state court would decide this issue. *Molinos*, 633 F.3d at 1348–49. The Eleventh Circuit ultimately predicted in *Molinos* that the Florida Supreme Court will "not permit a plaintiff to pierce the corporate veil against a non-shareholder director." *Id.* at 1351. That said, the Court left open the possibility of piercing the corporate veil when ownership rests with a family member because "a wife's ownership is a very close analogue to the husband's ownership because the economic proceeds likely benefit the entire family unit." *Id.* at 1350.

Here it is alleged that "Abboud installed his cousin Deirdra French and her spouse Kirk French as the sham owners of the company, and [the Magistrate Judge found that] . . . based on the familial relationship, Abboud is subject to alter ego liability." (Doc. 596, p. 18). This Court agrees because the allegations in the

amended supplemental complaint portray Abboud as having installed nominees as owners of the company while he exercised control, and the economic proceeds benefited Abboud. It is irrelevant that Abboud allegedly exercised control via his cousin as opposed to having a spouse who dominates and controls the corporation to his benefit.  Simply put, it defies commonsense to reward Abboud for installing his cousin and her spouse as nominal owners when alter ego liability may arise where  one's spouse is the shareholder. In either case alter ego liability rests on the familial relationship, the control and ownership in the company which defeats its independent existence, and the receipt of economic benefits.

The Magistrate Judge cites several district court decisions reaching the same conclusion. For example, in *SE Property Holdings, LLC v. Phillips*, No. 3:15CV554/MCR/EMT, 2016 WL 11529614, at *4 (N.D. Fla. May 4, 2016), the district court interpreted the Eleventh Circuit's holding in *Molinos* as "emphasiz[ing] the importance of ownership and control in the determination, observing that '[t]he theme of ownership underlies Florida's leading case on piercing the corporate veil.'" The court rejected the defense's argument that because the defendant "took pains to ensure that he personally does not appear as a 'shareholder' of HCB or Phillips Capital, [this] should not bar relief as a matter of law." *Id.* Similarly in *Kremer v. Lysich*, No. 3:19-cv-887-BJD-JBT, 2021 WL 6125467, at *6 (M.D. Fla. Oct. 26, 2021), the district court held a non-shareholder can be liable under corporate veil piercing in Florida where the defendant is "the patriarch [and] is alleged to control and dominate companies owned by his sons

and nephew." Here Defendant Abboud is alleged to have controlled and dominated Phazzer Electronics, having installed close family members as nominal owners to shield his *de facto* ownership of the company. Alter ego liability should not be defeated by semantics or gamesmanship.

## III.   CONCLUSION

The Court finds the Plaintiff has pled enough facts to plausibly give rise to an alter ego cause of action. For the reasons set forth herein, it is **ORDERED AND ADJUDGED** as follows:

1.   Defendant's Objection to the Report and Recommendation (Doc. 611) is **OVERRULED**;

2.   Magistrate Judge Hoffman Price's Report (Doc. 596) is **ADOPTED** and **CONFIRMED** and made a part of this Order;

3.   Taser's Motion to Strike Abboud's Counterclaims (Doc. 555) is **GRANTED**, and Defendant Abboud's counterclaims from his September 15, 2022 Answer (Doc. 546) are hereby **STRICKEN**;

4.   Taser's Motion to Dismiss Abboud's Counterclaims (Doc. 556) is **DENIED AS MOOT**;

5.   Taser's Motion to Strike Inflammatory Material from Abboud's Opposition (Doc. 566) is **DENIED**; and

6.   Abboud's Motion for Judgment on the Pleadings (Doc. 570) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on March 14, 2023.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties