**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

TASER INTERNATIONAL, INC.,

    Plaintiff,

v.                                            Case No:   6:16-cv-366-PGB-LHP

PHAZZER ELECTRONICS, INC.,
STEVEN ABBOUD, PHAZZER IP,
LLC and PHAZZER GLOBAL
CORPORATION,

    Defendants

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** NON-PARTY RESPONDENTS, ADAM STEPHENSON AND ADAM STEPHENSON LLC'S, MOTION FOR CLARIFICATION OF THIS COURT'S ORDER REGARDING STEPHENSON'S PRODUCTION OF DOCUMENTS (Doc. 606) AND MOTION FOR EXTENSION OF TIME TO COMPLY WITH SUBPOENA AND THE COURT'S ORDER (Doc. 606) PURSUANT TO FED. R. CIV. P. 6(B) (Doc. No. 660)
>
> **FILED:** April 19, 2023

**THEREON** it is **ORDERED** that the motion is **DENIED**.

Non-parties Adam Stephenson and Adam Stephenson LLC (collectively, "Stephenson") seek "clarification" regarding the Court's February 8, 2023 discovery Order. Doc. No. 660. *See* Doc. No. 606. For several of the reasons argued by Plaintiff in response, *see* Doc. No. 661, the motion will be denied. Specifically, Stephenson is not really seeking "clarification" of the Court's order, but instead is attempting to raise objections not previously raised (*i.e.*, trade secrets, relevancy, non-responsiveness of third-party identities, and jurisdiction), fails to support any contention that the responsive materials actually contain attorney-client privilege protected information, and otherwise attempts to assert positions not previously taken in the motion to quash briefing. *See* Doc. No. 660. As the Court previously warned Stephenson, "the Court will not entertain any objections outside of privilege objections in response to the subpoena." *See* Doc. No. 606, at 10.

Accordingly, given that the Court's February 8, 2023 discovery Order is clear, the Motion for Clarification (Doc. No. 660) is **DENIED**. On or before **May 2, 2023**, Stephenson must fully comply with the Court's February 8, 2023 discovery Order and produce "all non-privileged documents in its current possession, custody, and control responsive to Requests 1 through 6 of the subpoena," and to the extent a privilege objection is raised as to any responsive materials, it must submit a privilege log in support. *See* Doc. No. 606, at 11–12.

Plaintiff's request for attorney's fees in its response (Doc. No. 661, at 4, 16) is also **DENIED** for failure to provide legal authority in support.  *Cf. Golden Krust Franchising, Inc. v. Clayborne*, No. 8:20-mc-104-T-33SPF, 2020 WL 7260774, at *2 (M.D. Fla. Dec. 10, 2020) ("[U]nlike Rule 37, Rule 45 contains no express provision for attorneys' fees or sanctions to a party that has prevailed on a motion to compel compliance with a subpoena. . . ." (quotation marks and citation omitted)).[1]

**DONE** and **ORDERED** in Orlando, Florida on April 25, 2023.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] The Court also does not address Plaintiff's other requests for affirmative relief regarding Stephenson's production to date, given that this matter comes before the Court on Stephenson's motion for clarification alone.