# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

TASER INTERNATIONAL, INC.,

        Plaintiff,

v.                                      Case No:   6:16-cv-366-PGB-LHP

PHAZZER ELECTRONICS, INC.,
STEVEN ABBOUD, PHAZZER IP,
LLC and PHAZZER GLOBAL
CORPORATION,

        Defendants

_____

## ORDER

    This cause comes before the Court on review of Plaintiff's Opposed Second Motion to Compel Stephenson's Production of Documents from third-party entity Adam Stephenson, LLC ("Stephenson") (Doc. No. 669), Stephenson's Amended Privilege Log (Doc. No. 669-1), Stephenson's Response (Doc. No. 670) and the Affidavit of Adam Stephenson, Esquire in support (Doc. No. 670-1). Upon consideration, it is **ORDERED** that the Motion (Doc. No. 669) is **GRANTED in part** and **TAKEN UNDER ADVISEMENT in part**, as set forth in this Order.

    Specifically, to the extent that Stephenson raises objections that the documents at issue are "non-responsive," irrelevant, contain technical, proprietary,

or trade secret information, identify third parties, or are otherwise confidential, these objections are **OVERRULED** because they were waived for the reasons previously set forth by the Court.  *See* Doc. No. 606.  *See also* Doc. No. 662.  And to the extent that Stephenson's objections are based on confidentiality (rather than attorney-client privilege, two issues which Stephenson appears to conflate), it is **ORDERED** that Stephenson's production in this case will be governed by the terms of the Protective Order previously entered by the Court.  *See* Doc. No. 517. Accordingly, Stephenson will be ordered to **immediately** produce all documents subject to these objections, unredacted, to the extent the documents are not otherwise alleged to be protected by the attorney-client privilege.

As it relates to any remaining documents that Stephenson contends are subject to the attorney-client privilege alone, the Court will require Stephenson to file an amended privilege log setting forth the remaining documents at issue with the specific bases for the objections asserted.   The issue of attorney-client privilege will be addressed at the hearing scheduled for May 16, 2023 before the undersigned, at which the Court will require lead counsel for Stephenson to be present.  *See* Doc. No. 658.   To the extent that Stephenson maintains an attorney-client privilege objection to any of the remaining documents sought by the subpoena, counsel for Stephenson is advised that the Court will require Stephenson to demonstrate that the attorney-client privilege applies to each of the documents at issue under

governing law.  *See generally United States v. Noriega*, 917 F.2d 1543, 1550 (11th Cir. 1990) ("[T]o invoke [the attorney-client privilege], the claimant must establish the following: (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is [a] member of a bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.").[1]

For these reasons, it is **ORDERED** as follows:

1.     Plaintiff's Opposed Second Motion to Compel Stephenson's Production of Documents (Doc. No. 669) is **GRANTED in part and TAKEN UNDER ADVISEMENT in part**, as set forth in this Order.

2.     Stephenson shall **IMMEDIATELY** produce to Plaintiff all documents, in unredacted form, withheld solely as non-responsive, irrelevant, containing technical, proprietary, or trade secret information, identifying third parties, and/or otherwise as confidential, such production to occur no later than **5:00**

_____

[1] The Court of course encourages Plaintiff and Stephenson to continue to work on resolving the matter without Court intervention, if possible.

**p.m. EST on May 12, 2023**.   It is **ORDERED** that Stephenson's production in this case will be governed by the terms of the Protective Order previously entered by the Court.   *See* Doc. No. 517.

3.     On or before **12:00 p.m. EST on May 15, 2023**, Stephenson shall file with the Court an amended privilege log addressing the remaining documents withheld solely based on attorney-client privilege.

4.     The Court will address all outstanding matters with regard to Stephenson's attorney-client privilege objections at the in-person hearing before the undersigned on **May 16, 2023 at 10:00 a.m.**   *See* Doc. No. 658. Lead counsel for Stephenson, Abbye Erika Alexander, Esq., shall be present **in person** at the hearing prepared to address the substance of Stephenson's attorney-client privilege objections under governing law.   Adam R. Stephenson shall be required to be available by remote means during the hearing, should his presence at the hearing become necessary.

5.     Attorney Alexander shall bring to the May 16, 2023 hearing copies of all remaining documents withheld solely based on attorney-client privilege, for *in camera* review, as the Court deems necessary.

**5.     Failure to comply with the requirements set forth in this Order may result in sanctions.   *See* Fed. R. Civ. P. 16(f).**

**DONE** and **ORDERED** in Orlando, Florida on May 10, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties