# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

TASER INTERNATIONAL, INC.,

        Plaintiff,

v.                                                    Case No:   6:16-cv-366-PGB-LHP

PHAZZER ELECTRONICS, INC.,
STEVEN ABBOUD, PHAZZER IP,
LLC and PHAZZER GLOBAL
CORPORATION,

        Defendants

_____

## ORDER

This cause came on for consideration without oral argument on the following

motion filed herein:

| | |
|---|---|
| **MOTION:** | **NON-PARTY RESPONDENT ADAM STEPHENSON, LLC's OPPOSED MOTION TO RECONSIDER AND VACATE THE JUNE 23, 2023 ORDER (DOC. NO. 696) (Doc. No. 700)** |
| **FILED:** | **June 28, 2023** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

On June 15, 2023, Plaintiff filed a motion to compel as it relates to third-party

Adam Stephenson, LLC's ("Stephenson") production of documents responsive to a

subpoena.   Doc. No. 691.   Stephenson did not timely respond to the motion.   *See* Doc. No. 508 ¶ 5 (providing that opposition briefing to a discovery motion must be filed no later than five days after the motion).   Accordingly, the Court deemed the motion to be unopposed in all respects, granted it in full on June 23, 2023, and ordered all of Stephenson's objections waived by failure to timely respond to the motion.   Doc. No. 696.   Now, by the above-styled motion, Stephenson seeks reconsideration of that Order.   Doc. No. 700.   Plaintiff opposes.   Doc. No. 708. Upon consideration, and for several of the reasons argued by Plaintiff in response, the motion is due to be denied.

Reconsideration of a court order is an extraordinary remedy that must be used sparingly.   *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072 (M.D. Fla. 1993).   "Only a change in the law, or the facts upon which a decision is based, will justify a reconsideration of a previous order." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).   "Court opinions are 'not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.'"   *Hope v. Sec'y, Dep't of Corr.*, No. 6:16-cv-2014-Orl-28GJK, 2018 WL 10669778, at *1 (M.D. Fla. Feb. 8, 2018) (quoting *Quaker Alloy Casting Co. v. Gulfco Indus.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)).   "[C]ourts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct

clear error or prevent manifest injustice." *Sussman*, 153 F.R.D. at 694.  *See also Stallworth v. Omninet Village, L.P.*, No. 6:16-cv-546-Orl-31DAB, 2016 WL 10100424, at *2 (M.D. Fla. Aug. 23, 2016) ("Motions for reconsideration are permitted when there is (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) the need to correct clear error or manifest injustice." (citing *Tristar Lodging, Inc. v. Arch Speciality Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006), *aff'd sub nom. Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 215 F. App'x 879 (11th Cir. 2007)).

Here, Stephenson does not argue that there was an intervening change in controlling law, or that newly discovered evidence justifies reconsideration of the Court's June 23, 2023 Order.   Instead, Stephenson argues only clear error and/or manifest injustice.   Doc. No. 700, at 6.   According to Stephenson, the Court's June 23, 2023 was clearly erroneous because Stephenson's failure to respond to the motion to compel did not result in waiver of its attorney-client privilege objections, and thus, it would constitute manifest injustice to require production over the attorney-client privilege objections.   *Id.* at 6–7.

The Court finds Stephenson's arguments unpersuasive for several reasons. First, Stephenson nowhere explains its failure to timely respond to Plaintiff's motion to compel.   Stephenson merely "apologizes" to the Court, and then moves on.   *See id.* at 8.   To the extent that Stephenson relies on a calendaring error, or an assumption that Local Rule 3.01(c) applied rather than the Standing Order on

- 3 -

Discovery Motions, such reliance is unavailing.   The Order on Discovery Motions has been part of this case since March 9, 2022, and applies to all litigants involved in a discovery dispute.   There is no exception for third-party subpoenas.   *See* Doc. No. 508.   Moreover, Plaintiff submits documentation demonstrating that it separately notified Stephenson of the Standing Order and sent Stephenson a copy of same.   Doc. No. 708-1.   And if it were a mere calendaring error, such does not warrant reconsideration.   *See, e.g.*, *Stallworth*, 2016 WL 10100424, at *2 (finding that a "failure to timely provide discovery or timely respond to [a] motion to compel due to alleged calendar errors or mistakes does not amount to the type of manifest injustice that compels extraordinary relief"); *United Fire & Cas. Co. v. Progressive Express Ins. Co.*, No. 6:19-cv-1049-Orl-41EJK, 2020 WL 11421204, at *2 (M.D. Fla. July 30, 2020) (denying motion for reconsideration where counsel incorrectly mis-calendared deadline to respond to discovery motion as 14 days rather than 5 days under discovery standing order).

Second, as Plaintiff argues, Stephenson cites no legal authority demonstrating that a finding of waiver of objections, including privilege, by failure to timely respond to a motion to compel constitutes clear error.   *See* Doc. No. 700.   *Cf. Johnson v. Chase Bankcard Servs., Inc.*, No. 6:19-cv-2252-CEM-LRH, 2021 WL 2905560, at *3 (M.D. Fla. Apr. 13, 2021) (finding plaintiff waived attorney work product privilege which he asserted in response to discovery requests, but failed to reassert

in response to motion to compel); *Se. Asset Recovery Fund GA-4, LLC v. Windolf, No. 5:13CV222-RH/GRJ*, 2016 WL 7655801, at *1 (N.D. Fla. Apr. 21, 2016) (failure to timely respond to motion to compel waived privilege objection); *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 681 (D. Kan. 2004) (finding work product and attorney-client privilege objections waived by failing to reassert them in response to motion to compel).  *See also Zamperla, Inc. v. I.E. Park SRL*, No. 6:13-cv-1807-Orl-37KRS, 2015 WL 12836001, at *1 (M.D. Fla. Sept. 22, 2015) (objections not addressed and supported in response to motion to compel deemed abandoned); *Belfleur v. Salman Maint. Serv., Inc.*, No. 07-20219-CIV, 2007 WL 2608668, at *5 n.3 (S.D. Fla. Sept. 5, 2007) (finding accountant-client privilege objection abandoned by failing to re-assert in response to motion to compel).

Third, besides mentioning manifest injustice in conclusory fashion, Doc. No. 700, at 7, 12, Stephenson fails to explain how manifest injustice would result.  *See, e.g., Rodriguez v. GEICO Gen. Ins. Co.*, No. 6:19-cv-1862-Orl-40GJK, 2020 WL 6270818, at *2 (M.D. Fla. Sept. 30, 2020) ("Defendants' conclusory assertion that reconsideration is necessary to prevent manifest injustice is insufficient to demonstrate such.").[1]

---

[1] The Court notes that there is a Protective Order governing production of discovery in this case.  *See* Doc. No. 517.

Finally, in its motion, Stephenson also argues that the Local Rule 3.01(g) certification made by Plaintiff in the motion to compel was inaccurate.   Doc. No. 700, at 3–5.   But this is an argument that Stephenson could and should have raised by timely response to the motion to compel.   Accordingly, the Court declines to consider it here.   *See Capitol Body Shop, Inc. v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-6000-Orl-31TBS, 2016 WL 2758964, at *1 (M.D. Fla. May 12, 2016) (motion for reconsideration not a proper avenue for arguments that "could and should have been made during the pendency of the underlying motion").

In sum, Stephenson has failed to demonstrate that reconsideration is warranted.   Thus, Stephenson's Opposed Motion to Reconsider and Vacate the June 23, 2023 Order (Doc. No. 700) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on July 6, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 6 -