# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**TASER INTERNATIONAL, INC.,**

      **Plaintiff,**

v.                                                     Case No: 6:16-cv-366-PGB-LHP

**PHAZZER ELECTRONICS, INC.,
STEVEN ABBOUD, PHAZZER
IP, LLC and PHAZZER GLOBAL
CORPORATION,**

      **Defendants.**

_____/

## ORDER

This cause is before the Court on Plaintiff Taser International, Inc., n/k/a Axon Enterprise, Inc.'s Motion for Default and Sanctions against Phazzer Global Corporation, filed on August 23, 2023. (Doc. 720 (the "**Motion**")). Defendant Phazzer Global Corporation has failed to respond to Plaintiff's Motion. Accordingly, the Plaintiff's Motion is granted as unopposed.

Taser sets forth a disturbing pattern of egregious discovery abuse by Phazzer Global Corporation which is consistent with the litigation strategy employed by Mr. Stephen Abboud and Phazzer Electronics, Inc. (*See* Docs. 183, 271, 616). In the instant Motion for sanctions, Taser establishes that Mr. Abboud created and controlled Defendant Global LLC and directed its conversion to Global Corp. (Doc. 720, pp. 3, 10). Taser further alleges that Global engaged in a pattern of deception by falsely denying knowledge of the conversion or continuation entity. (*Id.* at pp.

10–11). And Global intentionally misrepresented the date Global Corp was created and its relation to Global LLC to hide documents sought by the Plaintiff. (*Id.* at p. 11). Further, Global failed to prepare its corporate representative, Gustavo Vaca, for his Rule 30(b)(6) deposition. (*Id.* at pp. 12–16). Taser details the steps taken by Global to frustrate discovery. (*Id.* at pp. 16–20). Finally, Taser identifies several filings and related legal arguments advanced by Global which lacked a good faith basis. (*Id.* at pp. 20–23).

Taser seeks, and Global does not oppose, an order striking Global's responsive pleading (Doc. 665), entering default in favor of Taser on all claims against Phazzer Global Corporation in the Second Amended Complaint (Doc. 659), entry of judgment against Global Corporation — the continuation entity — in favor of Taser in the amount of $7,869,578.74 plus accrued interest on Electronics' May 11, 2018 judgment (Doc. 273), judgment on the fraudulent transfer claim for $131,573 (Doc. 543, ¶¶ 55, 88), and awarding Taser its attorneys' fees and costs for Global's bad faith conduct, jointly and severally with its counsel, in an amount to be determined by the Court.

The Court finds that Plaintiff Taser International, Inc.'s Motion for Default and Sanctions against Phazzer Global Corporation is warranted based on the pattern of discovery abuse and deception engaged in by Phazzer Global Corporation, f/k/a Phazzer Global LLC, and the Motion is unopposed. The Court reserves ruling on whether Taser's attorneys' fees should be awarded against Phazzer Global Corporation jointly and severally with its counsel and will allow

Global's counsel an opportunity to respond once Taser files its motion for an award of attorneys' fees.

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. Phazzer Global Corporation's Answer and Affirmative Defenses (Doc. 665) is hereby stricken;

2. Default Judgment is entered in favor of Taser on all claims against Phazzer Global Corporation in the Second Amended Complaint (Doc. 659) (Count 2, continuation entity; Count 3, fraudulent transfer);

3. Judgment on the continuation entity claim (Count 2) is entered in favor of Taser and against Phazzer Global Corporation in the amount of $7,869,578.74 plus all accrued interest on Phazzer Electronic's May 11, 2018 judgment (*See* Doc. 273);

4. Judgment on the fraudulent transfer claim (Count 3) is entered in favor of Taser and against Phazzer Global Corporation in the amount of $131,573.00; and

5. Taser is awarded reasonable attorneys' fees and costs against Phazzer Global Corporation in an amount to be determined by the Court.

**DONE AND ORDERED** in Orlando, Florida on January 4, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

3

Copies furnished to:

Counsel of Record
Unrepresented Parties