**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TASER INTERNATIONAL, INC.,**

      **Plaintiff,**

**v.**                                        **Case No: 6:16-cv-366-PGB-LHP**

**PHAZZER ELECTRONICS, INC.,**
**STEVEN ABBOUD, PHAZZER**
**IP, LLC and PHAZZER GLOBAL**
**CORPORATION,**

      **Defendants.**

_____/

## ORDER

This cause is before the Court on Taser's Motion for Default and Sanctions Against Phazzer IP, LLC and Diana Robinson. (Doc. 722 (the "**Motion**")). Defendant Phazzer IP, LLC did not respond, and Defendant Robinson's Response is limited to asserting a procedural bar to Plaintiff's request for Rule 11 sanctions and fails to address the merits of Plaintiff's Motion. (Doc. 734). Upon due consideration, Taser's Motion is granted.

## I.    BACKGROUND

The history of this case has been fully discussed elsewhere in the record. (*See* Docs. 183, 271, 299, 441, 462). Plaintiff Taser International, Inc. ("**Taser**")[1] instituted this action in March 2016 against Defendant Phazzer Electronics, Inc.

---

[1]    Taser is now known as Axon Enterprise, Inc., however for continuity purposes, the Court continues to utilize Taser.

("**Phazzer**"), asserting claims of patent and trademark infringement, false advertising, and unfair competition. (Doc. 1). Ultimately, a default judgment was entered against Phazzer as a sanction. (Doc. 183; *see also* Docs. 192, 267, 272–73, 300–01). Since then, Taser has engaged in post-judgment collection efforts, the Court instituted proceedings supplementary, and Taser filed an authorized supplemental complaint impleading third parties Steven Abboud (Phazzer's alleged principal) (**"Abboud"**), and two other entities, Phazzer Global, LLC (**"Phazzer Global"**) and Phazzer IP, LLC (**"Phazzer IP"**), into these proceedings. (*See* Docs. 289, 293, 296, 297, 317, 320, 333, 376, 400).

The post-judgment litigation has fostered several motions to compel discovery by Taser against the Defendants. (*See* Docs. 597, 599, 671, 681, 696). Taser moves for the imposition of sanctions, including entry of default judgment, against Defendant Phazzer IP, LLC and Ms. Diana Robinson for intentional discovery obstruction and misdirection, spoliation of evidence, perjury, willful violation of Court rules and orders, and failure to meaningfully prepare for its Rule 30(b)(6) deposition. (Doc. 722, pp. 1–2).

## II.    LEGAL STANDARD

Rule 37 allows district court judges broad discretion to fashion appropriate sanctions for the violation of discovery orders. *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993). This Rule allows for sanctions when a party violates a discovery order or fails to attend its own deposition. *See* FED. R. CIV. P. 37(b)(2)(A), (d)(1)(A)(i). For both these offenses, the Rule authorizes various

sanctions, such as striking pleadings, rendering a default judgment, and holding the disobeying party in contempt of court. FED. R. CIV. P. 37(b)(2)(A)(iii), (b)(2)(A)(vi), (b)(2)(A)(vii), (d)(3); *see also Consumer Fin. Prot. Bureau v. Brown*, 69 F.4th 1321, 1330–31 (11th Cir. 2023). The "severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Malautea*, 987 F.2d at 1542; *see United States v. One 32%2C Scorpion Go-Fast Vessel*, 339 F. App'x 903, 905 (11th Cir. 2009) (noting that the court need not first impose lesser sanctions if doing so would be ineffective); *see also Griffin v. Aluminum Co. of Am.*, 564 F.2d 1171, 1172 (5th Cir. 1977) ("Dismissal of a complaint with prejudice is such a drastic remedy that a district court should apply it only in extreme circumstances.") (citations omitted).[2] And dismissal or default judgment is appropriate when the party acts with bad faith and not where its failure to comply results from negligence, misunderstanding or an inability to comply. *See Maus v. Ennis*, 513 F. App'x 872, 878 (11th Cir. 2013) (citing *Malautea*, 987 F.2d at 1542). Bad faith may be found through "delaying or disrupting the litigation or hampering enforcement of a court order." *Eagle Hosp. Physicians, LLC V. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009).

Furthermore, Rule 37 provides that "the court must order the disobedient party, attorney advising that party, or both to pay the reasonable expenses,

---

[2]   In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C), (d)(3). The Supreme Court has held that the intent behind Rule 37 sanctions is both "to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763–64 (1980) (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (per curiam)). This deterrence is necessary because "it is not the court's function to drag a party kicking and screaming through discovery." *Telectron, Inc. v. Overhead Door Corp.*, 116 F.R.D. 107, 134 (S.D. Fla. 1987); *see also Malautea*, 987 F.2d at 1545 (quoting FED. R. CIV. P. 26(g)).[3]

## III. DISCUSSION

Defendants Phazzer IP, LLC and Diana Robinson have engaged in an intentional pattern of obfuscation and delay that has plagued this litigation.[4] Taser outlines the abusive discovery tactics perpetrated by Phazzer IP and Robinson, and the Court will address each in turn. (Doc. 722, pp. 4–25). It is worth repeating that

---

[3]   Taser also seeks relief under Rule 11. (Doc. 719, p. 19). Defendant Robinson argues that Rule 11 sanctions are premature because Plaintiff failed to allow her to cure the alleged defect under Rule 11(c)(2). (Doc. 734, p. 2). Since sanctions are warranted under Rule 37, the Court need not address Robinson's concern.

[4]   The history of this case teaches that Mr. Steven Abboud is the architect behind the Defendants' delay tactics, but Ms. Robinson is a knowing participant. In many respects, the Defendants' conduct resembles activities undertaken by a criminal enterprise that employs shell companies and nominees to avoid detection. The conduct here is nothing short of outrageous.

Ms. Robinson does not challenge the accuracy of Taser's recitation of the relevant facts.

### 1. *Robinson as Corporate Representative*

Ms. Robinson was designated the corporate representative for Phazzer IP and was deposed on April 18 and July 12, 2022. (*Id.* at p. 4). A corporate representative cannot be an empty suit and Ms. Robinson had a duty to prepare for the deposition. *See Cont'l Cas. Co. v. First Fin. Leasing, Inc.*, 716 F. Supp. 2d 1176, 1189 (M.D. Fla. 2010). The notice of taking deposition included 14 topics on which Ms. Robinson was to be questioned. (Doc. 719-85). Ms. Robinson was unprepared and admitted she could not testify about topics related to Phazzer IP between 2013 and 2017. (Doc. 722, p. 5). Ms. Robinson claims she "was never a part of [Phazzer] IP" and "was brought in for convenience . . . just to sign documents." (Doc. 719-6, 17:19–24, 108:13–21). Ms. Robinson was offered as a "strawman" instead of a Rule 30(b)(6) corporate representative to frustrate the discovery of relevant facts.

### a. *Bad Faith Concealment of Phazzer IP's Ownership*

Taser establishes that Jason Abboud, Steven Abboud's third cousin and general counsel for Phazzer Electronics, Inc., filed the documents to form Phazzer IP with the Nebraska Secretary of State. (Doc. 722, p. 6 (citing Doc. 719-2, 20:4–9; Doc. 719-9, 6:25–7:5)). Steven Abboud was identified in the forming documents as a member of Phazzer IP. (Docs. 719-35, 719-37, 719-38, 719-51). Jason Abboud admitted that his cousin, Steven was at all times material the manager of Phazzer

IP. (Doc. 719-9, 14:14—21, 22:23—23:7). And yet, Ms. Robinson prepared Phazzer IP's federal tax return for 2015—2017, listing herself as the company's 100% owner/member. (Doc. 719-52). Still, Ms. Robinson failed to identify Steven Abboud as Phazzer IP's manager.

Ms. Robinson had a duty to conduct a reasonable inquiry as the corporate representative to determine Steven Abboud's affiliation with Phazzer IP. *Cont'l Cas. Co.*, 716 F. Supp. 2d at 1189. And Ms. Robinson lived with Steven Abboud, so all she had to do was ask Abboud if he had been a manager or officer of Phazzer IP. (*See* Doc. 719-6, 25:4—25; 719-85, ¶ 5). Ms. Robinson's failure to prepare for testimony on the 14 topics identified in the Notice of Taking Deposition, and her failure to identify Steven Abboud's role in Phazzer IP is not an innocent omission. Ms. Robinson prepared tax returns identifying her as the managing member of the LLC, when she knew this was false (Doc. 719-52, p. 8) to conceal Steven Abboud's control over that entity.

### 2.   *Bad Faith Funneling of Assets through Phazzer IP*

Taser next asserts that Ms. Robinson was complaisant in funneling assets to Leonidas, a Nevis corporation, via Phazzer IP. (Doc. 722, pp. 9—10). Exhibit A to the Notice of Taking 30(b)(6) Deposition includes these topics:

> 9.    Phazzer IP's financial information and status, including tax returns, profit and loss statements, bank and credit card statements, accounts receivable/payable, . . . owed by, *or passed through Phazzer IP.*

> 10.   All payments made by Phazzer IP intended for Steven Abboud whether paid directly to him or through any other person or entity.

(Doc. 719-85) (Emphasis added).

While Ms. Robinson facilitated wire transfers to Leonidas' Nevis bank account through Phazzer IP and executed assignments of intellectual property to Leonidas, she denied knowledge of who benefited from these transactions. (*See* Doc. 719-66 (Conversion Plan identifying Steven Abboud as sole member and 100% owner of Leonidas LLC); *see also* Doc. 719-2, 67:7–12 (Abboud admits forming Leonidas)). Ms. Robinson denied knowing who owned Leonidas and who benefited from the royalty payments from intellectual property assigned by Phazzer IP to Leonidas. (Doc. 719-59; Doc. 719-6, 77:8–79:19, 81:3–11, 60:2–24, 79:20–80:11). Ms. Robinson also denied knowing if Steven Abboud was Leonidas' original manager. (Doc. 719-6, 60:11–21; Doc. 719-7, 102:19–23). And yet Ms. Robinson notarized the Leonidas Business Plan signed by Steven Abboud as CEO (Doc. 719-44), notarized the Nevis bank application signed by Abboud as Chairman and sole owner of Leonidas, and she is listed as Phazzer Global's agent on a Trademark Licensing Agreement signed by Steven Abboud as Leonidas' manager. (Doc. 719-50). Ms. Robinson also created several emails related to Leonidas, including one attaching Leonidas' minutes signed by Steven Abboud as "Sole Owner/Manager." (Doc. 719-65).

Taser correctly notes that Robinson only admits a fact when confronted with a document, often secured via a motion to compel or third-party practice. (Doc. 722, p. 13). The Court finds that Ms. Robinson's feigned ignorance was intended to frustrate Taser's post-judgment collection efforts. This conduct alone warrants

imposing severe sanctions, including entry of default judgment against Phazzer IP
and Ms. Robinson.

### 3.    Bad Faith Bankruptcy Filings

Other evidence of Ms. Robinson and Phazzer IP's bad faith is seen in Phazzer
IP's false assertion as a creditor in Phazzer Electronics' Nebraska bankruptcy case.
Phazzer IP asserted a claim against Electronics for $22,506.31 for royalties owed
under a Trademark License Agreement. (Doc. 719-79). And yet, that sum was
transferred from Electronics to Phazzer IP before the Court entered a default
judgment in July 2017. (Doc. 719-56, p. 4; Doc. 719-55, pp. 4–5; Doc. 719-6, 129:9–
25, 130:15–17). Phazzer IP was ultimately forced to dismiss its petition with
prejudice and agree to a permanent refiling injunction. (Doc. 461-1). Taser outlines
in detail how the Nebraska filing was part of a coordinated series of bankruptcy
filings designed to delay post-judgment collection efforts by Taser. (Doc. 722, pp.
15–16 (record citations omitted here)). This conduct was perpetrated in bad faith
and resulted in unnecessary delay and expense incurred by Taser. (Docs. 376, 382,
383, 398, 400, 459, 460).

### 4.    Spoliation and Obstruction

Taser also notes that Phazzer IP and Robinson were aware of their duty to
preserve ESI (Doc. 719-6, 121:13–122:12), and failed to put safeguards in place to
ensure the preservation of devices and email accounts. (Doc. 722, p. 17). Taser
submits the duty to preserve ESI attached on October 21, 2019, at the latest, when
Taser moved for leave to implead Phazzer IP. (*Id.*). And yet, Ms. Robinson

admitted in deposition that the laptop she used for Phazzer IP business was replaced in 2021, and failed to explain why its contents were not backed up. (Doc. 719-29, Resp. #1, 2; Doc. 719-6, 122:3–10). She also admitted that the Phazzer-ip@phazzer.info email was used for business between 2019 to July 2022, but the contents of the account before October 2021 were deleted during the pendency of this case. (Doc. 719-7, 9:19–21, 10:8–25, 13:22–14:6, 15:23–25). Further, Ms. Robinson admitted she was responsible for deleting the data. (Doc. 719-7, 11:1–3, 12:16–13:3; Doc. 719-6, 203:3–8). Intentional destruction of evidence is a serious matter, but here it is merely par for the course.

## IV.    CONCLUSION

The Court finds that Defendant Phazzer IP and Ms. Robinson engaged in the above-described misconduct with the subjective intent to abuse the judicial process. *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223–24 (11th Cir. 2017) ("The key to unlocking a court's inherent power is a finding of bad faith."). The Court further finds that the severe sanction of default judgment is appropriate because less drastic sanctions will not ensure compliance with the Court's orders. *Consumer Fin. Prot. Bureau*, 69 F.4th at 1330–31.

For these reasons, it is **ORDERED AND ADJUDGED** as follows:

1.    Taser's Motion for Default and Sanctions against Phazzer IP, LLC and Diana Robinson (Doc. 722) is **GRANTED**;

2.   Default Judgment is entered in favor of Taser on its Fraudulent Transfer Claim (Doc. 659, Count 3), and judgment is awarded in the amount of $270,981.00;

3.   The Court further Orders direct avoidance and execution on all intellectual property transferred from Phazzer IP, LLC to Leonidas acquired with Phazzer Electronics' funds, including Patent No. 7,554,786 (Doc. 659, p. 27; Doc. 401-2, p. 3), and

4.   Taser is awarded its reasonable attorney's fees and costs jointly and severally against Phazzer IP, LLC and Diana Robinson in an amount to be determined.

**DONE AND ORDERED** in Orlando, Florida on January 10, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties