UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**TASER INTERNATIONAL, INC.,**

      **Plaintiff,**

v.                                       Case No: 6:16-cv-366-PGB-LHP

**PHAZZER ELECTRONICS, INC.,
STEVEN ABBOUD, PHAZZER
IP, LLC and PHAZZER GLOBAL
CORPORATION,**

      **Defendants.**
_____/

## ORDER

This cause is before the Court on Taser International, Inc.'s Motion for Sanctions Against Attorney Joelle Bordeaux and the Law Office of Joelle Bordeaux, PLLC. (Doc. 721 (the "**Motion**")). Ms. Bordeaux submitted a Response in Opposition. (Docs. 748, 749). A hearing on the Plaintiff's Motion is unnecessary, and the Motion is denied upon due consideration.

**I.    BACKGROUND**

The procedural history of the litigation between Taser and the impleaded defendants is discussed in the Court's Orders on Taser's various motions for sanctions. (Docs. 769, 771, 774). Taser International, Inc. ("**Taser**") has successfully sought sanctions against Mr. Steven Abboud, Ms. Diana Robinson, and related entities. (*Id.*). In a nutshell, sanctions were warranted because of the intentional and persistent discovery violations perpetrated by the impleaded

defendants. (*Id.*). The question presented in the instant Motion is whether Ms. Bordeaux, as counsel for impleaded defendants Steven Abboud and Phazzer Global Corporation ("**Phazzer Global**" or "**Global**") unreasonably and vexatiously—that is, exercising bad faith—multiplied the proceedings. If so, sanctions are available under 28 U.S.C. § 1927, Fed. R. Civ. P. 26(g), the Court's inherent authority, and/or Rule 11. The Court finds that Ms. Bordeaux's representation of Mr. Abboud and Phazzer Global Corp. does not warrant the imposition of sanctions.

## II.   LEGAL STANDARDS

### A.   Rule 11 Sanctions

Rule 11 sanctions are warranted: "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose."[1] *Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001). That said, Rule 11 provides that a "motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Moreover, a party seeking sanctions under the rule must serve the motion upon the offending party, but the Rule 11

---

[1] The Plaintiff's memorandum aptly summarizes the elements of the "frivolity challenge" and an attorney's duty to conduct a reasonable inquiry before filing a paper or taking a legal position. (Doc. 721, pp. 5–6). Absent from Plaintiff's Motion is a discussion of the conditions precedent to seeking relief under Rule 11.

2

motion may not be filed or presented to the Court if the challenged paper or position is withdrawn or corrected within 21 days after service. FED. R. CIV. P. 11(c)(2). Thus, the rule envisions a period within which the offending party may cure the offending conduct.

### B.     FED. R. CIV. P. 26(g)

Rule 26(g) only authorizes sanctions traceable to specific discovery abuses. *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1238–39 (11th Cir. 2007). Unlike Rule 11, it is not available when an attorney proceeds vexatiously and in bad faith with a meritless suit and is limited to specific discovery violations. *Id.* Thus, "Rule 26(g) imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of the discovery rules." *Jones v. Life Care Ctrs. of Am., Inc.*, No. 20-cv-488, 2022 WL 4389727, at *29 (M.D. Fla. Aug. 11, 2022). This duty includes an obligation to "make a *reasonable inquiry* into the factual basis of his [or her] response, request, or objection." *Id.* (emphasis added).[2]

### C.     28 U.S.C. § 1927 and the Court's Inherent Authority

Under section 1927 and the Court's inherent power counsel is liable for excessive costs when the attorney "so multiplies the proceedings in any case unreasonably and vexatiously." *Amlong*, 500 F.3d at 1239. This requires proof of two elements: first, the attorney must engage in "unreasonable and vexatious"

---

[2]  Rule 37 is a companion to Rule 26(g) in that it provides for sanctions when a party prevails on a motion to compel and the opposing party disobeys the Court's Order requiring production.

3

conduct, and second the "unreasonable and vexatious" conduct must be conduct that multiplies the proceedings. *Id.* An attorney multiplies the proceedings "unreasonably and vexatiously" when the conduct is so egregious that it is "tantamount to bad faith." *Id.* (citing *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991)); *see also Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003) ("'Bad faith' is the touchstone."). The Court must compare an attorney's conduct against that of a reasonable attorney and judge whether it was acceptable according to an objective standard. *Amlong*, 500 F.3d at 1240. That is, "attorneys' fees are imposable against an attorney personally for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Id.* The standard for imposition of sanctions against counsel is high and requires "particularly egregious" conduct. *Id.* at 1242. Negligent conduct, standing alone, will not support a finding of bad faith. *Id.*

## III. DISCUSSION

Taser's request for sanctions under Rule 11 is legally barred because Taser failed to provide Ms. Bordeaux with 21 days to cure the alleged offending conduct. Moreover, a motion for sanctions under Rule 11 "must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." *See* FED. R. CIV. P. 11(c)(2). Taser's Motion for sanctions seeks relief under Rule 11, Rule 26(g), Rule 37, § 1927, and the Court's inherent authority. (*See generally* Doc. 721). Finally, Taser fails to articulate which alleged act or omission

4

by Ms. Bordeaux falls within the scope of Rule 11. Accordingly, Taser is not entitled to relief under Rule 11.

Taser seeks sanctions based on several disparate grounds. The Court will address each in turn.

### 1. *Phazzer Global's Jurisdiction Challenge*

In October 2020, Ms. Bordeaux filed a motion to dismiss the Judgment Creditor's Complaint because the Court lacked personal jurisdiction over Phazzer Global. (Doc. 423). Ms. Bordeaux argued that Global was formed in 2015 under Nevis, conducts its business operations in Nevis, and does not manufacture in the United States. (*Id.* at p. 5). Ms. Bordeaux cites Global's declaration in support of her factual contentions. (*Id.*). Taser contends Global's business was conducted from Steven Abboud's residence in Florida and Global sold products in the United States. (Doc. 721, p. 11). Taser asserts that the "information was readily available to Bordeaux throughout the entirety of this litigation." (*Id.*). However, Taser fails to articulate a basis for its assertion that evidence establishing the Court's personal jurisdiction over Global was available to Ms. Bordeaux when she prepared the motion to dismiss in 2020. Taser points to answers to Requests for Admission ("**RFA**") dated August 23, 2023. (*Id.* at p. 11). The RFAs, and the email cited by Taser do not support its proposition. (Doc. 719-28, ## 31, 43; Doc. 719-114). While Taser does not identify the legal grounds for imposition of sanctions, the Court must assume that Taser is relying on either § 1927 or the Court's inherent authority

5

to punish bad faith, vexatious, and unreasonable conduct. Taser's allegations fall far short of that high bar.

### 2. *Global's Second Motion to Dismiss*

On March 23, 2022, the Magistrate Judge reviewed the Supplemental Complaint to ensure the Court has subject matter jurisdiction, such review being customary in this District. (Doc. 513, pp. 1–2). The Magistrate Judge concluded that "the Supplemental Complaint does not adequately address the citizenship of the remaining parties to the proceedings, *i.e.*, the impleaded Defendants Mr. Abboud, Phazzer Global, LLC, or Phazzer IP LLC." (*Id.* at pp. 3–4). And so, the Court ordered the Plaintiff to submit supplemental briefing or record evidence demonstrating that the Court has subject matter jurisdiction over the Supplemental Complaint. (*Id.* at p. 4). On the heels of this Order, Phazzer Global filed a motion to dismiss for lack of subject matter jurisdiction. (Doc. 518). The next day, the Magistrate Judge denied the motion to dismiss without prejudice pending the Plaintiff's supplemental briefing.[3] (Doc. 519).

Taser submits that Ms. Bordeaux violated Rule 11, because she did not intercede after the Magistrate Judge *sua sponte* directed the Plaintiff to supplement the records to establish subject matter jurisdiction. (Doc. 721, p. 12). And Taser claims that Global's short-lived motion to dismiss for lack of subject matter jurisdiction warrants the imposition of sanctions. (*Id.*). First, Taser failed

---

[3] The Magistrate Judge denied Global's motion to dismiss without awaiting a response by the Plaintiff due to the procedural setting. (Doc. 519). This decision was entirely proper and, as such, the Plaintiff suffered no inconvenience.

6

to comply with Rule 11 by filing a motion for sanctions without giving the Defendant the chance to cure, which one could argue merits sanctions against Taser. Secondly, Taser seems to forget that an adversarial system is not gutted by Rule 11. Plaintiff has the burden of proving subject matter jurisdiction exists, and opposing counsel is under to obligation to give the Plaintiff a boost by filling in the gaps in Plaintiff's Supplemental Complaint. Sanctions are not warranted here.

    3.    *Abboud's Counterclaims*

Taser argues that certain representations contained in the Counterclaim lacked factual basis, were untenable as a matter of law, and were filed for an improper purpose. (Doc. 721, p. 13). Taser offers a summary chart comparing two factual assertions in the Counterclaim to allegedly contrary evidence. (*Id.*). The summary chart is too cryptic to be helpful. The Court is not required to scour the record to discern the accuracy of counsel's arguments. That said, Steven Abboud brought tortious interference claims against Taser, alleging in part that Taser knew PhaZZer USA, LLC purchased dart-firing stun guns, ammunition, and accessories from him and arguing the patent infringement claims interfered with this relationship. (Doc. 546, pp. 27–28). Abboud also alleged that Taser tortiously interfered with his business relationship with PhaZZer Federal Supply, Less Lethal Safety Supply, Inc., and PhaZZer Holdings, Inc. (*Id.* at pp. 30–36).

Taser submits that Ms. Bordeaux knew that Mr. Abboud did not conduct business with these entities. (Doc. 721, p. 13). Taser points to a press release and deposition testimony for the proposition that only licensees authorized by PhaZZer

7

IP LLC can supply Phazzer products in the United States and that Less Lethal Safety Supply, Inc. and Phazzer Holdings, Inc. "never got off the ground." (*Id*.). Taser moved to dismiss and moved to strike the Counterclaims (Docs. 555, 556), and two-weeks later Taser moved to strike the counterclaims (Doc. 555).[4] Taser's motion to dismiss the counterclaims was filed a week later. (Doc. 556). The Magistrate Judge issued a Report and Recommendation advising the district court that Mr. Abboud's counterclaims were untimely and should be stricken. (Doc. 596). The undersigned adopted the Magistrate Judge's recommendation. (Doc. 636).

Taser does not articulate the grounds for its sanctions request against Ms. Bordeaux for the allegedly improper counterclaims. Rule 11 does not apply because Ms. Bordeaux was not allowed to cure the alleged defects. Rule 26(g) authorizes sanctions traceable to specific discovery abuses—not claimed here. And counsel may be liable for sanctions under § 1927 when he or she "so multiplies the proceedings in any case unreasonably and vexatiously." As discussed above, unreasonable and vexatious conduct is so egregious that it is tantamount to bad faith. *Avirgan*, 932 F.2d at 1582.

It is unclear from Taser's briefing whether Mr. Abboud's tortious interference counterclaims are frivolous simply because only authorized licensees

---

[4]  Taser argues in their motion to strike that Mr. Abboud's counterclaims are untimely because his Answer did not include any counterclaims against Taser and he failed to seek leave of Court before amending his pleading. (Doc. 555). Taser's motion to dismiss is based on its absolute immunity from Abboud's counterclaims. (Doc. 556). Neither motion identifies sanctionable conduct by Mr. Abboud or Ms. Bordeaux.

8

may sell Phazzer products in the United States. That is, Taser fails to prove that Mr. Abboud was not a licensee or, more importantly, that Ms. Bordeaux knew this when she filed the counterclaims. Similarly, the fact that Less Lethal Safety Supply, Inc. and Phazzer Holdings, Inc. never got off the ground does not mean they did not purchase products or intend to engage in business with Mr. Abboud. Finally, that Phazzer Federal Supply never sold, made, imported/exported, or offered to sell Phazzer products is not proof that Abboud did not sell products to that entity. Even if the evidence was clear that the counterclaim contained inaccuracies, Taser fell short of proving Ms. Bordeaux's drafting was the product of bad faith as opposed to negligence. For these reasons, sanctions are not warranted.

    *4.*    *Inflammatory Filings*

Taser identifies what it characterizes as inflammatory language used by Ms. Bordeaux in various pleadings. (Doc. 721, pp. 14–15). Yet, Taser fails to articulate how such language supports the imposition of sanctions. The use of inflammatory language is best resolved by a motion to strike. Sanctions are not warranted by this conduct.

    *5.*    *Ownership and Control of Phazzer Global*

Next, Taser avers that Mr. Abboud caused Global LLC to be converted to a corporation and afterward owned and controlled Global. (*Id.* at p. 15). Taser asserts that Ms. Bordeaux engaged in sanctionable conduct by taking positions in pleadings portraying Global as owned and controlled by Michelle Chang, falsely or incorrectly identifying Liposerv as Global LLC's parent corporation, and denying

9

Mr. Abboud's control over Global's records. (*Id.* at pp. 16–17). Taser offers a chart setting forth Ms. Bordeaux's allegedly false statements compared to evidence learned though protracted discovery. (*Id.*). Taser summarily concludes that "[t]his information was readily available to Bordeaux throughout this case." (*Id.* at p. 16). As Ms. Bordeaux observes in her response, Taser fails to support this premise with evidence of her knowledge. (Doc. 748, pp. 24–25). The Court agrees with Ms. Bordeaux that simply because evidence was ultimately collected during the discovery phase which contradicts the legal or factual position taken by counsel in pleadings is not evidence of bad faith. Taser has expended considerable effort to portray Mr. Abboud as conniving and dishonest. Why then does Taser assume Abboud was forthright with his counsel about his misdeeds?

      6.    *Abboud as Midlevel Manger*

Taser seeks Rule 11 sanctions against Ms. Bordeaux because she described Mr. Abboud as a midlevel manager of Electronics who lacks possession, custody, or control over discoverable information. (Doc. 721, p. 18). The request for sanctions under Rule 11 fails for two reasons. First, Taser does not cite any record evidence to show Ms. Bordeaux knew these statements to be false when made, and second, Taser failed to provide notice and a chance to cure as required by Rule 11.

      7.    *Failure to Investigate Abboud's Discovery Efforts*

Taser submits that Ms. Bordeaux failed to take affirmative steps to ensure her clients fulfilled their discovery obligations and failed to make reasonable efforts to investigate the sources of responsive information. (*Id.* at pp. 18–21). That

is, Taser claims Ms. Bordeaux was negligent. However, the imposition of sanctions is not warranted when a lawyer is less than diligent. Sanctions are warranted when counsel engages in unreasonable and vexatious conduct tantamount to bad faith.[5] Taser fails to demonstrate facts sufficient to characterize Ms. Bordeaux's conduct as tantamount to bad faith.

### 8. *Preparation of 30(b)(6) Witness*

Finally, Taser seeks sanctions—again without specifying the rule or statute justifying their imposition—because Ms. Bordeaux failed to properly prepare two corporate representatives for deposition. (Doc. 721, pp. 21–23). Taser contends that these witnesses were poorly equipped to answer questions about the company's affairs or corporate documents. (*Id.* at pp. 22–23). Ms. Bordeaux responds that she did the best she could with whom she had as the designated corporate representative. (Doc. 748, p. 25). Taser fails to offer evidence that the poor performance of Mr. Vaca and Ms. Alia Abboud was the product of Ms. Bordeaux's choice to multiply the proceedings unreasonably and vexatiously as opposed to the poor caliber of corporate representatives selected by Global or Mr. Abboud.  Accordingly, sanctions are not warranted here.

---

[5] Taser's claim that the Court "readily found Abboud's lack of possession, custody, or control claim to be unbelievable" (Doc. 597, p. 8) does not carry the day, nor was the Court's pronouncement as sweeping as Taser suggests. The Magistrate Judge's statement was limited to Mr. Abboud's response to an interrogatory, and was not a commentary on the entirety of Abboud's responses to discovery. (Doc. 597, pp. 5–8).

## IV. CONCLUSION

For these reasons, Taser International, Inc.'s Motion for Sanctions Against Attorney Joelle Bordeaux and the Law Office of Joelle Bordeaux, PLLC (Doc. 721) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on January 23, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

12