IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| TASER INTERNATIONAL, INC., n/k/a AXON ENTERPRISE, INC., a Delaware corporation,<br><br>      Judgment Creditor,<br><br>vs.<br><br>PHAZZER ELECTRONICS, INC., a Delaware corporation,<br><br>      Judgment Debtor,<br><br>and<br><br>STEVEN ABBOUD, a Florida resident; PHAZZER GLOBAL CORPORATION f/k/a PHAZZER GLOBAL LLC, a Nevis business corporation; and PHAZZER IP, LLC, a Nebraska limited liability company,<br><br>      Impleaded Defendants. | NO. 6:16-cv-00366-PGB-LHP |

**PETITION FOR FEES AND SANCTIONS
AND ENTRY OF FINAL JUDGMENT**

Plaintiff Axon Enterprise, Inc., formerly TASER International, Inc., files its Petition for Fees and Sanctions and Entry of Final Judgment pursuant to this Court's Orders as follows:

1. January 9, 2024 Order (Doc. 770) granting TASER's Motion for Partial Summary Judgment (Doc. 767) on its Count 1 Veil Piercing/Alter Ego Claim against Steven Abboud in the Second Amended Proceedings Supplemental Complaint (Doc. 659), finding Abboud personally liable for TASER's May 11, 2018 judgment (Doc. 273) against Phazzer Electronics, Inc.

2. January 17, 2024 Order (Doc. 774) granting TASER's Motion for Default and Sanctions (Doc. 719) against Steven Abboud on the Count 1 Alter Ego Claim, holding Abboud liable for the full amount of $7,869,578.74 plus all accrued interest on the underlying judgment against Phazzer Electronics, and ordering Abboud to pay TASER's "reasonable attorneys' fees and costs as a sanction" for his "bad faith conduct in an amount to be determined by the Court."

3. January 4, 2024 Order (Doc. 769) granting TASER's Motion for Default and Sanctions against Phazzer Global Corporation (Doc. 720) on the Count 2 Continuation Entity and Count 3 Fraudulent Transfer claims in the Second Amended Proceedings Supplemental Complaint (Doc. 659), finding Phazzer Global liable for the full amount of Phazzer Electronics' underlying judgment (Doc. 273) with all accrued interest thereon, plus $131,573.00 in fraudulent transfers, and reasonable attorneys' fees and costs in an amount to be determined by the Court.

4.     January 10, 2024 Order (Doc. 771) granting TASER's Motion for Default and Sanctions against Phazzer IP, LLC and Diana Robinson (Doc. 722), awarding TASER (1) $270,981.00 on its Count 3 Fraudulent Transfer claim in the Second Amended Proceedings Supplemental Complaint (Doc. 659), (2) ordering "direct avoidance and execution on all intellectual property transferred from Phazzer IP, LLC to Leonidas acquired with Phazzer Electronics' funds, including Patent No. 7,554,786," and (3) "reasonable attorneys' fees and costs jointly and severally against Phazzer IP, LLC and Diana Robinson in an amount to be determined."

By this Petition, Axon seeks its actual out-of-pocket expenses from the date of its judgment against Phazzer Electronics on May 11, 2018 through the above Orders in January 2024 resolving all claims against all impleaded defendants who obstructed and frustrated collection efforts at every turn (Petersen Dec. ¶ 5). Axon is not seeking compensation for well over a thousand hours spent by its in-house legal team, which took lead on the collections/proceedings supplemental phase of this protracted litigation to keep outside counsel fees and other costs as low as possible (*Id.*, ¶ 6). This concession is made to repel any argument that the fees and costs sought here are unreasonable in any respect.[1]

---

[1] Defendants previously paid agreed-upon reasonable hourly rates for Axon's in-house attorneys to settle the Court's Order to Show Cause (Docs. 603, 630)

3

This Petition is supported by the Court's Orders and findings detailed above, the motions and evidence upon which those Orders were based, the Declaration of Pamela B. Petersen ("Petersen Dec.") and attached Exhibits submitted herewith, and the Court's entire file in this matter.

### I.  OUTSIDE COUNSEL EXPENSE.

Axon seeks **a total of $214,784.60** in outside counsel fees and expenses incurred and paid in this matter to six different law firms between May 2018 and January 2024, each tasked with different roles in distinct time periods as specified in Ex. A.

Ryan Santurri, a partner with the Orlando-based law firm Allen Dyer Doppelt & Gilchrist, P.A., is a Florida Board Certified Intellectual Property Law Attorney who served as TASER's lead counsel in the underlying patent and trademark infringement case against Phazzer Electronics and has continued to advise Axon in a more limited local counsel role in post-judgment proceedings. Fees and expenses over the past five years total **$50,231.77** based on the hours and rates specified in Ex. A.

---

why they and attorney David Logan should not be held in contempt for causing the filing of Desotein's cancellation petition in the USPTO in violation of this Court's injunction (Doc. 183). Abboud similarly paid a prior sanction order based on reasonable hourly rates for TASER's in-house counsel (Docs. 612, 616) (*see also* Petersen Dec. ¶ 6).

Jon Oden, a partner with the Orlando-based firm of Willis & Oden with over 25 years of judgment collection experience in Florida, was retained by TASER to serve as collections counsel in this matter at a discounted rate of $300/hour. Mr. Oden took an initial lead role in obtaining post-judgment discovery from Phazzer Electronics, including conducting the Nebraska depositions of Kirk and Deirdre French and CPA Jeffrey Thacker, which provided the basis for TASER's motion for leave to implead the defendants into this action. Mr. Oden was also instrumental in drafting the motion for leave to file the initial proceedings supplemental complaint (Doc. 376). Fees and expenses from June 2018 through Mr. Oden's untimely passing total **$113,962.07** based on the hours and rate specified in Ex. A.

Joanne Flemming is a Nevis-licensed attorney with the law firm Dentons Delany with experience in corporate governance, incorporation, and dissolution. Ms. Flemming was retained by TASER to provide legal counsel and opinions on the effects of converting Phazzer Global from a Nevis limited liability company to a Nevis business corporation in direct response to the Court's questions (Doc. 649) regarding the legal effect of Phazzer Global's 2018 conversion. Ms. Flemming's declaration (Doc. 656-7) was filed in further support of TASER's motion for leave to substitute Phazzer Global Corp. as the proper party in a second amended complaint (Doc. 633), which was subsequently granted (Doc. 657). TASER seeks total fees and expenses for this

limited 2023 engagement of **$3,635** based on the hours and rate specified in Ex. A.

Grant Rogers is a Wyoming-licensed attorney with the law firm of Davis & Cannon retained by TASER as local counsel to assist with compelling subpoena compliance from Phazzer, LLC, following its motion to quash the subpoena (Doc. 490) issued in this matter and the Court's Order (Doc. 499) directing compliance in Wyoming. TASER's motion to compel, drafted by in-house counsel to reduce costs, was granted (No. 22-MC-107-SWS; Petersen Dec. ¶ 7). Axon seeks total fees and costs paid for Mr. Rogers' assistance during this limited 2022 engagement of **$2,070.26** based on the hours and rate specified in Ex. A.

Brian Sullivan is a partner with the Delaware law firm of Werb Sullivan with over 30 years of bankruptcy experience. Mr. Sullivan was retained by TASER as local counsel to assist with Phazzer Electronics' bad faith Delaware bankruptcy filing (No. 19-12281)—part of a coordinated effort to delay TASER's post-judgment collections efforts (Docs. 378, 382). TASER's in-house counsel substantially participated in drafting the motion to dismiss the Chapter 7 proceedings and argued the successful motion at the December 18, 2019 hearing to help contain costs (Doc. 390; Petersen Dec. ¶ 7). Axon seeks total fees and costs paid for Mr. Sullivan's counsel during this limited 2019-2020 engagement of **$35,951.50** based on the hours and rate specified in Ex. A.

6

David Skalka is a partner with the Omaha-based law firm Croker Huck with over 20 years of experience in bankruptcy law and creditor's rights. Mr. Skalka was retained by TASER as local counsel to assist with the bad faith Nebraska involuntary Chapter 7 bankruptcy petition (No. 21-80571) filed by Robinson on behalf of Phazzer IP against Phazzer Electronics, asserting a false creditor claim as part of a continuing effort to delay TASER's post-judgment collections efforts (Docs. 458-460). Mr. Skalka assisted in obtaining dismissal of the petition with prejudice and a permanent refiling injunction (Doc. 461), again with TASER's in-house counsel substantial participation to reduce costs (Petersen Dec. ¶ 7). Axon seeks total fees and costs paid for Mr. Skalka's counsel during this limited 2021 engagement of **$8,934** based on the hours and rate specified in Ex. A.

The hours expended and rates charged by each of the above attorneys were negotiated at or below market rates, scrutinized by Axon and adjusted for compliance with the company's legal billing guidelines, and deemed reasonable and necessary for the advancement of this litigation (Petersen Dec. ¶ 4).

## II.   OTHER PROFESSIONAL SERVICES.

Axon seeks a **total of $7,320.10** for the following additional professional services expenses incurred in this matter as detailed in Ex. B (Petersen Dec. ¶ 8).

Alaina Boersen was retained in 2023 to review and analyze 4400 pages of American Express ("AMEX") credit card statements for numerous Abboud and Phazzer-related entities and individuals in support of TASER's Motion for Partial Summary Judgment on the Abboud alter ego claim (*see* Doc. 767-14). Ms. Boersen is a certified paralegal with over 20 years of experience and a licensed private investigator in the State of Arizona. Axon seeks **$6,870.10** for fees and expenses incurred and paid to Ms. Boersen for this work product based on the hours and rate specified in Ex. B.

Richard Connor is a forensic computer analyst conducting business in Florida through his company ESI Consulting. TASER hired Mr. Connor to advise it regarding Phazzer email and database claims made by Micheal Coyne. Axon seeks a **$450** for Mr. Connor's services based on the hours and rate specified in Ex. B.

### III. DEPOSITION EXPENSE.

Axon seeks a **total of $31,073.65** for deposition expenses as detailed in Ex. C for the following court reporter, videographer, translator (Vaca), transcript, certificate of non-appearance, and private security (Abboud) costs incurred and paid in this case (Petersen Dec. ¶ 9):

```
10-04-18    Kirk French
04-25-19    Deirdre French
04-26-19    Jeffrey Thacker (CPA Sweet & Associates)
10-05-21    Michael Coyne
```

| | |
|---|---|
| 04-05-22 | Michael Coyne (Part 2) |
| 04-18-22 | Phazzer IP, LLC 30(b)(6) – Diana Robinson |
| 04-21-22 | Phazzer Global, LLC 30(b)(6) – Gustavo Vaca |
| 05-02-22 | Jason Abboud |
| 05-06-22 | Phazzer Global, LLC 30(b)(6) – Gustavo Vaca (Part 2) |
| 05-09-22 | Phazzer Global, LLC 30(b)(6) – Gustavo Vaca (Part 3) |
| 06-21-22 | Phazzer LLC 30(b)(6) – Alia Abboud |
| 07-12-22 | Phazzer IP, LLC 30(b)(6) – Diana Robinson (Part 2) |
| 07-12-22 | Diana Robinson (individual) |
| 03-24-23 | Adam Stephenson |
| 04-10-23 | Phazzer Global Corporation (no show) |
| 04-11-23 | Leonidas IP Corporation (no show) |
| 04-12-23 | Steven Abboud |
| 04-13-23 | Leonidas Research Corporation (no show) |
| 05-01-23 | David Logan |

## IV. TRAVEL EXPENSES FOR DEPOSITIONS AND HEARINGS.

Axon seeks a **total of $15,195.44** for travel expenses incurred and paid for its in-house counsel to take depositions and attend court hearings as detailed in Ex. D. All three counsel were admitted *pro hac vice* in this matter and had primary involvement and responsibility for the following matters:

**Pam Petersen - $10,719.57**

| | |
|---|---|
| 12-18-19 | Delaware Bankruptcy Hearing |
| 04-18-22 | Phazzer IP 30(b)(6) Deposition - Orlando |
| 05-02-22 | Jason Abboud Deposition - Omaha |
| 07-12-22 | Phazzer IP 30(b)(6) Deposition (cont.) Robinson Individual Deposition – Orlando |

9

    04-12-23    Abboud Deposition – Orlando

    05-16-23    In-Person Hearing Stephenson Privilege - Orlando

    11-02-23    In-Person Hearing Wintroub Appearance - Orlando

**Gaya Shanmuganatha - $2,563.30**

    05-16-23    In-Person Hearing Stephenson Privilege - Orlando

    11-02-23    In-Person Hearing Wintroub Appearance - Orlando

**Peter Brown - $1,912.57**

    04-05-22 Coyne Deposition - Jacksonville

All travel was from Arizona where Axon is headquartered. Flights were all economy fares and lodging and other expenses were within company travel policy at preferred rates where available (Petersen Dec. ¶ 10). Axon further notes that the Court's Orders for both in-person hearings in 2023 directed that lead counsel for the parties be present (Docs. 671, 758). In addition to Ms. Petersen, Ms. Shanmuganatha attended these hearing because she had been most directly involved with counsel for Mr. Stephenson on document production and disputed privilege issues, and had personal communications with Mr. Wintroub regarding his potential conflict in appearing for Phazzer Global and Phazzer IP. Counsel for Axon expressly reached out to Mr. Wintroub to confirm his personal attendance the day before traveling, but received no response (Petersen Dec. ¶ 10). Mr. Wintroub's non-appearance on defendants' behalf (Doc. 762) is therefore sanctionable in and of itself.

## V.  PROCESS SERVER AND SURVEILLANCE EXPENSE.

Axon seeks a **total of $12,684.33** for process server and surveillance fees and expenses as detailed in Ex. E. As the Court is aware, due to defendants' significant discovery obstruction, TASER was forced to subpoena and obtain documents and information primarily from third-parties, which substantially increased its costs. Service was also complicated due to the necessity of foreign service on several Phazzer and Leonidas-related entities in Nevis and Antigua with incomplete and inconsistent addresses and contact information (Petersen Dec. ¶ 11). Moreover, due to substantial service avoidance efforts, Axon was forced to hire private investigators to conduct research and surveillance on multiple vehicles and property locations to effectuate service of subpoenas and the proceedings supplemental complaint on Abboud, Robinson, and Phazzer Global (*Id.*).

## VI.  PRINTING AND SHIPPING COSTS.

Axon seeks a **total of $2,583.49** in copying and shipping costs as detailed in Ex. F (Petersen Dec. ¶ 12). These costs were incurred due to the withdrawal of defendants' counsel (Docs. 715, 717, 723) and this Court's Order (Doc. 724) directing service by mail of TASER's various motions for default and sanctions on all unrepresented defendants and attorney Bordeaux. These motions (Docs. 719-722) were supported by a substantial consolidated set of exhibits exceeding 1350 pages. Binders with copies of the sanction motions and the Abboud

11

motion for summary judgment with exhibits were also delivered to Judge Byron's chambers.

## VII. TOTAL FEE AND EXPENSE SUMMARY.

Accordingly, Axon respectfully requests that the Court award the following fees and costs jointly and severally against impleaded defendants Steven Abboud, Phazzer Global Corporation, and Phazzer IP, LLC:[2]

| | |
|---|---:|
| Outside Counsel Expense | $214,784.60 |
| Other Professional Services | $7,320.10 |
| Deposition Expense | $31,073.65 |
| Travel Expense | $15,195.44 |
| Process Server Expense | $12,684.33 |
| Copying and Shipping Expense | $2,583.49 |
| **TOTAL** | **$283,641.61** |

## VIII. INTELLECTUAL PROPERTY AVOIDANCE AND EXECUTION.

In addition to U.S. Patent No. 7,554,786, for which the Court has already directed avoidance and execution (Doc. 774) as having been acquired with Phazzer Electronics' funds and fraudulently transferred from Phazzer IP, LLC to Leonidas in anticipation of the Court's July 21, 2017 judgment/injunction, Axon requests the Court to direct avoidance and execution on Abboud's interest as alter ego of Phazzer Electronics in U.S. Patent No. 10,746,510, No.

---

[2] While the Court ordered sanctions against non-party Diana Robinson as well (Doc. 771), Axon only seeks entry of an award of fees and costs against the impleaded defendants at this time.

11,243,054, and No. 11,713,948, similarly transferred through Phazzer IP to Leonidas.

Abboud assigned his interests in these patents to Phazzer IP on July 27, 2017 (one week post-injunction), which were then immediately reassigned by Phazzer IP to Leonidas (and thus back to Abboud) for $10 on August 1, 2017 (Ex. G. at 2-12; Petersen Dec. ¶ 13). Abboud's 7-27-17 assignment transferred all of his title, ownership, and interest in any patent application or patent grant claiming the benefit of provisional application 62/446,368 (Ex. G at 4). The three related patents identified herein were subject to this assignment (*Id*. at 13 (Patent No. 10,746,510, claiming the benefit of provisional application 62/446,368); *Id*. at 14-15 (Patent No. 11,243,054, continuation of '510 Patent claiming benefit of application 62/446,368); *Id*. at 16-17 (Patent No. 11,713,948, continuation of '054 Patent claiming benefit of application 62/446,368).

Because the assignment for these patents was obtained by Phazzer IP from Phazzer Electronics' alter ego Abboud and fraudulently transferred to Leonidas within days of the Court's judgment/injunction against Phazzer Electronics, the Court should direct avoidance and execution on Patent No. 10,746,510, Patent No. 11,713,948, and Patent No. 11,243,054, in addition to Patent No. 7,554,786.

Also, on July 28, 2017 (one week post-injunction), Phazzer IP assigned three Phazzer Trademarks to Leonidas (and thus back to Abboud)—U.S.

Registration No. 4662575, No. 4181922, and No. 4002952 (Ex. H at 1-3; Petersen Dec. ¶ 14). The '952 and '922 Marks were issued to Abboud individually, assigned to Phazzer IP, and licensed exclusively to Phazzer Electronics—Abboud's alter ego—at all times prior to the 2017 judgment/injunction (Ex. H at 4-9).[3] Accordingly, Axon requests that the Court direct avoidance of Phazzer IP's transfer and Axon's execution on this intellectual property, as expressly noticed in TASER's Amended Notice to Appear served on Phazzer IP (Doc. 404-2 at 2-3). These patents and trademarks are likely the only Phazzer IP property of any value for execution to satisfy the judgment against it.

## IX.  28 U.S.C. § 1961 INTEREST CALCULATION.

Pursuant to 28 U.S.C §1961, the post-judgment interest rate is the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System. The Ex. I chart computes interest on this Court's May 11, 2018 judgment in the amount of $7,869,578.74 using the one-year constant maturity Treasury yield on a daily basis through April 8, 2024 (Petersen Dec. ¶ 15). The result is accumulated interest of $1,047,371.94 (Ex. I).

---

[3] After Abboud formed Phazzer IP, the '575 Mark was issued to Phazzer IP under Abboud's control (Ex. H at 10-11).

## X.     PROPOSED FINAL JUDGMENT.

Based on the above requests, supporting evidence, and this Court's Orders (Docs. 769-771, 774), Axon requests that the Court enter final judgment against all defendants in this matter as follows:

1.     Judgment is hereby entered in favor of Plaintiff Axon Enterprise, Inc., f/k/a TASER International, Inc., and against Defendants Steven M. Abboud, individually, and Phazzer Global Corporation, f/k/a Phazzer Global, LLC, jointly and severally, for the entirety of this Court's May 11, 2018 judgment against Phazzer Electronics, Inc. with all accumulated interest thereon in the total amount of $8,916,950.68, for which sum let execution issue.

2.     Judgment is further entered in favor of Plaintiff Axon Enterprise, Inc. and against Defendants Steven M. Abboud, Phazzer Global Corporation, and Phazzer IP, LLC, jointly and severally, for sanctions in the amount of $283,641.61, for which sum let execution issue.

3.     Judgment is further entered in favor of Plaintiff Axon Enterprise, Inc. and against Defendant Phazzer Global Corporation for avoidance of fraudulent transfers in the amount of $131,573.00, for which sum let execution issue.

4.     Judgment is further entered in favor of Plaintiff Axon Enterprise, Inc. and against Defendant Phazzer IP, LLC for avoidance of fraudulent transfers in the amount of $270,981.00, for which sum let execution issue. The

Court also directs avoidance of the following Phazzer IP, LLC assignments and execution of the same intellectual property by Axon Enterprise, Inc.:

U.S. Patent No. 7,554,786 – USPTO 504331423 (4-20-17)

U.S. Patent No. 10,746,510 – USPTO 504728971 (1-13-18)

U.S. Patent No. 11,713,948 – USPTO 507118930 (2-8-22)

U.S. Patent No. 11,243,054 – USPTO 506209774 (8-18-20)

U.S. Trademark Registration No. 4662575 – USPTO 900416206 (8-4-17)

U.S. Trademark Registration No. 4181922 – USPTO 900416206 (8-4-17)

U.S. Trademark Registration No. 4002952 – USPTO 900416206 (8-4-17)

RESPECTFULLY SUBMITTED April 11, 2024.

/s/ Pam Petersen
Pamela B. Petersen (pro hac vice)
Arizona Bar No. 011512
Gayathiri Shanmuganatha (pro hac vice)
Arizona Bar No. 030745
Jake MacKay (pro hac vice)
Alabama Bar No. 9600-P97I
AXON ENTERPRISE, INC.
17800 N. 85th Street
Scottsdale, AZ, 85255
Telephone: (623) 326-6016
Fax: (480) 905-2027
ppetersen@axon.com
gshanmuganatha@axon.com
jmackay@axon.com
legal@axon.com (secondary)

Ryan T. Santurri
Florida Bar No. 015698
ALLEN, DYER, DOPPELT, &
GILCHRIST, PA

16

        255 South Orange Avenue, Suite 1401
        PO Box 3791
        Orlando, FL 32801
        Telephone: (407) 841-2330
        Fax: (407) 841-2343
        rsanturri@allendyer.com

        *Attorneys for TASER International, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2024 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's CM/ECF system upon all counsel of record in the above-captioned case.

A copy of the foregoing was also mailed and emailed to the following:

| | |
|---|---|
| Steven Abboud<br>339 Lancaster Drive<br>Davenport, FL 33897<br>mrmasadi2@yahoo.com | Diana Robinson<br>339 Lancaster Drive<br>Davenport, FL 33897<br>malibudbr@gmail.com |

Phazzer Global Corporation
c/o Mr. Frank Evelyn, Registered Agent
Equity Management Accountancy Corp.
PO Box 872
Arthur Evelyn Building, Ste. 5
Charlestown, Nevis
emac@sisterisles.kn

Phazzer IP, LLC
c/o Ricky Robinson, Statutory Agent
14461 Hascall Street
Omaha, NE 68144

        */s/ Pam Petersen*
        Pamela B. Petersen