# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**TASER INTERNATIONAL, INC.,**

      **Plaintiff,**

v.                                 **Case No: 6:16-cv-366-PGB-LHP**

**PHAZZER ELECTRONICS, INC.,
STEVEN ABBOUD, PHAZZER
IP, LLC and PHAZZER GLOBAL
CORPORATION,**

      **Defendants.**
_____/

## ORDER

This cause comes before the Court upon the following filings:

1. Magistrate Judge Leslie Hoffman Price's Report and Recommendation on Plaintiff Taser International, Inc.'s ("**Plaintiff**") Second Renewed Petition for Fees and Sanctions and Entry of Final Judgment (Doc. 787 (the "**Report**"));[1]

2. Defendant Steven Abboud's ("**Defendant Abboud**") Objection to the Report (Doc. 788 (the "**Objection**")); and

3. Plaintiff's Response to Defendant Abboud's Objection (Doc. 789).

---

[1] As noted in the Report, the Court highlights that Phazzer Global, LLC, is now known as Defendant Phazzer Global Corporation; herein, the Court will use the same "Defendant Phazzer Global" abbreviation to reference both entities. (*See* Docs. 657, 659, 787).

Upon consideration, the Report is due to be adopted, and the Objection is due to be overruled.

## I.   BACKGROUND

The procedural and factual background as set forth in the Report is hereby adopted and made a part of this Order. (*See* Doc. 787, pp. 1–9).

## II.   LEGAL STANDARD

When a party objects to a magistrate judge's findings, the district court must "make a *de novo* determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues independent of the magistrate judge's report, as *de novo* review is essential to the constitutionality of § 636. *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512–13 (11th Cir. 1990). However, when the parties object to the findings and recommendations, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (citation omitted).

## III.   DISCUSSION

On January 8, 2025, Plaintiff filed a Motion seeking all of its fees and costs incurred from May 11, 2018 through August 2024 because Defendant Abboud has continuously obstructed and frustrated collection and discovery efforts "at every turn" in this case. (Doc. 786 (the "**Motion**"), pp. 5, 17). Plaintiff also sought entry

of final judgment directing avoidance and execution on certain patents. (*Id.* at pp. 25–26). Defendants did not respond to Plaintiff's aforementioned Motion. Ultimately, on June 26, 2025, the Magistrate Judge issued a 47-page Report recommending that Plaintiff's Motion be granted in part and denied in part.[2] (Doc. 787).

Defendant Abboud does not object to the Magistrate Judge's analysis of the attorneys' fees, costs, and expenses that Plaintiff is entitled to receive. (*See* Doc. 788). Instead, Defendant Abboud presents four broad challenges to the Court's authority to grant relief to Plaintiff: (1) Defendant Abboud argues the Court lacks subject matter jurisdiction to enter judgment against him; (2) Defendant Abboud alleges third-party alter ego claims are not permitted in proceedings supplementary; (3) Defendant Abboud claims he was not a shareholder of Phazzer Electronics, Inc., preventing the piercing of the corporate veil; and (4) Defendant Abboud asserts that the award of attorneys' fees constitutes a sanction. (*Id.* at pp. 2–6). Defendant Abboud fails to identify where the Magistrate Judge's findings of fact or law implicate the four "objections" he advances. *See Knezevich v. Ptomey*, 761 F. App'x 904, 906 (11th Cir. 2019) ("[O]bjections to a magistrate judge's recommendation and report must be 'specific' and 'clear enough to permit the

---

[2] Since Defendant Abboud never responded to Plaintiff's Motion, the Magistrate Judge could have recommended that the Motion be granted in full as unopposed. *See* Local Rule 3.01(c) ("If a party fails to timely respond [to a motion], the motion is subject to treatment as unopposed."). Instead, the Magistrate Judge conducted a thorough analysis of Plaintiff's Motion and modified the amount of compensable attorneys' fees; accordingly, the Magistrate Judge recommended that Plaintiff's Motion be denied in part.

district court to effectively review the magistrate judge's ruling.'").³ For this reason alone, Defendant Abboud's objections are rejected.⁴ *See W. Sur. Co. v. Steuerwald*, No. 16-61815-CV, 2017 WL 5248499, at *2 (S.D. Fla. Jan. 17, 2017) ("It is axiomatic that arguments not supported and properly developed are deemed waived."); *see also U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007) (noting that the court need not consider "perfunctory and underdeveloped" arguments and that such arguments are waived).

In any event, upon an independent *de novo* review of the record, the Court agrees with the analysis and conclusions set forth in the Report.

## IV.   CONCLUSION

For these reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Hoffman Price's Report and Recommendation (Doc. 787), filed on June 26, 2025, is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. Defendant Abboud's Objection (Doc. 788) is **OVERRULED**.

---

3   "Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive." *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018).

4   The Magistrate Judge's Report addresses the temporal scope of attorneys' fees and costs; fees and costs in other proceedings; the Lodestar calculation; the hourly rates sought by Plaintiff; the reasonableness of the requested hours; the total Lodestar; expenses and other professional services; and avoidance and execution of patents. (*See generally* Doc. 787). Defendant Abboud never responded to Plaintiff's Motion seeking such relief, and the Magistrate Judge correctly found that Plaintiff's request for avoidance and execution of patents was unopposed. (*Id*. at pp. 43–44). Defendant Abboud's objections are too little, too late.

3. Plaintiff's Second Renewed Petition for Fees and Sanctions and Entry of Final Judgment (Doc. 786) is **GRANTED IN PART** and **DENIED IN PART**.

4. The Clerk of Court is **DIRECTED** to enter Final Judgment in favor of Plaintiff as follows:

   A. Against Defendant Abboud and Defendant Phazzer Global, jointly and severally, for the entirety of the May 11, 2018 Judgment, in the total amount of $9,207,767.19, with post-judgment interest accruing from December 31, 2024 onward (*see* Docs. 769, 774);

   B. Against Defendant Abboud for attorneys' fees in the amount of $185,500.50, and costs and expenses in the amount of $78,836.32 for a total sanctions award of $264,336.82;

   C. Against Defendant Phazzer Global for avoidance of fraudulent transfers in the total amount of $131,573.00 (*see* Doc. 769); and

   D. Against Defendant Phazzer IP, LLC, for avoidance of fraudulent transfers in the amount of $270,981.00 (*see* Doc. 771).

3. The Court **DIRECTS** avoidance of the following four Defendant Phazzer IP, LLC, patent assignments and execution of the same by Plaintiff:

   A. U.S. Patent No. 7,554,786 – USPTO 504331423 (4-20-17);

   B. U.S. Patent No. 10,746,510 – USPTO 504728971 (1-13-18);

5

      C.    U.S. Patent No. 11,713,948 – USPTO 507118930 (2-8-22); and

      D.    U.S. Patent No. 11,243,054 – USPTO 506209774 (8-18-20) (*see* Doc. 771).

4.    Plaintiff's Second Renewed Petition for Fees and Sanctions and Entry of Final Judgment (Doc. 786) is **DENIED** in all other respects.

**DONE AND ORDERED** in Orlando, Florida on August 18, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties